IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,

V.    CIVIL ACTION NO.
3:06cv449-VPM

MASTERBRAND CABINETS, INC.

DEFENDANT.    JURY DEMAND REQUESTED

## COMPLAINT

I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202. This suit is authorized and instituted pursuant to 42 U.S.C. §2000e, Title VII of the Civil Rights Act of 1964, as amended (Title VII) and pursuant to 42 U.S.C. §1981 (§1981). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and §1981 providing for injunctive and other relief against race and gender discrimination.

2. Plaintiff timely filed her charge of gender discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act ("Exhibit A"). Plaintiff further filed her lawsuit within ninety (90)

days after receipt of her right-to-sue letter issued by the EEOC ("Exhibit B").

## II.  PARTIES

3.  Plaintiff, Kim Foreman, hereinafter "Plaintiff," is a citizen of the United States, and a resident of Opelika, Lee County, Alabama. Plaintiff was formerly employed by the Defendant.

4.  Defendant, Masterbrand Cabinets, Inc., hereinafter "Defendant," is an entity subject to suit under Title VII and §1981. Defendant employs more than 15 persons.

## III.  STATEMENT OF THE FACTS

5.  Plaintiff began working with Defendant on July 24, 2000 as an expeditor. Plaintiff's job duties consisted of re-ordering rejected materials and shipping finished cabinets to buyers.

6.  At all times during the course of Plaintiff's employment she performed her job duties in at least a competent manner.

7.  On April 13, 2005 Plaintiff arrived for her regularly scheduled shift, beginning at 7:00 a.m.

8.  Around 9:00 a.m. Plaintiff began feeling ill due to her monthly menstrual period. She went to the bathroom and discovered that her outer clothes had been visibly stained. Plaintiff immediately left work and went home to change.

9. Upon Plaintiff's arrival at home, she attempted to call her supervisor, Buddy Smith (male Caucasian), at the assembly line phone number. Plaintiff tried calling four times while she was at home changing. She was delayed returning to work because of nausea.

10. Plaintiff returned to work at 3:00 p.m. Plaintiff attempted to contact the production manager, Norm (LNU) (Caucasian male), plant manager, Anthony Zellars (male African-American) and Buddy Smith. Plaintiff was unable to speak with them and she returned to her duties.

11. At 5:00 p.m. that day Norm informed Plaintiff that she was suspended and would need to speak with Tom Darknell (Caucasian male), the Human Resources Manager, at 7:00 a.m. the next day.

12. The next day, April 14, 2005, Plaintiff met with Darnell and he informed Plaintiff that she was terminated for abandoning her job. Plaintiff explained the situation regarding her menstruation period and that she had returned. Darknell reiterated that she was terminated. Plaintiff informed Darknell that others had left their post for personal reasons or worse and he responded that he was "talking about Plaintiff, not other people."

13. Plaintiff is aware that DeWayne Nazareth (Caucasian male), walked off his post and announced he had quit, but returned the next day. Darknell only issued

Nazareth a write-up, let him retain his job, and transferred him to the Assembly Division.

14.  Plaintiff is aware that Thomas "Mike" Clack (Caucasian male) left his shift, packed up company tools, and walked off his post without informing Smith. He was returned to work. Clack was not terminated by Darknell.

## IV.  COUNT ONE -- Title VII – Race Discrimination

15.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail below.

16.  Plaintiff was treated differently than Caucasians when her employment was terminated.

17.  Other Caucasian employees of Defendant have abandoned their jobs, yet have not been terminated.

18.  DeWayne Nazareth walked off his post and announced he had quit, but returned the next day. Nazareth received a write-up, but was not terminated. Plaintiff did not receive any warnings prior to her termination.

19.  Another employee, Thomas "Mike" Clack, left his shift, packed up company tools and walked off his post without informing Smith. Clack was not terminated.

20.  As a result of Defendant's intentional discrimination, Plaintiff has been

damaged, suffering loss of pay and benefits and mental anguish.

## V. COUNT TWO – Title VII -- Gender Discrimination

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above with the same force and effect as if fully set out in specific detail below.

22. Plaintiff was singled out and treated differently because of her gender as compared to other male employees, Nazareth and Clack.

23. Defendant intentionally discriminated against Plaintiff because of her gender, female.

24. As a result of Defendant's intentional discrimination, Plaintiff has been damaged, suffering loss of pay and benefits and mental anguish.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the Plaintiff as secured by Title VII and §1981.

B. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendants' request from continuing to violate Title VII and §1981.

C.  Enter an Order requiring Defendants to make Plaintiff whole by awarding her front-pay, back pay (plus interest), compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
(205) 252-1550 - Office
(205) 252-1556 - Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Masterbrand Cabinets, Inc.
c/o CSC Lawyers Incorporating Svc, Inc.
Agent for Service of Process
150 S Perry Street
Montgomery, AL 36104