UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:06-cv-449-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, MasterBrand Cabinets, Inc., ("MBCI"), by counsel, responds to Plaintiff's Complaint as follows:

**I.   JURISDICTION**

**COMPLAINT PARAGRAH NO. 1:**   The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202. This suit is authorized and instituted pursuant to 42 U.S.C. §2000(e), Title VII of the Civil Rights Act of 1964, as amended (Title VII) and pursuant to 42 U.S.C. §1981 (§1981). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and §1981 providing for injunctive and other relief against race and gender discrimination.

**ANSWER:**   MBCI admits the Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202. MBCI admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. §2000(e), Title VII of the Civil Rights Act of 1964, as amended (Title VII) and pursuant to 42 U.S.C. §1981 (§1981), but MBCI denies that its conduct with respect to Plaintiff's employment violated either of these acts, denies that it is liable to Plaintiff in any way, and denies any remaining allegations in Paragraph 1.

**COMPLAINT PARAGRAH NO. 2:**   Plaintiff timely filed her charge of gender discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of

the last discriminatory act ("Exhibit A"). Plaintiff further filed her lawsuit within ninety (90) days after receipt of her right-to-sue letter issued by the EEOC ("Exhibit B").

**ANSWER:** MBCI admits that Plaintiff filed this lawsuit within ninety 90 days after the date on the Notice Of Right To Sue attached as Exhibit B to her Complaint. MBCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies them.

## II. PARTIES

**COMPLAINT PARAGRAH NO. 3:** Plaintiff, Kim Foreman, hereinafter "Plaintiff," is a citizen of the United States, and resident of Opelika, Lee County, Alabama. Plaintiff was formerly employed by the Defendant.

**ANSWER:** MBCI is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations concerning her citizenship and residency and, therefore, denies them. MBCI admits that Plaintiff was formally employed by MBCI.

**COMPLAINT PARAGRAH NO. 4:** Defendant, Masterbrand Cabinets, Inc., hereinafter "Defendant," is an entity subject to suit under Title VII and §1981. Defendant employs more than 15 persons.

**ANSWER:** MBCI admits that it employees more than 15 persons. The remaining allegations in Paragraph 4 are a legal conclusion to which no answer is required.

## III. STATEMENT OF THE FACTS

**COMPLAINT PARAGRAH NO. 5:** Plaintiff began working with Defendant on July 24, 2000 as an expeditor. Plaintiff's job duties consisted of re-ordering rejected materials and shipping finished cabinets to buyers.

**ANSWER:** MBCI admits the allegations in Paragraph 5.

**COMPLAINT PARAGRAH NO. 6:** At all times during the course of Plaintiff's employment she performed her job duties in at least a competent manner.

-2-

**ANSWER:** MBCI denies the allegations in Paragraph 6.

**COMPLAINT PARAGRAH NO. 7:** On April 13, 2005 Plaintiff arrived for her regularly scheduled shift, beginning at 7:00 a.m.

**ANSWER:** MBCI denies the allegations in Paragraph 7. Answering further, MBCI states that Plaintiff's last regularly scheduled shift was on April 12, 2005.

**COMPLAINT PARAGRAH NO. 8:** Around 9:00 a.m., Plaintiff began feeling ill due to her monthly menstrual period. She went to the bathroom and discovered that her outer clothes had been visibly stained. Plaintiff immediately left work and went home to change.

**ANSWER:** MBCI admits that Plaintiff clocked out from work on April 12, 2005, at 8:54 a.m. MBCI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies them.

**COMPLAINT PARAGRAH NO. 9:** Upon Plaintiff's arrival at home, she attempted to call her supervisor, Buddy Smith (male, Caucasian), at the assembly line phone number. Plaintiff tried calling four times while she was at home changing. She was delayed returning to work because of nausea.

