## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                          CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LIST

COMES NOW the Plaintiff, by and through undersigned counsel, and objects to Defendant's proposed witnesses and exhibits as follows:

**I.    Witnesses**

1.    Plaintiff objects to Defendant calling the witnesses Eugene Murray and Michael Winder. Defendant failed to disclose Mr. Murray or Mr. Winder in its Initial Disclosures. Defendant failed to disclose the names of these individuals in its Interrogatory Answers or Responses to Request for Production. Defendant supplemented this material with relevant emails sent by Anthony Zellars, Dot Humphries, and Norm Krogh to Eugene Murray. Mr. Winder also submitted an email to Mr. Murray regarding some sort of investigation following notice of the Plaintiff's EEOC Charge.

Plaintiff objects to Mr. Murray as he does not appear to have any personal knowledge of the facts that are relevant to Plaintiff's claims or Defendant's affirmative defenses. Mr. Murray's only involvement appears to be the receipt of emails from witnesses that Defendant appears to be producing as witnesses for trial.

Plaintiff objects to Mr. Winder as he does not appear to have any personal knowledge of the facts that are relevant to Plaintiff's claims or Defendant's affirmative defenses. Mr. Winder's potential testimony only appears to be able to come in the form of inadmissible hearsay from co-workers of the Plaintiff who are not even properly listed witnesses.

2.      Plaintiff objects to Defendant possibly calling the witnesses Ronald A. Flowers and Jim C. Rosalez. Defendant failed to disclose Mr. Flowers or Mr. Rosalez in its Initial Disclosures. Mr. Rosalez's appear solely as a person receiving an email from an H.R. Specialist. His potential testimony only appears to cover an irrelevant conversation of inadmissible hearsay between one of Defendant's H.R. Specialists and the Plaintiff. The inadmissible hearsay appears to be an alleged conversation between Plaintiff and another employee that occurred following Plaintiff's termination. The time period following Plaintiff's termination is not relevant as there is no "failure to re-hire" claim before the Court. Mr.

Rosalez should be excluded pursuant to Federal Rule of Evidence 401, 402, 403, 801, and under 803 as there is no admissible hearsay exception.

Mr. Flowers's name does not appear to have any relationship to any document produced in the course of discovery. Mr. Flowers does not appear to Plaintiff has no ability to know what topics these individuals could testify to on Defendant's behalf. Plaintiff objects to Mr. Flowers as it appears he can have no relevant information pursuant to Federal Rule of Evidence 401, 402, and 403 and was not disclosed as a potential witness during the course of discovery. Mr. Flowers should be excluded from testifying at trial.

## II.    Exhibits

3.    Plaintiff objects to the written email statements of Anthony Zellars, Dot Humphries, Norm Krogh, and Michael Winder that Defendant it expects to introduce, listed as exhibits I., J., K., and L. Defendant anticipates having all of these witnesses at trial to testify. Plaintiff is not waiving her objections to Mr. Winder not testifying. These statements are recorded recollections that contain inadmissible hearsay pursuant to Federal Rule of Evidence 803(5). Defendant's proposed exhibits can be admitted as an exhibit at trial only in the event Plaintiff, the adverse party, offers these items to the Court.

4.    Plaintiff objects to Defendant's Exhibit U. which Defendant expects to introduce to the jury. This exhibit is Plaintiff's First Answers to First Set of

Interrogatories And Responses To Requests for Production of Documents from Defendant to Plaintiff in this action. The document contains legal objections that could possibly confuse the jury as to whether or not items are relevant to the claims and defenses of this trial. Plaintiff objects to the introduction of this exhibit pursuant to Rule 401, 402, and 403.

5.      Plaintiff objects to the written company documentation signed by the Plaintiff that Defendant may introduce, listed as exhibits A., B., E., and F. These are routine "policy acknowledgment" forms that are not relevant to any material fact to any claim or defense and should not be admitted pursuant to Federal Rule of Evidence 401, 402, and 403. Plaintiff began her employment with Defendant under its prior ownership of Schrock Cabinet Company. Defendant appears to have changed policies as there are new signed acknowledgements in Plaintiff's personnel file from MBCI, listed as Exhibits C. and D. The documents from Schrock Cabinet company will waste the Court's and the jury's time in reviewing the evidence and create confusion regarding what facts are important to the claims at hand.

6.      Plaintiff objects to the written company documentation signed by the Plaintiff that Defendant may introduce Exhibit H. This email/statement is a recorded recollection that contains inadmissible hearsay pursuant to Federal Rule of Evidence 803(5). Defendant's proposed exhibits can be admitted as an exhibit

at trial only in the event Plaintiff, the adverse party, offers these items. The author of this exhibit is not even listed as a witness in this case. The document should not be admitted as it cannot be authenticated pursuant to Federal Rule of Evidence 901 or 902.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to preclude the testimony of witnesses or admission of exhibits as described herein above.

Respectfully submitted,

/s/ Allen D. Arnold

_____

Allen D. Arnold
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mark J. Romaniuk, Esq.
Christopher C. Murray, Esq.

/s/ Allen D. Arnold

_____

Of Counsel