UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:06-cv-449-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS

Defendant, MasterBrand Cabinets, Inc. ("MasterBrand"), by counsel,

respectfully submits the following proposed jury instructions.

<u>Proposed Jury Instruction No. 1</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished and the lawyers have made their closing arguments, you will go to the jury room and begin your discussions – what we call your deliberations.

A jury trial has, in effect, two judges. I am one of the judges; the other judge is the jury. My duty is to preside over the trial and to decide what evidence is proper for your consideration. My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Your duty will be to decide whether the plaintiff, Kim Foreman, has proved by a preponderance of the evidence the specific facts necessary to find the defendant, MasterBrand Cabinets, Inc. liable on the claims asserted. I will give you more instructions about the specific claims in a minute.

As I have already indicated, you must make your decision only on the basis of the testimony and other evidence presented here during the trial. You must not be influenced in any way by either sympathy or prejudice, for or against either party.

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–your sworn duty is to follow all of the rules of law as I explain them to you.

Remember that anything the lawyers say is not evidence in the case. Your own recollection and interpretation of the evidence controls. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. Your duty is to apply the law as I explain it to you, regardless of whether you like the law or its consequences.

Your duty also is to base your verdict solely upon the evidence, without prejudice or sympathy for or against anyone. You made that promise and took that oath before being accepted by the parties as jurors, and they have the right to expect nothing less.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 1 and 2.2, as modified

Taken From Judge Bowdre's Standard Civil Jury Instructions from the Northern District of Alabama

Proposed Jury Instruction No. 2

You are to perform your duty in deciding this case without bias, sympathy, or prejudice for or against either side.  Our system of law does not permit jurors to be governed by bias, sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, and follow the law as stated in these instructions, regardless of the consequences.

This case should be considered and decided by you as an action between parties of equal standing in the community and of equal worth.  The defendant in this case is a private corporation.  A private corporation is entitled to the same fair trial as an individual.  The law does not favor one party over another.  All parties, including private corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Given _____

Refused _____

Given as Modified _____

*See generally* Eleventh Circuit Pattern Jury Instruction No. 2.2.

<u>Proposed Jury Instruction No. 3</u>

The evidence from which you are to decide the facts consist of:

1.    the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

2.    the exhibits that have been received into evidence; and

3.    any facts to which all the attorneys have agreed or stipulated.  A stipulation is an agreement between both sides that certain facts are true.

Given _____

Refused _____

Given as Modified _____


<u>9th Circuit Pattern Instruction No. 12.02, portions omitted, as modified.</u>

<u>Proposed Jury Instruction No. 4</u>

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  The purpose of the arguments is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Finally, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Given _____

Refused _____

Given as Modified _____

<u>Fed. Civil Jury Instructions of the 7th Circuit, No. 1.06, as modified.</u>

*See also* Eleventh Circuit Pattern Jury Instruction No. 2.2, Fed. R. Evid. 614; Connell v. Sears, Roebuck & Co., 559 F. Supp. 229 (N.D. Ala.), Aff'd in part, Modified in part, Vacated in part, 722 F.2d 1542 (Fed. Cir. 1983); Stoutmire v. Strickland, 599 F. Supp. 314, 318 (N.D. Ill. 1984) (witness credibility is for jury); American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350 (Fed. Cir.), cert. denied, 469 U.S. 821, 105 S. Ct. 95 (1984); Henn v. National Geographic Soc'y, 819 F.2d 824, 831 (7th Cir.), cert. denied, 484 U.S. 964, 108 S. Ct. 454 (1987).

<u>Proposed Jury Instruction No. 5</u>

As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. I was there, I saw it, this is what happened. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. If someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes no distinction between the weight you may give to either direct or circumstantial evidence, or to the reasonable inferences you draw from direct or circumstantial evidence.


Given _____

Refused _____

Given as Modified _____


*See* <u>Eleventh Circuit Pattern Jury Instruction No. 2.2</u>; <u>Fed. Civil Jury Instructions of the 7th Circuit, No. 1.12</u>.

<u>Proposed Jury Instruction No. 6</u>

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of this case or a related case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things about which he or she testified?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

Given _____

Refused _____

Given as Modified _____

<u>Eleventh Circuit Pattern Jury Instruction No. 3</u>

Defendant's Proposed Jury Instruction No. 7

You should also ask yourself whether evidence was offered tending to prove that a witness testified falsely concerning some important fact; or, whether evidence was offered that at some other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that consideration may depend on whether the misstatement relates to an important fact or with only an unimportant detail.

Whether such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine. You can also decide whether to believe the earlier testimony given under oath, or the testimony given in this trial, or you can disregard both.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 4.1, as modified.

11

Proposed Jury Instruction No. 8

In this case it is the responsibility of the Plaintiff, Ms. Foreman, to prove every essential element of each of her claims against the Defendant, MasterBrand, by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" means an amount of evidence that is enough to persuade you that Ms. Foreman's claim is more likely true than not true.  To put it differently, the term preponderance of the evidence means the greater weight of evidence.  If you were to put Ms. Foreman's evidence and MasterBrand's evidence on opposite sides of the scale, Ms. Foreman's evidence must make the scale tip to her side before you can find in her favor.  If Ms. Foreman fails to meet this burden or even if the scale is balanced, the verdict must be for MasterBrand.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential element of Ms. Foreman's claim by a preponderance of the evidence, you should find for MasterBrand with regard to that claim.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 6.2, as modified.

<u>Proposed Jury Instruction No. 9</u>

      If you decide for MasterBrand on the question of liability, then you should not consider the question of damages.


