IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                    CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.

DEFENDANT.

## PLAINTIFF'S MOTION IN LIMINE

**I.    Defendant has waived all affirmative defenses.**

This Honorable Court held a Pre-Trial Hearing on July 18, 2007. Defendant's Counsel prepared the majority of the Pre-Trial Order and its position statement. Federal Rule of Civil Procedure 16(e) states "after any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of action unless modified by subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice."

This Honorable Court has the burden "to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial." *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997). The Eleventh Circuit will "put steel behind the terms of pretrial orders and hold parties to them. We held in

1

*Hodges v. United States*, 597 F.2d 1014, 1017 (5th Cir. 1979), that a defendant can waive a potential defense by failing to ensure that the issue is clearly preserved in the pretrial order." *Id*. Defendant has not listed any affirmative defenses in its pre-trial position statement and therefore has waived its affirmative defenses for purposes of trial.

Defendant's contention that Plaintiff is not entitled to any relief under Title VII or § 1981 is not sufficient notice to support any affirmative defense. Therefore, Plaintiff requests this Honorable Court preclude Defendant's witnesses, counsel, and any other person from giving presentation of testimony and/or documentary evidence, regarding any potential affirmative defense as such presentation of evidence is no longer relevant and a waste of the Court's time. (See Fed. R. Evid. 401, 402, and 403).

## II.   Discovery Material Produced Outside of the Court's Order

This Honorable Court issued its Scheduling Order on August 2, 2006. The Court ordered that "all discovery shall be completed on or before May 15, 2007…" Following the close of discovery, Defendant produced to the Plaintiff's counsel Supplemental Responses and documents on August 2, 2007. Defendant produced these materials pursuant to a Rule 37 letter that was never answered during the discovery period. These documents include emails (Bates Labels MBCI 0554-0557), subpoenaed court records regarding Plaintiff's irrelevant conviction (Bates

Labels MBCI 0558-0567), and pay records from Plaintiff's alleged replacement in Defendant's workplace (Bates Labels MBCI 0568-0730).

These discovery materials were produced outside of the permissible discovery period and some of the materials appear to be incomplete. The emails obviously are a part of a larger section of correspondence. Plaintiff has not received any of the preceding or subsequent emails that relate to the documents that are produced. The produced documents are self-serving and the other related unproduced documents are withheld under a claim of attorney/client and work product privilege. Due to discovery being closed, Plaintiff was not allowed to challenge this production with a 30(b)(6) deposition.

Plaintiff has addressed the need to preclude the convictions documents in the above-referenced section. The pay records of Plaintiff's alleged replacement are not relevant and an attempt to minimize Defendant's potential financial exposure in this case. The payroll documents of the alleged replacement were produced only after the undersigned and Defendant's counsel met for the face-to-face settlement conference made part of the Court's Scheduling Order. Plaintiff's calculated damages proposed at the confidential settlement conference were obviously much higher than Defendant anticipated and Defendant now wishes to produce documents after the close of discovery in an effort to minimize exposure. Furthermore, these documents are incomplete and do not go show information

through the date of trial.

In its supplemental Interrogatory Answers that were signed and served after the discovery deadline, Defendant has attempted to provide handpicked, self-serving comparative evidence of individuals it claims it treated the same or worse. Defense counsel offered the undersigned further opportunity to conduct discovery of the Defendant's internal materials at its company offices, to which the undersigned initially accepted and then reconsidered, as such activity would violate the Court's Scheduling Order. Plaintiff moves this Honorable Court to preclude the Defendant from offering any materials produced outside the applicable discovery period as set out in the Court's Order.

### III.   Previous Misdemeanor Conviction

Plaintiff moves to preclude Defendant, its witnesses, counsel, or any other agent, document or exhibit presenting testimony or evidence of her previous misdemeanor conviction. Pursuant to Federal Rule of Evidence 609, Plaintiff's conviction should not be admitted as evidence to the jury. Plaintiff has a previous conviction for Theft of Property in the 3rd Degree pursuant to Alabama Code § 13A-8-5. O May 18, 2001, the municipal court sentenced Plaintiff to pay a $500 fine. Theft of Property in the 3rd Degree is a Class A Misdemeanor that is punishable by not more than one year in jail. (See Ala. Code § 13A-5-7). Plaintiff's conviction was not punishable by death or imprisonment in excess of

one year. Plaintiff's conviction is not admissible under F.R.E. 609(a)(1).

Plaintiff's conviction should not be admitted under F.R.E. 609(a)(2). The statute is as follows:

> (a) The theft of property which does not exceed five hundred dollars ($500) in value and which is not taken from the person of another constitutes theft of property in the third degree.

The language of the statute does not involve an expression of dishonesty. Theft of property is generally defined in Alabama Code § 13A-8-2. The Code defines theft under§ 13A-8-2(1) as "Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his or her property." The definition is more akin to the statute of Plaintiff's conviction than Alabama Code § 13A-8-2(2) which defines theft as "knowingly obtains by deception control over the property of another…" The legislature appears to have intended to state that theft versus theft with intended dishonesty or deception differently.

Plaintiff refers this Court to *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998), in which a district court was not in error in excluding a shoplifting violation. The Tenth Circuit noted that the Conference Rules Committee Report found that crimes such as "perjury or subordination of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify

5

truthfully," allowed for the district court's preclusion of the shoplifting violation. The undersigned notes this case is not controlling, but the rationale is well reasoned and prevents the jury from considering impeachment material that is not relevant to the claims or defenses in this trial.

Plaintiff moves to preclude Defendant, its witnesses, counsel, or any other agent, document or exhibit presenting testimony or evidence of her previous misdemeanor conviction under Federal Rules of Evidence 401, 402, 403, and 609 as the conviction is not relevant to any claim or defense before this Court.

Respectfully submitted,

/s/ Allen D. Arnold
_____
Allen D. Arnold
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office;
205.252.1556 - Facsimile

**6**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Mark J. Romaniuk, Esq.
    Christopher C. Murray, Esq.

                                          /s/ Allen D. Arnold
                                          _____
                                          Of Counsel