## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

**KIM FOREMAN,**

**PLAINTIFF,**                **CIVIL ACTION NO. 3:06cv00449 (MHT)**

**V.**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**


### PLAINTIFF'S COURT'S INSTRUCTIONS TO THE JURY

COMES NOW the Plaintiff, by and through undersigned counsel, and proposes the following instructions for the jury trial in the above captioned civil action:


Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.


See Eleventh Circuit Pattern Jury Instructions (2005).

**Consideration Of The Evidence**
**Duty to Follow Instructions**
**Corporation Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - -that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 2.2

## Credibility Of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 3

**Impeachment Of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.


See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 4.1

**Burden Of Proof**
**When There Are Multiple Claims Or**
**When Both Plaintiff And Defendant Or**
**Third Parties Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 6.2

**Title VII - Civil Rights Act**
**Race And/Or Sex Discrimination**
**Discharge/Failure To Promote**
**Including "Same Decision" Defense**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's sex or gender.

More specifically, the Plaintiff claims that she was discharged from employment by the Defendant because of the Plaintiff's sex or gender. The Defendant denies that the Plaintiff was discriminated against in any way and asserts that [describe the Defendant's theory of defense or affirmative defenses, if any].

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:      That the Plaintiff was discharged from
            Employment by the Defendant; and

Second:     That the Plaintiff's sex or gender
            was a substantial or motivating factor that
            prompted the Defendant to take that
            action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's sex

or gender.  So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees because of their race and/or sex or gender.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's sex or gender was the sole or exclusive reason for the Defendant's decision.  It is sufficient if the Plaintiff proves that sex or gender was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiff's sex or gender. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's sex or gender, then you will make that finding in your verdict.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    Net lost wages and benefits to the date of trial;

    (b)    Emotional pain and mental anguish;

    (c)    Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing

policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

See Eleventh Circuit Pattern Jury Instructions: Federal Claims Instructions § 1.2.1

**Civil Rights Act**
**42 USC § 1981**
**Race Discrimination In Employment**
**Discharge/Failure To Promote**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, the Plaintiff claims that she] was discharged from employment by the Defendant because of the Plaintiff's race.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that [describe the Defendant's theory of defense or affirmative defenses, if any].

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Plaintiff was discharged from
              Employment by the Defendant; and

Second:       That the Plaintiff's race was a substantial
              or motivating factor that prompted the
              Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.

So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons apart from the Plaintiff's race. If you find that the Plaintiff would have been dismissed for reasons apart from race, then your verdict should be for the Defendant.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)     Net lost wages and benefits to the date of trial;

      (b)     Emotional pain and mental anguish.

      (c)     Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing

policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

See Eleventh Circuit Pattern Jury Instructions: Federal Claims Instructions § 1.3.1

**Pretext**

An employer's violation of its own procedures can be evidence of pretext.


See *Bass v. Bd. of County Comm'rs, Orange County*, Fla., 256 F.3d 1095, 1108 (11th Cir. 2001). *See also Rudin v. Lincoln Land Community Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal procedures can constitute evidence of pretext.").

**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 7.1

**Punitive Damages**
**In General**

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions it took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

See Eleventh Circuit Pattern Jury Instructions: Supplemental Damages Instructions § 2.1

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

See Eleventh Circuit Pattern Jury Instructions: Basic Instructions § 8

## SPECIAL INTERROGATORIES
## TO THE JURY

**Do you find from a preponderance of the evidence:**

1.    That the Plaintiff was discharged from employment by the Defendant?

Answer: Yes ____X_____or No _____

Note: If you answered No to Question No. 1 you need not answer the remaining questions.

2.    That the Plaintiff's  sex or gender was a substantial or motivating factor that prompted the Defendant to take that action?

Answer: Yes _____ or No _____

3.    That the Plaintiff's  race was a substantial or motivating factor that prompted the Defendant to take that action?

Answer: Yes _____ or No _____

If you answered No to Question No. 2 <u>AND</u> Question No. 3 you need not answer the remaining question.
If you answered Yes to Question No. 2 <u>OR</u> Question No. 3 or both continue to Question No. 4.

4.    That the Defendant failed to prove that Plaintiff would have been discharged from employment for other reasons even in the absence of consideration of the Plaintiff's race and/or sex or gender?

Answer: Yes _____ or No _____

Note: If you answered Yes to Question No. 4, you need not answer the remaining questions.

5.      That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Answer: Yes _____ or No _____

If your answer is Yes, in what amount?  $_____

6.      That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

Answer: Yes _____ or No _____

If your answer is Yes, in what amount?  $_____

7(a).   That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

Answer: Yes _____ or No _____

(b)     If your answer to 6(a) is Yes, do you further find that the Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer: Yes _____ or No _____

(c)     If your answers are Yes, to both 6(a) and (b), what amount of punitive damages, if any, should be assessed against the Defendant?
        $ _____

SO SAY WE ALL.

_____
Foreperson

DATED: _____

See Eleventh Circuit Pattern Jury Instructions: Federal Claims Instructions §§ 1.2.1, 1.3.1 (combined & modified for purposes of race and/or gender claims).

Respectfully submitted,

/s/ Allen D. Arnold

_____

Allen D. Arnold


OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 - Facsimile


## <u>CERTIFICATE OF SERVICE</u>

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 22, 2007, which will forward a copy to:

Mark J. Romaniuk
Christopher C. Murray


/s/ Allen D. Arnold

_____

Of Counsel