UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:06-cv-449-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S MOTION IN LIMINE</u>

Pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, the Defendant, MasterBrand Cabinets, Inc., ("MBCI"), respectfully moves the Court to enter an order in limine precluding the Plaintiff, Kim Foreman ("Foreman") from making any reference in her opening or closing statements and from offering any evidence in the form of statements, arguments, questions, testimony, writings, or documents regarding:

1.    Information concerning MBCI and its holding company, Fortune Brands, Inc., as well as the geographic location of MBCI's legal counsel;

2.    Testimony about whether the general fairness of MBCI's decision to terminate Ms. Foreman's employment under the circumstances that she has alleged;

3.    Information regarding alleged comparators who were not similarly situated to Ms. Foreman as a matter of law;

4.    Information regarding alleged incidents and conduct that Ms. Forman did not personally observe.

As explained below, such evidence is inadmissible, has no relevance to the present action, would be prejudicial to MBCI, and would confuse the jurors, and furthermore, such the review of such evidence at trial would constitute a waste of this Court's time.[1]

## I. <u>Introduction</u>

Plaintiff Kim Forman has brought this action alleging that MBCI's termination of her employment on April 13, 2005, was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and in violation of 42 U.S.C. § 1981. Specifically, she alleges that her termination resulted from discrimination on the basis of her race and/or sex. (*See* Compl. ¶¶ 16 & 22.)

Ms. Foreman was employed as an Assembler in the Assembly Department at MBCI's Auburn facility. Ms. Foreman's primary duty was expediting parts for cabinetry. An expediter locates and obtains replacement parts for missing or damaged components so that cabinet assembly can be completed and the cabinets can be shipped as a complete kitchen. The expediting function involves identifying the part or component that needs to be repaired or replaced and working with the other departments in the production cycle to obtain the item so that a cabinet may be fully assembled and

---

[1]    Under the Court's Order of August 2, 2006, motions in limine are to be filed on or before two weeks prior to the trial date. MBCI's counsel noted in updating its pleading file that MBCI had inadvertently omitted filing such a motion yesterday. MBCI regrets this one-day delay and respectfully requests that the Court consider its various requests for preclusion now in the interests of avoiding addressing these evidentiary issues at trial.

2

sent to the Shipping Department.  Since MBCI builds a kitchen at a time, the expeditor position is important in fulfilling MBCI's commitment to ship kitchens complete and on time.

Ms. Foreman's employment with MBCI was terminated on April 13, 2005. Ms. Foreman's employment was terminated when it was determined that on the previous work day she had abandoned her job duties and responsibilities for an extended period of time and was absent from the Auburn facility without notice and without informing any representative of management.

On April 12, 2005, Ms. Foreman punched in for her shift at 7:00 a.m.  Less than two hours later at 8:54 a.m., she walked off the job and punched out.  Ms. Foreman did not advise her team leader, Mr. Buddy Smith, prior to leaving work.  Ms. Foreman also did not advise or seek to advise any member of MBCI's management team that she was leaving her job assignment and leaving the Auburn facility.

More than six hours later, at 3:36 p.m., Ms. Foreman returned to the facility and clocked back in to work.  After Ms. Foreman reappeared, the Plant Manager, Norm Krogh, informed her that she would need to report to Human Resources on the morning of April 13, 2005.  Ms. Foreman was also placed on suspension pending the outcome of MBCI's investigation of her extended, unauthorized absence from her job and the facility.

The next morning, on April 13, 2005, Ms. Foreman met with the Human Resources Manager, Tom Barthel.  Ms. Foreman admitted that the day before, she had left her job and the facility without informing her supervisor and that she had been missing from the facility for the better part of the workday.  Mr. Barthel then informed

Plaintiff that her employment was terminated because she had left the plant without notifying any member of management, was gone without any valid reason for an excessive amount of time, had a handbook and had reviewed the appropriate policies at the time of her hire, and should have been aware of the consequences of her action.

MBCI's good faith termination of Ms. Foreman's employment was the result of Ms. Foreman's admittedly leaving her position and the MBCI facility without advising any member of management.  Additionally, she was missing from work for an extended period of time.  MBCI did not terminate Ms. Foreman's employment based on her race or sex.

Only relevant evidence is admissible.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Under Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  However, the Court may exclude relevant evidence under Fed. R. Evid. 403.  "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Decisions regarding the admissibility, relevancy and probative value of evidence are vested in the discretion of the district courts.  *See United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006).

## II.  Evidence To Be Excluded

**A.**    **Information Concerning MasterBrand Cabinets, Inc. And Its Holding Company, Fortune Brands, Inc., As Well As The Geographic Location Of MBCI's Legal Counsel.**

Ms. Foreman should be precluded from referring in opening or closing statements and from offering any evidence in the form of statements, arguments, questions, testimony, writings, or documents relating to the identity of and affiliation of MBCI and Fortune Brands, Inc.  Specifically, such information would include financial information about MBCI and Fortune Brands, Inc. as well as information about the overall size and the geographical location of these companies.  This prohibition would also include any reference regarding the geographical location of the office of MBCI's counsel.  Such information bears no relevance to the issue of whether management at MBCI's Auburn, Alabama plant violated the law with respect to Ms. Foreman.  Moreover, such information could be highly prejudicial to the jury.  Accordingly, MBCI respectfully moves the Court to prohibit references, testimony, and evidence regarding these subjects at trial.

