IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                    CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

PLAINTIFF'S AMENDED OBJECTIONS
TO DEFENDANT'S WITNESS AND EXHIBIT LIST

COMES NOW the Plaintiff and submits its amended objections to Defendant's Witness and Exhibit List.

I.    Witnesses

1.    Plaintiff objects to Defendant's calling the witness Dot Humphries as a person Defendant expects to call during this trial. Ms. Humphries's testimony will likely be based on a statement (MBCI-0555) that Plaintiff has already objected to in its initial submission. The statement is an email between Ms. Humphries and the previously objected to witnesses Eugene Murray and Michael Winder. Ms. Humphries email states as follows:

> "On the date of the termination I was in the Human Resource office concerning another issue in my department when Tom ask that I come in his office. Tom was already on the way with the termination

> of Kim, where she was sitting I had to look around to see her face to know who it was. All I could understand was that she had left the plant without letting anyone know.
>
> ***Sorry I can't help with this issue more in depth."***

Ms. Humphries does not appear to have relevant personal knowledge of the termination decision. Her testimony will unnecessarily prolong the trial. Ms. Humphries testimony should be excluded as it is not relevant to the claims or defenses at issue in this case pursuant to Federal Rule of Evidence 401, 402, 403, and 602.

## II.   Exhibits

2. Plaintiff objects to Defendant's Exhibit D that it expects to introduce at trial. This Exhibit is a letter authored by Tom Barthel and sent to the Alabama Department of Industrial Relations regarding Plaintiff's unemployment compensation benefits. The Eleventh Circuit has stated that "unemployment compensation benefits received from a state fund, even if supported by a tax on employers, may not be deducted from a Title VII backpay award." *Brown v. A.J. Gerrard Manufacturing Co.*, 715, 1549, 1550 (11th Cir. 1983) (followed by *Dominguez v. Tom James Co.*, 113 F.3d 1188, 1190-91 (11th Cir. 1997). Defendant should be precluded from introducing this exhibit as could influence the

jury into potentially calculating a set off of unemployment in any potential damages award.[1]

3.   Plaintiff objects to Defendant's Exhibit E. Defendant expects to introduce at trial this document of an investigation call report completed by a Mr. Jim Rosalez that is dated May 18, 2005 (MBCI-0140). Plaintiff has already objected to Rosalez being called as a witness in this trial in its original submission. Plaintiff has also objected to Defendant's Exhibit H. that it may introduce at trial between Rosalez and an H.R. Specialist. Defendant's "will introduce" Exhibit E is inadmissible pursuant to Federal Rule of Evidence 803(5). This document is a recorded recollection and only Plaintiff may introduce this document as an exhibit for the jury's consideration.

4.   Plaintiff objects to Defendant's Exhibit H. Defendant expects to introduce Plaintiff's EEOC Charge at trial. This charge is an administrative prerequisite prior to filing the suit. (See *Plaisance v. Travelers Ins*. Co., 880 F. Supp. 798, 806 (N.D. Ga. 1994) (citing *East v. Romine, Inc.,* 518 F.2d 332, 335 (5th Cir. 1975)). Defendant admitted jurisdiction and a portion of administrative prerequisites in this case in its Answer to Plaintiff's Complaint. (See Doc. No. 9: Defendant's Answer, ¶ 1-2). As noted in her Motion in Limine, Defendant has

---

[1] Defendant has not submitted an exhibit for any subpoenaed materials from the Alabama Department of Industrial Relations and does not anticipate the introduction of ADIR documents at trial.

appeared to abandoned its affirmative defenses including that the discriminatory acts made the basis of her complaint occurred outside the statutory period of 300 days.[2] (See Doc. No. 9: Additional Defenses No. 8). The use of this exhibit does not prevent Defendant from using it for impeachment. Plaintiff objects to the introduction of this Exhibit as Defendant has not argued that the statutory period is a question of fact for the jury to consider. Plaintiff requests this Court Exclude Defendant's Exhibit H. as it is not relevant pursuant to Federal Rule of Evidence 401 and 402; and the document will unnecessarily lengthen the trial pursuant to Federal Rule of Evidence 403.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to preclude the testimony of witnesses or admission of exhibits as described herein above.

Respectfully submitted,

/s/ Allen D. Arnold

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

---

[2] Plaintiff's counsel notes that the 180 day statutory period is utilized in the State of Alabama.

## CERTIFICATE OF SERVICE

    I have filed the foregoing with the Clerk of the Court using the CM/ECF system on August 24, 2007, which will forward a copy to:

Mark J. Romaniuk
Christopher C. Murray

                                      /s/ Allen D. Arnold
                                      _____
                                      Of Counsel