IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**KIM FOREMAN,**

**PLAINTIFF,**                    **CIVIL ACTION NO. 3:06cv00449 (MHT)**

**V.**

**MASTERBRAND CABINETS, INC.**

**DEFENDANT.**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

COMES NOW the Plaintiff, by and through undersigned counsel and submit this Response to Defendant's Motion in Limine:

**A.    Information Regarding Defendant's Holding Company, Geographic Location and Geographic Location of Defendant's Counsel.**

**1.  Defendant's Financial Worth**

Defendant's financial worth, or its holding company's financial worth, are relevant information necessary for the jury's consideration at trial. Plaintiff has sought punitive damages in this case and the Defendant's financial worth is information that a jury should consider in rendering a judgment with punitive damages. Defendant's motion in regard to evidence of its financial worth is due to be denied.

## 2. Geographic Location of Defendant's Holding Company & Counsel

Plaintiff's counsel should be able to inquire of the venire's potential relationship with MasterBrand, FortuneBrand, or any previous relationship or representation with the firm of Baker & Daniels. As far as the geographic location of Defendant's Holding Company or its legal counsel is concerned, while certainly not a primary theme of the case, it is not inadmissible or prohibited as shown by the fact that Defendant has cited no case law to support this portion of its Motion. Defendant chose to avail itself of the laws and protections provided by the State of Alabama. Furthermore, Defendant chose its counsel knowing that this trial would be conducted in the Middle District of Alabama.

Defendant could easily have chosen local counsel to either handle this matter, or to sit at trial; but chose neither. Plaintiff certainly ha a right to inquire if anybody in the venire has ever been employed or had a relationship with Defendant or its holding company. Plaintiff certainly has a right to inquire if anybody in the venire during voir dire has ever heard of or used this law firm for any purpose. The Court, nor either's party's counsel, can put "the cat back in the bag" regarding the issue of Defendant's holding company or defense counsel's location. Some inadvertent reference by counsel of either party may make to Defendant's holding company or defense counsel's physical location would not be

unfair to Masterbrand or it would not have chosen to do business in the State of Alabama or use out of state counsel.

Defendant's request of silence on this point in this Motion implies that it has very little respect for the ability of the venire to make a decision based on the evidence, as opposed to whether the Defendant's holding company and/or defense counsel has ties to areas outside the southeastern United States. The State of Alabama is obviously highly regarded by several out-of-state and foreign places of business such as Honda, Hyundai, Mercedes, and U.S. Steel. Defendant's unrealistic concern may have been true in the latter part of the 19th Century, but it is hardly true in Alabama today. Defendant's motion in regard to its geographic location of itself or its counsel is due to be denied.

B.   **"Fairness"**

Defendant's counsel will have the opportunity at trial to object to any question that is inconsistent with the Federal Rules of Evidence. The Court will rule on that objection prior to the witness answering the question. To the extent that Defendant believe it has a valid objection during the trial to a question propounded to a witness by Plaintiff's counsel on any subject, Defendant will make such an objection and receive a ruling from the Court. Defendant's Motion in Limine on this subject is due to be denied.

C.   **"Similarly Situated"**

Defendant is attempting to argue its Rule 50 motion prior to the empanelling of a jury or hearing the sworn testimony of any witness.  Defendant is asking this Court to not allow any evidence at trial that contradicts Defendant's version of the facts.  Defendant is requesting that this Court should make a decision regarding the comparative evidence and its application to *Burke-Fowler* at the incorrect time.  Defendant failed to submit a Rule 56 motion and should not be allowed to file such a motion without any evidence before the Court in this motion in limine.  Defendant's Motion in Limine regarding comparative evidence is due to be denied.

D.   **Information Regarding Conduct that Plaintiff allegedly did not observe**

Defendant's wishes to exclude evidence it "has reason to believe" Plaintiff may testify too during her direct examination.  Plaintiff reasserts her argument in Section B. above.  Defendant will have an opportunity to object during Plaintiff's testimony and to cross-examine following the direct examination.  Defendant's Motion in Limine is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Honorable Court deny Defendant's Motion in Limine.

        Respectfully submitted,

        /s/ David R. Arendall
        _____

        David R. Arendall
        Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office; 205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Mark J. Romaniuk, Esq.
    Christopher C. Murray, Esq.

        /s/ David R. Arendall
        _____
        Of Counsel