UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:06-cv-449-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LIST AND TO PLAINTIFF'S AMENDED OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LIST

Pursuant to this Court's Orders dated August 23, 2007 and August 30, 2007, Defendant, MasterBrand Cabinets, Inc. ("MBCI"), respectfully submits this brief in opposition to Plaintiff Kim Foreman's ("Plaintiff's") Objections To Defendant's Witness And Exhibit List (Doc. No. 35) (hereafter, "Objections") and to Plaintiff's Amended Objections To Defendant's Witness And Exhibit List (Doc. No. 48) (hereafter, "Amended Objections").  In her Objections and Amended Objections, Plaintiff seeks the exclusion of five MBCI witnesses (Eugene Murray, Michael Winder, Ronald A. Flowers, Jim C. Rosalez, and Dot Humphries) and a number of MBCI exhibits as identified in MBCI's disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure ("Rule 26 (a)(3)") (Doc. No. 26.).   Plaintiff's objections are without merit and should be dismissed.

**Background**

Plaintiff's objections primarily raise issues that were addressed and resolved through the discovery process. Plaintiff propounded written discovery and MBCI served its responses to Plaintiff's interrogatories and requests for production of documents. At that time, MBCI produced over five hundred pages of documents to Plaintiff. (Bates numbered MBCI-0001 through MBCI-0553.) Among these documents was a report drafted by Jim Rosalez. (MBCI-0140.) Mr. Rosalez had spoken with Plaintiff shortly after the termination of her employment when she called MBCI's Human Resources hotline to inquire about her termination. During that conversation, Plaintiff made certain admissions relating to her termination that were then documented by Mr. Rosalez in a routine report completed for such calls. (*See* Exh. A.)[1]

Plaintiff raised certain objections to MBCI's discovery responses and asked MBCI to supplement its responses in various respects. One of the discovery issues involved whether MBCI had an obligation to provide documents relating to its internal investigation. MBCI asserted that its investigation file was protected as work-product and under the attorney-client privilege. In a good faith effort to resolve and compromise a discovery dispute, MBCI ultimately agreed to produce individual witness statements contained in its investigation file that did not contain protected and/or privileged material

---

[1] This document is MBCI's "Investigation Call Report" dated May 18, 2005 for Plaintiff's call to MBCI's human resources hotline. According to the report:

> "Employee claims she was terminated on 04/12/05 for leaving her work location . . . . Asked Ms. Foreman if she had notified anyone she was leaving. She said no. Said she was embarrassed because she had soiled her pants and didn't want anyone to know."

Exh. A ("MBCI Investigation Call Report" completed by Jim Rosalez and dated May 18, 2005. (MBCI-0140)).

(*See* Exh. B.) These documents are (1) an email from Anthony Zellars to Eugene Murray dated June 30, 2005 (MBCI-0554), (2) an email from Dottie Humphries to Eugene Murray and Michael Winder dated June 28, 2005 (MBCI-0555), (3) an email from Norm Krogh to Eugene Murray dated June 30, 2005 (MBCI-0556), and (4) an email from Michael Winder to Eugene Murray dated June 30, 2005 (MBCI-0557). Notably, Plaintiff concedes in her Objections that these emails are "relevant". (See Pl.'s Objections at 1.) These documents were obtained by Mr. Murray at the direction of legal counsel. Until these documents were produced, MBCI had not anticipated that Mr. Murray or Mr. Winder would be potential witnesses at trial.

## Discussion

I. **Plaintiff Has Failed To Establish Any Ground For Excluding MBCI's Witnesses**

   A. **Plaintiff Has Failed To Show That Exclusion Would Be Appropriate Under Rule 37(c)**

   Plaintiff moves to exclude the testimony of Mr. Murray, Mr. Winder, Mr. Flowers and Mr. Rosalez on the ground that these witnesses were not included in MBCI's initial Rule 26 disclosures served on August 30, 2006. Apparently Plaintiff makes this request for exclusion under Rule 37(c), although Plaintiff fails to cite that rule or any other authority, fails to address the factors to be considered with respect to such exclusion, and fails to make any argument in support of it. Plaintiff should be deemed to have waived any argument for such exclusion. *Cf. U.S. v. Razz*, 2007 WL 1999900, at *1 n.2 (11th Cir. July 10, 2007) ("[W]here a party merely makes a passing reference to an issue with no arguments on its merits, the issue is deemed waived or abandoned.");

3

*Morris v. Wallace Community College-Selma*, 125 F.Supp.2d 1315, 1342 (S.D. Ala. 2001) (where defendants' brief did not expand on argument referred to in section caption, the court ruled that since "the defendants offer no argument in support of [their] proposition, . . . the argument is deemed waived").