**ANSWER:** MBCI admits that Buddy Smith was one of Plaintiff's supervisors and that he is male and Caucasian. MBCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies them. Answering further, MBCI states that Plaintiff failed to call the receptionist during her absence from work to report the alleged emergency that required her to leave the plant.

**COMPLAINT PARAGRAH NO. 10:** Plaintiff returned to work at 3:00 p.m. Plaintiff attempted to contact the production manager, Norm (LNU) (Caucasian male), plant manager, Anthony Zellars (male African-American) and Buddy Smith. Plaintiff was unable to speak with them and she returned to her duties.

**ANSWER:** MBCI admits that Plaintiff clocked back in to work at 3:36 p.m. on April 12, 2005, that Norm Krogh is male and Caucasian, and that Anthony Zellars is male and African-

-4-

American. MBCI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

**COMPLAINT PARAGRAH NO. 11:** At 5:00 p.m. that day Norm informed Plaintiff that she was suspended and would need to speak with Tom Darknell (Caucasian male), the Human Resources manager, at 7:00 a.m. the next day.

**ANSWER:** MBCI admits that on April 12, 2005, Plaintiff was informed that she was suspended and should report to Human Resources the next morning; that Tom Barthel is Manager, Human Resources, and that Mr. Barthel is male and Caucasian. MBCI is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 11 and, therefore, denies them.

**COMPLAINT PARAGRAH NO. 12:** The next day, April 14, 2005, Plaintiff met with Darnell and he informed Plaintiff that she was terminated for abandoning her job. Plaintiff explained the situation regarding her menstruation period and that she had returned. Darknell reiterated that she was terminated. Plaintiff informed Darknell that others had left their post for personal reasons or worse and he responded that he was "talking about Plaintiff, not other people."

**ANSWER:** MBCI denies the allegations in Paragraph 12. Answering further, MBCI states that on April 13, 2005, Plaintiff met with Mr. Barthel, that they discussed her absence from work the previous day, including the alleged situation regarding her menstruation period, and that Plaintiff was terminated by Mr. Barthel for abandoning her job.

**COMPLAINT PARAGRAH NO. 13:** Plaintiff is aware that DeWayne Nazareth (Caucasian male), walked off his post and announced he had quit, but returned the next day. Darknell only issued Nazareth a write-up, let him retain his job, and transferred him to the Assembly Division.

**ANSWER:**  MBCI is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning Plaintiff's awareness.  MBCI denies any remaining allegations in Paragraph 13.

**COMPLAINT PARAGRAH NO. 14:**  Plaintiff is aware that Thomas "Mike" Clack (Caucasian male) left his shift, packed up company tools, and walked off his post without informing Smith.  He was returned to work.  Clack was not terminated by Darknell.

**ANSWER:**  MBCI is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning Plaintiff's awareness.  MBCI denies any remaining allegations in Paragraph 14.

### IV.   COUNT ONE -- Title VII - Race Discrimination

**COMPLAINT PARAGRAH NO. 15:**  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail below.

**ANSWER:**  MBCI restates and incorporates by reference its answers above to paragraphs 1 through 14 of Plaintiff's Complaint with the same force and effect as if fully set out in specific detail below.

**COMPLAINT PARAGRAH NO. 16:**  Plaintiff was treated differently than Caucasians when her employment was terminated.

**ANSWER:**  MBCI denies the allegations in Paragraph 16.

**COMPLAINT PARAGRAH NO. 17:**  Other Caucasian employees of Defendant have abandoned their jobs, yet have not been terminated.

**ANSWER:**  MBCI denies the allegations in Paragraph 17.

**COMPLAINT PARAGRAH NO. 18:**  DeWayne Nazareth walked off his post and announced he had quit, but returned the next day.  Nazareth received a write-up, but was not terminated.  Plaintiff did not receive any warnings prior to her termination.

    **ANSWER:**    MBCI denies the allegations in Paragraph 18.

    **COMPLAINT PARAGRAH NO. 19:**    Another employee, Thomas "Mike" Clack, left his shift, packed up company tools and walked off his post without informing Smith. Clack was not terminated.