Given _____

Refused _____

Given as Modified _____


<u>Fed. Civil Jury Instructions of the 7th Circuit, No. 1.31</u>, as modified.

Proposed Jury Instruction No. 10

In this case Ms. Foreman makes claims under federal laws that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race and/or sex.

More specifically, Ms. Foreman claims that she was discharged from her employment with MasterBrand because of her race and/or because of her sex.

MasterBrand denies that Ms. Foreman was discriminated against in any way.  MasterBrand asserts that Ms. Foreman was discharged because she admittedly left her job and MasterBrand's facility without telling any member of management and was missing from work for an extended period of time.

In order to prevail on her claim, Ms. Foreman must prove the following fact by a preponderance of the evidence:

> That Ms. Foreman's race and/or sex was a substantial or motivating factor that prompted MasterBrand to take that action.

In the verdict form I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues as well as other issues in the case.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race and/or sex. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own

15

judgment for that of MasterBrand even though you personally may not favor the action taken and would have acted differently under the circumstances. The law also does not require an employer to extend any special or favorable treatment to employees because of their race and/or sex.

It is not necessary for Ms. Foreman to prove that her race and/or sex was the sole or exclusive reason for MasterBrand's decision. However, to prevail, Ms. Foreman must prove that race and/or sex was a determinative consideration that made a difference in MasterBrand's decision.

If you find in the Ms. Foreman's favor with respect to these facts that she must prove, you must then decide whether MasterBrand has shown by a preponderance of the evidence that Ms. Foreman would have been dismissed for other reasons even in the absence of consideration of her race and/or sex. If you find that Ms. Foreman would have been dismissed for reasons apart from her race and/or sex, then you will make that finding in your verdict.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 1.2.1, as modified.

<u>Proposed Jury Instruction No. 11</u>

A plaintiff's belief that she was treated unfairly, in and of itself, is insufficient to prove race and/or sex discrimination.

Given _____

Refused _____

Given as Modified _____

<u>Faulkner v. Super Valu Stores, Inc.</u>, 3 F.3d 1419, 1426 n.4 (10th Cir. 1993).

<u>Proposed Jury Instruction No. 12</u>

If you find that Ms. Foreman has proved her claim against MasterBrand, then you must determine what amount of damages, if any, Ms. Foreman is entitled to recover.

Ms. Foreman must prove her damages by a preponderance of the evidence.

If you find that Ms. Foreman has failed to prove her claim, then you will not consider the question of damages.

Given _____

Refused _____

Given as Modified _____

<u>Fed. Civil Jury Instructions of the 7th Circuit, No. 3.09</u>, as modified.

<u>Proposed Jury Instruction No. 13</u>

You may award compensatory damages only for injuries that Ms. Foreman has proved by a preponderance of the evidence were caused by unlawful conduct on the part of MasterBrand.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should consider the following types of compensatory damages, and no others:

(a)    Lost wages and benefits to the date of trial; and

(b)    The mental/emotional pain and suffering that Ms. Foreman has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Ms. Foreman for the injury she has sustained, if any.


Given _____

Refused _____

Given as Modified _____

<u>Fed. Civil Jury Instructions of the 7th Circuit, No. 3.10</u>, as modified.  *See also*

*U.S.E.E.O.C. v. W&O Inc.*, 213 F.3d 600, 618 (11th Cir. 2000); *Rutstein v. Avis Rent-A-*

*Car Sys., Inc.*, 211 F.3d 1228, 1239 (11th Cir. 2000); *Wilson v. S & L Acquisition Co., L.P.*, 940 F.2d 1429, 1438 n.20 (11th Cir. 1991); S*pivak v. Coulter Electronics, Inc.* 686 F.Supp. 897, (S.D. Fla. 1988).

Proposed Jury Instruction No. 14

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Ms. Foreman failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Ms. Foreman's damages by the amount that could have been reasonably realized if Ms. Foreman had taken advantage of such opportunity.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 1.2.1, as modified.

<u>Proposed Jury Instruction No. 15</u>

In some cases punitive damages may be awarded for the purpose of punishing the defendant for wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Ms. Foreman and then further find from a preponderance of the evidence (1) that a higher management official of MasterBrand personally acted with malice or reckless indifference to Ms. Foreman's right not to be discriminated against on the basis of race and/or sex, and (2) that MasterBrand itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

Given _____

Refused _____

Given as Modified _____

<u>Eleventh Circuit Pattern Jury Instruction No. 1.2.1, as modified</u>

Proposed Jury Instruction No. 16

In all actions for damages, it is the duty of the Court to instruct the jury as to the proper measure of damages. Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Ms. Foreman should, or should not, prevail in this case. Instructions as to the measure of damages are given for your guidance, to be used only in the event that you should find in favor of Ms. Foreman by a preponderance of the evidence in this case in accordance with the other instructions.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 7.1, as modified.

Proposed Jury Instruction No. 17

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Given _____

Refused _____

Given as Modified _____

Eleventh Circuit Pattern Jury Instruction No. 8, as modified.

Respectfully submitted,

s/ Christopher C. Murray
Mark J. Romaniuk (admitted pro hac vice)
Christopher C. Murray (admitted pro hac vice)
BAKER & DANIELS, LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Facsimile: (317) 237-1000

Attorneys for Defendant,
MasterBrand Cabinets, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2007, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

David R. Arendall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama  35203

s/Christopher C. Murray
Christopher C. Murray (admitted pro hac vice)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
christopher.murray@bakerd.com

BDDB01 4852217v2