**B.**    **Testimony About The General Fairness And Appropriateness Of MBCI's Decision To Terminate Ms. Foreman's Employment Under The Circumstances That She Has Alleged.**

Ms. Foreman has conceded in her Complaint that she left her job on the morning of April 12, 2005, and was absent from work for an extended amount of time without telling any supervisor.  (Compl. ¶¶ 7 – 10.)  She has further alleged that the reason for her extended disappearance from work was the onset of her "monthly menstrual period."  (Compl. ¶8.)

Ms. Foreman should be prohibited from offering evidence challenging the general fairness or appropriateness of MBCI's decision to terminate her employment under the circumstances that she alleges. Testimony in this case as to whether MBCI's decision to terminate Ms. Foreman's employment was generally right, correct, or fair would not be relevant to the claim at issue in this case: whether MBCI terminated Ms. Foreman's employment involved discrimination on the basis of race and/or sex. Rather, such testimony would simply invite the jury to second-guess MBCI's business judgment regarding its personnel decisions.

It is well-settled in the Eleventh Circuit that the job of the Court and jury in this context is not to second-guess the employer's business judgment but rather to assess whether the evidence shows the employer was unlawfully motivated by the protected activity to take an adverse action:

> We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law. We are not in the business of adjudging whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.

*Wascura v. City of South Miami*, 257 F.3d 1238, 1247, 1248 (11th Cir. 2001) (emphasis added) (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ; *see also Rowell v. Bellsouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005) ("It is by now axiomatic that we cannot second-guess the business decisions of an employer.").

Accordingly, evidence or argument that the personnel decision to terminate Ms. Foreman's employment may have been perceived by Ms. Foreman (or others) as

unfair under the alleged circumstances – irrespective of whether that decision involved unlawful discrimination – is not relevant to the subject matter of this case.  Furthermore, evidence challenging MBCI's business judgment as a general matter in deciding to terminate Ms. Foreman's employment under the circumstances that Ms. Foreman has claimed – irrespective of whether MBCI's decision involved unlawful discrimination – would also confuse the jury as to what decisions are actually unlawful under Title VII or §1981.  Such evidence would present a significant danger of unfair prejudice to MBCI because the jury might, out of confusion, seek to hold MBCI liable for a personnel decision that it disagreed with as a general matter regardless of whether the decision was motivated by unlawful discriminatory animus.  Accordingly, such evidence should also be excluded under Federal Rule of Evidence 401, 402, and 403.

C.    **Information Regarding Alleged Comparators Who Were Not Similarly Situated To Ms. Foreman As A Matter Of Law.**

Plaintiff apparently intends to offer evidence relating to the conduct and discipline of Thomas Clack and DuWayne Nazworth.  (*See* Complt. ¶¶18, 19, & 23.)  This evidence is irrelevant because neither Mr. Clack nor Mr. DuWayne is a legally cognizable comparator to Ms. Foreman.   To make out a prima facie case of discrimination, a plaintiff must identify an employee outside her protected class who was treated differently despite engaging in "nearly identical" conduct. *Burke-Fowler v. Orange County, Fla*., 447 F.3d 1319, 1323 (11th Cir. 2006) (in determining whether employees are similarly situated with respect to workplace discipline, the Court of Appeals has stated that it "require[s] that the quantity and quality of the comparator's

misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges").   Here, neither Mr. Clack nor Mr. Nazworth engaged in conduct what was even remotely "identical" to that which led to Ms. Foreman's termination.   Neither Mr. Clack nor Mr. Nazworth left his job and the Auburn facility shortly after the beginning of his shift without informing any member of MBCI management and remained inexplicably absent throughout his shift for over six-and-a-half hours before reappearing at work.   Because neither Mr. Clack nor Mr. Nazworth is a legally cognizable comparator for purposes of Ms. Foreman's discrimination claims, evidence concerning them is irrelevant to the subject matter of this action and should be precluded under Rules 401 and 402 of the Federal Rules of Evidence.   Furthermore, MBCI respectfully requests that the Court preclude any of Ms. Foreman's witnesses, her counsel, and/or any other person from presenting testimony and/or argument that MBCI's decision to terminate Ms. Foreman's employment should be viewed as presumptively discriminatory because Ms. Foreman cannot produce any nearly identical comparator of a different race and/or sex, that is, any other employee who left his or her job and the Auburn facility without informing any member of management and was gone for over six-and-a-half hours before reappearing at work.