Even if Plaintiff has not waived this issue, Plaintiff's motion should be denied. Although the exclusion of witnesses under Rule 37(c) is at the discretion of the district court, the Eleventh Circuit has set forth three factors to be considered. These factors include:

> (1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify.

*Lamothe v. Bal Harbour 101 Condominium Ass'n, Inc.*, 2007 WL 781909 (S.D. Fla. 2007) (citing *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)). In this instance, the analysis of these factors does not support the exclusion of MBCI's witnesses.

### 1. The Testimony of Mr. Murray, Mr. Winder, and Mr. Rosalez Will Be Important To Authenticate MBCI Documents Relating To Plaintiff's Termination And To Show MBCI's Good Faith

Mr. Murray, Mr. Winder, and Mr. Rosalez all work in MBCI's human resources function.[2] As noted above, Mr. Rosalez spoke with Plaintiff shortly after the termination of her employment, and during their conversation, Plaintiff made certain

---

[2] MBCI has made a decision that it is not necessary to call Mr. Flowers as a witness. Mr. Flower's knowledge largely overlaps with that of Mr. Murray, and MBCI has determined that it is not necessary to call both of them as witnesses. MBCI listed Mr. Flowers as a potential witness since he received the direction from legal counsel as to the scope and extent of the investigation. Responsibility for the investigation was then assigned to Mr. Murray.

4

admissions relating to her termination that were documented in a routine report drafted by Mr. Rosalez.  (*See* Exh. A.)

Mr. Murray and Mr. Winder each has knowledge relating to MBCI's internal investigation of Plaintiff's challenge to the termination of her employment and, in particular, knowledge about the creation, receipt, and maintenance of documents produced in discovery relating to that internal investigation and the outcome of the investigation.  (*See* Exh. B.)  The testimony of Mr. Murray, Mr. Winder, and Mr. Rosalez may therefore be necessary to establish the authenticity of these documents should MBCI use them as trial exhibits.  In addition, each of these witnesses may also testify regarding MBCI's procedures for investigating complaints of discrimination, including Plaintiff's complaint.  Both the documents and the internal investigation are relevant to the issue of MBCI's good faith and non-discriminatory reasons for terminating Plaintiff's employment.

> **2.    The Necessity For These Witnesses' Testimony Only Became Apparent As The Parties Worked On Resolving Good Faith Discovery Disputes And When Plaintiff Refused To Stipulate To The Authenticity Of Any MBCI Documents**

As noted above, MBCI supplemented its discovery responses pursuant to good faith exchanges with Plaintiff's counsel in an effort to resolve various outstanding discovery disputes.  Included in this supplemental production were the witness statements collected during MBCI's internal investigation of Plaintiff's termination and maintained in MBCI's investigation file.  Although MBCI objected that this file as a whole is protected from discovery as work-product and under the attorney-client privilege, MBCI researched the issue further and concluded that the production of the individual witness

statements contained therein was a reasonable compromise of a discovery dispute. Until these statements were produced on August 2, 2007, MBCI had not anticipated that Mr. Murray or Mr. Winder would be potential witnesses at trial.

With respect to Mr. Rosalez, the report that he wrote concerning Plaintiff's call to the MBCI hotline was produced to Plaintiff on January 19, 2007. (*See* MBCI-0140.) Although MBCI did not thereafter amend its initial disclosures to include Mr. Rosalez, Plaintiff has been on notice at least since January 2007 – five months prior to the discovery cutoff – that Mr. Rosalez might have information relevant to Plaintiff's claims and MBCI's defenses. Indeed, in view of the fact that Mr. Rosalez's report was produced to Plaintiff, she cannot establish that MBCI was obligated to supplement its initial disclosures under Rule 26(a) to list Mr. Rosalez. Under Rule 26(e), supplementation of initial disclosures is *only* required where "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Here, information about Mr. Rosalez -- including his identity and the possibly relevant information he might have -- was made known to Plaintiff when MBCI produced Mr. Rosalez's report in January.

Finally, as noted above, one primary reason for all three of these witnesses to testify will be to authenticate MBCI documents. It must be noted that MBCI only learned in the last couple of weeks that Plaintiff intended to refuse to stipulate to the authenticity of *any* of the documents produced by MBCI in these proceedings. (*Compare* Exh. C MBCI's proposed Joint Proposed Order On Pretrial Hearing as submitted to Plaintiff *with* Exh. D Final Joint Proposed Order On Pretrial Hearing as submitted to

6

Chambers on August 17, 2007; *see also* Exh. E Ltr. from C. Murray to A. Arnold). Plaintiff's across-the-board refusal during the weeks leading up to trial to stipulate to any trial exhibits therefore requires MBCI potentially to call witnesses – including Mr. Murray, Mr. Winder, and Mr. Rosalez – to establish the authenticity of every one of MBCI's trial exhibits.