    **ANSWER:**    MBCI denies the allegations in Paragraph 19.

    **COMPLAINT PARAGRAH NO. 20:**    As a result of Defendant's intentional discrimination, Plaintiff has been damaged, suffering loss of pay and benefits and mental anguish.

    **ANSWER:**    MBCI denies the allegations in Paragraph 20.

**V.    COUNT TWO - Title VII -- Gender Discrimination**

    **COMPLAINT PARAGRAH NO. 21:**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above with the same force and effect as if fully set out in specific detail below.

    **ANSWER:**    MBCI restates and incorporates by reference its answers above to paragraphs 1 through 20 of Plaintiff's Complaint with the same force and effect as if fully set out in specific detail below.

    **COMPLAINT PARAGRAH NO. 22:**    Plaintiff was singled out and treated differently because of her gender as compared to other male employees, Nazareth and Clack.

    **ANSWER:**    MBCI denies the allegations in Paragraph 22.

    **COMPLAINT PARAGRAH NO. 23:**    Defendant intentionally discriminated against Plaintiff because of her gender, female.

    **ANSWER:**    MBCI denies the allegations in Paragraph 23.

    **COMPLAINT PARAGRAH NO. 24:**    As a result of Defendant's intentional discrimination, Plaintiff has been damaged, suffering loss of pay and benefits and mental anguish.

**ANSWER:** MBCI denies the allegations in Paragraph 24.

### ADDITIONAL DEFENSES

1. Any and all actions taken by MBCI relating to Plaintiff's employment and the termination of her employment were taken for, and based upon, legitimate non-discriminatory reasons and were in good faith, without any malice and without any intent to injure or harm her, and therefore, were not in violation of any law.

2. One or more counts of the Complaint fail to state a claim upon which relief can be granted.

3. Plaintiff received treatment that was equal to, or more favorable than, treatment received by similarly situated employees.

4. MBCI has no liability for damages caused by Plaintiff's failure to mitigate.

5. Plaintiff's alleged damages are subject to offset by amounts that she earned since April 12, 2005.

6. To the extent that Plaintiff is seeking such relief, the Complaint fails to state a claim for punitive damages.

7. To the extent that Plaintiff's Title VII claims are outside the scope of her EEOC charge, the Court is without jurisdiction over those claims, and those claims are barred by Plaintiff's failure to pursue and exhaust administrative remedies.

8. To the extent that Plaintiff's Title VII claims are based on events that occurred more than 300 days before Plaintiff filed a Charge of Discrimination, the Court is without jurisdiction over those claims, and those claims are barred by Plaintiff's failure to pursue and exhaust administrative remedies.

-8-

MBCI respectfully reserves the right to add, alter, and/or amend its list of defenses and affirmative defenses during the course of discovery.

WHEREFORE, MBCI prays that Plaintiff take nothing by her Complaint, that the Court enter judgment against Plaintiff and in favor of MBCI, and that the Court award to MBCI its costs in this action and all other just and proper relief.

BDDB01 4452987v2

-9-

Respectfully submitted,

MASTERBRAND CABINETS, INC.


By:   s/ Christopher C. Murray
    Mark J. Romaniuk, (IN Bar #15255-49)
    Christopher C. Murray (IL 6275571)
    BAKER & DANIELS LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana 46204-1782
    Telephone: (317) 237-0300
    Facsimile:  (317) 237-1000
    mark.romaniuk@bakerd.com
    christopher.murray@bakerd.com

    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David R. Arendall
>Allen D. Arnold
>ARENDALL & ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama  35203
>dra@arendalllaw.com, ras@arendalllaw.com
>ada@arendalllaw.com

>Respectfully submitted,

>     s/ Christopher C. Murray

Christopher C. Murray (IL 6275571)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

BDDB01 4452987v2