D.    **Information Regarding Alleged Incidents And Conduct That Ms. Forman Did Not Personally Observe.**

Additionally, MBCI also has reason to believe Ms. Foreman may attempt to offer evidence regarding opinions that are not based on personal knowledge in violation of the Federal Rules of Evidence.   As noted above, Ms. Foreman has identified two

employees in her Complaint and listed them on her witness list – Thomas Clack and DuWayne Nazworth – whom she evidently intends to claim were similarly situated to her, but about whose conduct she cannot have personal knowledge.  Ms. Foreman was not the supervisor of either Mr. Clack or Mr. Nazworth, and she has not produced any evidence that she was involved in the investigation of their conduct at work or involved in the decision-making process that led to the discipline they received.

It is axiomatic that the Federal Rules of Evidence and underlying case law prohibit a lay witness from testifying as to any matters outside his or her personal knowledge.  Fed. R. Evid. 602, 701; *KW Plastics v. United States Can Co.*, 131 F.Supp. 2d 1265, 1272 (M.D. Ala. 2001); *Maddox v. Cash Loans of Huntsville II*, 21 F. Supp. 2d 1336, 1339 (N.D. Ala. 1998) (excluding witness testimony  there was no evidence that the witness had personal knowledge of the subject of his testimony); *HomeBingo Network v. Chayevsky*, 428 F. Supp. 2d 1232, 1238 (S.D. Ala. 2006) (non-expert witness testimony may not be considered unless it is based on the witness's personal knowledge); *Elizarras v. Bank of El Paso*, 631 F.2d 366, 373-74 (5th Cir. 1980) (Rule 602 prevents a witness from testifying to the subject matter of a hearsay statement, as such testimony would not be based on personal knowledge.); *see, e.g., Bogle v. Orange County Bd. of County Comm'ners*, 162 F.3d 653, 658-59 (11th Cir. 1998) (testimony from Plaintiff's coworkers alleging that other employees committed rule violations similar to Plaintiff but were not disciplined created no issue of fact; coworkers had no personal knowledge of such events or of the disciplinary histories of other employees).

Courts have interpreted the personal knowledge requirement as mandating (1) that the witness "perceived with his senses the matters on which his opinion is based," and (2) that there is a "rational connection between the witness' opinion and his perceptions." *KW Plastics,* 131 F.Supp. 2d at 1272 (quoting 29 Charles Alan Wright, Victor James Gold, Federal Practice and Procedure § 6254 at 126 (1977)). Personal knowledge does not include mere speculation or statements of belief. *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (Information and belief is not equal to personal knowledge.); *Anthony Distributors, Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1580 (M.D. Fla. 1996) (Speculative expressions of belief or opinion not based on personal knowledge are insufficient to meet the standard of admissibility under Rules 602 and 701.); *Labadi v. Gemini Air Cargo, Inc.*, 350 F. Supp. 2d 1002, 1012-13 (S.D. Fla. 2004) (excluding plaintiff's self-serving speculation on a motion for summary judgment because his statements were not based on personal knowledge); *see also, e.g., Johnson v. Scotty's Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (Statement of employee of defendant as to defendant's motivation for termination of plaintiff excluded on summary judgment; statement was not based on personal knowledge.). Moreover, hearsay is not personal knowledge. *United States v. That Certain Real Property Located at 632-636 Ninth Ave Calera, Ala.*, 798 F. Supp. 1540, 1555 (N.D. Ala. 1992); *see, e.g. Bozeman v. Orum*, 199 F. Supp. 2d 1216, 1224 (M.D. Ala. 2002) (excluding from consideration on summary judgment testimony that was either hearsay or was not based on the witnesses' personal knowledge).

Ms. Foreman's opinions regarding Mr. Clack's and Mr. Nazworth's conduct and the discipline they received cannot be based on Ms. Foreman's personal knowledge.  Accordingly, MBCI respectfully requests that the Court prohibit Ms. Foreman or any other witness who lacks personal knowledge from presenting testimony as to MBCI's investigation of and discipline of Mr. Clack and Mr. Nazworth for their workplace conduct.  For the same reason, MBCI also respectfully requests that the Court prohibit any other witness from presenting testimony that is not based on personal knowledge as to MBCI's decision to terminate Ms. Foreman's employment.  Admission of such evidence would violate Federal Rules of Evidence 602 and 701.

WHEREFORE, MasterBrand Cabinets, Inc. respectfully requests that its Motion in Limine be granted on all points and for all other appropriate relief.

Respectfully submitted,
BAKER & DANIELS LLP

By:  ____s/ Christopher C. Murray_____
    Mark J. Romaniuk, (IN Bar #15255-49)
    Christopher C. Murray (IN Bar #26221-49)
    (both admitted *pro hac vice*)

300 North Meridian Street, Suite 2700    Attorneys for MasterBrand Cabinets, Inc.
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2007, the foregoing was filed electronically.

Notice of this filing will be sent to the following counsel of record by operation of the

Court's electronic filing system.

David R. Arendall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama  35203
              s/ Christopher C. Murray_____
              Christopher C. Murray

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

BDDB01 4861478v1