### 3.    Plaintiff Has Failed To Show That She Would Suffer Any Prejudice From Allowing Mr. Murray, Mr. Winder, or Mr. Rosalez To Testify

Plaintiff's request to exclude the testimony of Mr. Murray, Mr. Winders, and Mr. Rosalez should be denied because she has not even attempted to articulate, let alone succeeded in showing, how she would be prejudiced by allowing their testimony.

Furthermore, it is clear that testimony from Mr. Murray, Mr. Winders, and Mr. Rosalez establishing the authenticity of documents that Plaintiff requested and received in discovery would not prejudice Plaintiff. Plaintiff has not identified any concern that she has about the authenticity of MBCI's documents, despite an invitation by MBCI's counsel to discuss any such issues. (*See* Exh. E Ltr. from C. Murray to A. Arnold.) MBCI respectfully submits there are no legitimate questions about the authenticity of MBCI's documents or about these witnesses' knowledge concerning these documents or the routine internal investigations that lead to their creation.

Moreover, as a general matter, Plaintiff does not – and cannot – contend that MBCI deprived her of an opportunity to take discovery from these witnesses simply because it did not amend its initial disclosures to list Mr. Rosalez after producing his "Call Investigation Report" in January of 2007 or to list Mr. Murray or Mr. Winder after

7

MBCI supplemented its document production with the emails on August 2, 2007.[3] Such a claim would be frivolous on its face because Plaintiff had, or could have had, ample opportunity for additional discovery but rejected it.

Specifically, in May of this year, MBCI sought Plaintiff's agreement to an enlargement of the discovery period – set to close on May 15, 2007 – to allow the parties to conduct depositions and complete further discovery. Plaintiff not only withheld her consent, Plaintiff *expressly opposed MBCI's motion for an enlargement of the discovery period*, even though the parties were at that time working to resolve outstanding discovery disputes. (*See* Doc. Nos. 18 and 19.) In her opposition, Plaintiff argued discovery should nevertheless be closed as of May 15, 2007, stating:

> Plaintiff opposes any extension of the discovery cutoff . . . . Defendant is correct that neither party has taken depositions. Plaintiff has been disadvantaged in that regard, as well as has Defendant. Further, Plaintiff has been disadvantaged with Defendant's substantial deficiencies in response to written discovery. *Regardless, Plaintiff opposes an extension of the discovery cutoff.*

Doc. No. 19 at 1-2 ("Plaintiff's Opp'n Def's Mot. To Amend Scheduling Order") (emphasis added). Plaintiff could not now reasonably claim that she has been prejudiced by a lack of discovery. MBCI specifically requested an enlargement of the discovery period to allow for depositions and further discovery as appropriate, and Plaintiff decided to oppose such an enlargement when it apparently appeared to be to her advantage to do so.

---

[3] Also, as noted above, Plaintiff has been on notice at least since January 2007 that Mr. Rosalez might have information that MBCI might use to support its defenses when MBCI produced his hotline call report.

Because Plaintiff does not offer any argument to support exclusion under Rule 37(c), and because such exclusion would not be appropriate under the three factors set out by the Eleventh Circuit, Plaintiff's motion to exclude the testimony of Mr. Murray, Mr. Winder, and Mr. Rosalez under Rule 37(c) should be denied.

### B. Plaintiff Has Failed To Show That Exclusion of MBCI's Witnesses Would Be Appropriate For Any Other Reason

Plaintiff raises a number of other objections to the possible testimony of Mr. Murray, Mr. Winder, Mr. Rosalez, and Ms. Humphries, largely without argument and all without merit.[4]  Plaintiff's objections verge on the frivolous.

Plaintiff's objection that Mr. Murray and Mr. Winder "do[] not appear to have any personal knowledge of the facts" and that their "only involvement appears to be the receipt of emails from witnesses" does not provide any basis for excluding Mr. Murray or Mr. Winder as a witness, since both of them may be required to authenticate various emails that they received and which Plaintiff concedes are relevant. (S*ee* Exh. B & Plaintiff's Objections at 1).  Furthermore, Mr. Murray and Mr. Winder, as MBCI human resources managers, have personal knowledge concerning MBCI's internal investigation of Plaintiff's complaint concerning her termination.

Plaintiff's further objection to Mr. Rosalez similarly fails since his testimony may be required to authenticate MBCI's "Investigation Call Report" dated May 18, 2005.  This document reports Plaintiff's call to MBCI's human resources hotline

---

[4]  As noted above, MBCI no longer intends to call Mr. Flowers as a witness and therefore does not address Plaintiff's arguments with respect to Mr. Flowers' testimony.

9

to inquire regarding her termination, and Plaintiff's statements as recorded in this report are admissible under Rule 801(d)(2) of the Federal Rules of Evidence ("FRE 801(d)(2)") as admissions of a party-opponent and under FRE 803(6) as a business record of regularly conducted activities. (*See* Exh. A.) Furthermore, Mr. Rosalez, an MBCI human resources manager, has personal knowledge of MBCI's internal investigation of Plaintiff's complaint concerning her termination.

Finally, Plaintiff's objection to calling Dot Humphries as a witness is extraordinarily frivolous. Plaintiff quotes from an email authored by Ms. Humphries in which she states that she sat in on and observed Plaintiff's termination meeting. In her next breath, Plaintiff contends that Ms. Humphrey "does not appear to have relevant personal knowledge of the termination decision." (Pl.'s Am. Objections at 1-2.) In fact, as demonstrated by the very email text Plaintiff herself quotes, Ms. Humphries personally observed Tom Barthel's telling Plaintiff that her employment was being terminated. Clearly, Ms. Humphries has personal knowledge of that meeting, which would be relevant to Plaintiff's claims challenging her termination. Plaintiff does not identify any reasonable basis for excluding Ms. Humphries testimony about what she heard and observed during Plaintiff's termination meeting.

II. **Plaintiff Has Not Shown Any Basis For Excluding MBCI's Trial Exhibits**

Plaintiff's objections to MBCI's various trial exhibits are baseless, a waste of this Court's time, and an apparent effort simply to increase attorneys fees in this case.

First, MBCI's listed exhibits I., J., K., and L. are not hearsay to the extent they contain admissions by Plaintiff, which are expressly set outside the definition of

10

hearsay under FRE 801(d)(2). (*See* Exh. B.) Even aside from Plaintiff's admissions, these exhibits are not excludable as hearsay because they will not be offered to "prove the truth of the matter asserted," but rather to help establish that MBCI's reason for terminating Plaintiff's employment was based upon good faith business judgment and was not motivated by race and/or sex. These documents – which reflect the opinions and beliefs of Plaintiff's supervisors regarding her conduct in abandoning her job – will help show that MBCI's managers in good faith believed that Plaintiff had engaged in misconduct meriting discharge and that MBCI's reasons for Plaintiff's discharge were not pretextual. *See, e.g.*, *Moore v. Sears, Roebuck and Co.*, 683 F.2d 1321, 1322-23 (11th Cir. 1982) (no error for district court to admit documents containing evaluations of plaintiff's performance by his former supervisors where documents did not constitute hearsay when they were offered, not to prove truth of the matter asserted, but rather to establish defendant's good faith motivation to discharge plaintiff)

Plaintiff also objects to MBCI's listed exhibit U ("Plaintiff's First Answers To First Set Of Interrogatories And Responses To Requests For Production Of Documents"). Plaintiff complains that the document "contains legal objections that could possible confuse the jury." (Pl.'s Objections at 3-4.) This objection is particularly frivolous in view of the fact that the first three documents listed by Plaintiff *on her own exhibit list* are Defendant's Answers to Plaintiff's First Interrogatories, Defendant's Reponses to Plaintiff's Request for Production, and Defendant's Reponses to Plaintiff's Requests for Admission. (*See* Doc. No. 28.) Plaintiff makes no attempt to explain how Defendant's Exhibit U threatens to create any greater confusion than her own exhibits 1,

11

2, and 3 which also contain, not surprisingly, "legal objections." Apparently, Plaintiff's counsel is suggesting to this Court that the objections asserted in Plaintiff's discovery responses are "confusing" but those asserted in Defendant's responses are not. On some level such a position is flattering but fortunately not a basis for exclusion. There is no basis for excluding this exhibit, which contains sworn testimony from Plaintiff. Plaintiff's objection is so patently frivolous that it suggests an effort on the part of Plaintiff to waste the resources of both MBCI and this Court.

Again, with respect to MBCI's "may introduce" exhibits A, B, E, and F, Plaintiff's objections are frivolous. These documents include Plaintiff's orientation checklist, her application for employment, and two handbook acknowledgement forms that she signed. MBCI may offer these documents at trial if the need arises based on Plaintiff's testimony. These documents may be relevant to show policies and procedures that Plaintiff was trained on or to show her skills and experience for purposes of assessing the reasonableness of her efforts at mitigation. It is impossible to predict now the circumstances under which these documents might become relevant and necessary during trial, and MBCI respectfully suggests that the Court can only reasonably make a determination as to the admissibility of these possible exhibits under FRE 401, 402, and 403 at the time they are offered. Certainly, Plaintiff has not identified any basis for excluding these exhibits prior to trial.

Plaintiff's objection to MBCI's Exhibit D is also frivolous. This is a letter authored by Tom Barthel to the Alabama Department of Industrial Relations in response to Plaintiff's claim for unemployment benefits and providing the reasons for Plaintiff's

12

discharge. (*See* Exh. F.) Plaintiff speculates that the jury might offset a damages award to Plaintiff based on this letter. As an initial matter, damages for lost wages are to be decided by the court, not the jury. Moreover, even to the extent the jury serves in an advisory capacity with respect to an award of back pay, the Court can easily instruct the jury concerning the law governing the effect of unemployment compensation on damages awards. Finally, this exhibit – which *opposes* granting Plaintiff any unemployment compensation – does not indicate that Plaintiff received any such compensation or in what amount, and it would therefore be extremely unlikely to cause a jury to offset any award of damages. In short, Plaintiff's objection to this letter – which is clearly relevant for showing MBCI's good faith motivations in terminating Plaintiff's conduct – are entirely speculative and insubstantial.

Plaintiff's objection to MBCI's Exhibit E is baseless. (Pl.'s Am. Objections at 3.) This document is Mr. Rosalez's Hotline Call Report, discussed above. (*See*. Exh. A.) Plaintiff contends this document is inadmissible hearsay. In fact, the document is not hearsay because it contains admissions by Plaintiff and these fall outside the definition of hearsay under FRE 801(2)(d). Moreover, aside from Plaintiff's admissions, MBCI does not intend to offer this document to prove the truth of the matter asserted, but rather to help establish MBCI's good faith motivation in discharging Plaintiff's employment based on the belief that Plaintiff had abandoned her job duties and the Auburn facility without notifying any supervisor and been gone for an extended period of time. Accordingly, Plaintiffs objection to exclude the report as inadmissible hearsay is without merit.

13

Plaintiff objects to MBCI's Exhibit H, which is Plaintiff's EEOC charge. (Pl.'s Am. Objection at 3-4.) Again, Plaintiff's objection is so patently frivolous that it raises the question whether Plaintiff is burdening MBCI (and the Court) with objections solely for the purposes of harassment and to increase attorneys fees. Here, Plaintiff has objected to an exhibit listed by MBCI on the grounds that it is not relevant and will unnecessarily lengthen the trial *even though Plaintiff has included essentially identical documents on her own exhibit list.* (*See* Doc. No. 28, Plaintiff's Exhibit #5 "Freedom of Information Document for E.E.O.C. Charge # 130-2005-04878"). Furthermore, it is clear that Plaintiff's EEOC charge – in which she made various allegations under oath relating to her termination – may be relevant to her various allegations as to the facts and is admissible.[5]

WHEREFORE, MasterBrand Cabinets, Inc. respectfully requests that Plaintiff's Objections and Amended Objections to MBCI's witnesses and exhibits be denied. Furthermore, to the extent that Plaintiff's Objections and Amended Objections are frivolous, MBCI respectfully requests to it be awarded its attorneys fees incurred in responding to those Objections and Amended Objections and all other appropriate relief.

---

[5] MBCI notes that the admissibility of Plaintiff's EEOC Charge may become moot if the Court determines as a matter of law that Thomas Clack and DuWayne Nazworth -- two alleged comparators identified in Plaintiff's Charge -- are not similarly situated to Plaintiff. In such case, MBCI respectfully submits that Plaintiff's EEOC Charge and any other reference to Mr. Clack or Mr. Nazworth should be excluded from evidence under FRE 401, 402, and 403, on the grounds that such information would not be relevant and/or would pose a danger of unfairly prejudicing MBCI, confusing the issues, and misleading the jury, and would be a waste of time.

14

Respectfully submitted,

BAKER & DANIELS LLP

By: s/ Christopher C. Murray
    Mark J. Romaniuk, (IN Bar #15255-49)
    Christopher C. Murray (IN Bar #26221-49)
    (both admitted *pro hac vice*)
    Attorneys for MasterBrand Cabinets, Inc.

300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

> David R. Arendall
> Allen D. Arnold
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, Alabama  35203

> s/Christopher C. Murray
> Christopher C. Murray

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
christopher.murray@bakerd.com

15

BDDB01 4863283v3