# EXHIBIT C

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

CHRISTOPHER C. MURRAY
Attorney at Law
Direct 317.237.1118
Direct Fax 317.237.8518
christopher.murray@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

August 16, 2007

**VIA E-MAIL**

Mr. Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203

    Re:    Kim Foreman v. MasterBrand Cabinets, Inc.
           Cause No. 3:06-cv-449-MHT

Dear Allen:

    Thank you for the proposed Pretrial Order that your forwarded earlier today. We had been working on a draft as well, which I attach for your review. It's our understanding that the proposed order is scheduled to be filed tomorrow. Would you be available tomorrow to discuss where our proposals overlap and to finalize the stipulations?

    If you have any questions, please do not hesitate to contact me.

Very truly yours,

Christopher C. Murray

CCM:kal

Attachment

BDDB01 4854975v1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>MASTERBRAND CABINETS, INC., )<br>)<br>**Defendant.** ) | CAUSE NO. 3:06-cv-449-MHT |

### JOINT PROPOSED ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 21, 2007, wherein the following proceedings were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL**:

    Plaintiff Kim Foreman

    Counsel:    David R. Arendall
                Allen D. Arnold
                Arendall & Associates
                2018 Morris Avenue, Suite 300
                Birmingham, Alabama 35203

    Defendant MasterBrand Cabinets, Inc.

    Counsel:    Mark J. Romaniuk, Ind. 15255-49
                Christopher C. Murray, Ind. 26221-49
                (both admitted *pro hac vice*)
                Baker & Daniels LLP
                300 North Meridian Street, Suite 2700
                Indianapolis, Indiana 46204

**COUNSEL APPEARING AT PRETRIAL HEARING1:**

For Plaintiff: Allen D. Arnold

For Defendant: Christopher C. Murray

2. **JURISDICTION AND VENUE:**

All actions and events at issue in this suit occurred in Auburn, Lee County, Alabama making venue in this Court appropriate. The suit arises under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e *et seq.*

3. **PLEADINGS:** The following pleadings and amendments were allowed: None.

4. **CONTENTIONS OF THE PARTIES:**

(a) The Plaintiff(s)

(b) The Defendant: Plaintiff, Kim Foreman, was employed as an Assembler in the Assembly Department at Master Brand Cabinets, Inc.'s ("MBCI's") Auburn facility. Foreman's primary duty was expediting parts for cabinetry. An expediter locates and obtains replacement parts for missing or damaged components so that cabinet assembly can be completed and the cabinets can be shipped as a complete kitchen. The expediting function involves identifying the part or component that needs to be repaired or replaced and working with the other departments in the production cycle to obtain the item so that a cabinet may be fully assembled and sent to the Shipping Department. Since MBCI builds a kitchen at a time, the

---

1    As noted in the parties' Joint Notice of Scheduling Conflict filed on August 13, 2007, lead trial counsel for both Plaintiff and Defendant – David Arendall and Mark Romaniuk, respectively – are scheduled to be in trial in *Giles v. MasterBrand Cabinets, Inc.*, Cause No. 3:06-cv-528-WKW (M.D. Ala.) at the time of the pretrial hearing in

expeditor position is important in fulfilling MBCI's commitment to ship kitchens complete and on time.

Foreman's employment with MBCI was terminated on April 13, 2005. Foreman's employment was terminated when it was determined that on the previous work day she had abandoned her job duties and responsibilities for an extended period of time and was absent from the Auburn facility without notice and without informing any representative of management.

On April 12, 2005, Foreman punched in for her shift at 7:00 a.m. Less than two hours later at 8:54 a.m., she walked off the job and punched out. Foreman did not advise her team leader, Mr. Buddy Smith, prior to leaving work. Foreman also did not advise or seek to advise any member of MBCI's management team that she was leaving her job assignment and leaving the Auburn facility.

More than six hours later, at 3:36 p.m., Foreman returned to the facility and clocked back in to work. After Foreman reappeared, the Plant Manager, Norm Krogh, informed her that she would need to report to Human Resources on the morning of April 13, 2005. Foreman was also placed on suspension pending the outcome of MBCI's investigation of her extended, unauthorized absence from her job and the facility.

The next morning, on April 13, 2005, Foreman met with the Human Resources Manager, Tom Barthel. Foreman admitted that the day before, she had left her job and the facility without informing her supervisor and that she had been missing from the facility for the better part of the workday. Barthel then informed Plaintiff that her employment was terminated because she had left the plant without notifying any member of management, was gone without any valid reason for an excessive amount of time, had a handbook and had reviewed the

---

this case.

appropriate policies at the time of her hire, and should have been aware of the consequences of her action.

MBCI's good faith termination of Foreman's employment was the result of Foreman's admittedly leaving her position and the MBCI facility without advising any member of management. Additionally, she was missing from work for an extended period of time. MBCI did not terminate Foreman's employment based on her race or sex.

Foreman is not entitled to any relief under Title VII.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

(a) MBCI is a covered employer within the meaning of Title VII.

(b) On April 12, 2005, Foreman clocked in for her shift at 7:00 a.m.

(c) On April 12, 2005, Foreman left her job and clocked out at 8:54 a.m.

(d) Prior to leaving the Auburn facility, Foreman did not advise her team leader, Mr. Buddy Smith that she was leaving the facility.

(e) Foreman returned to the Auburn facility and clocked back in to work at approximately 3:36 p.m.

(f) After Foreman returned to work, she was informed by the Plant Manager, Norm Krogh, that she was being suspended and that she would need to report to Human Resources on the morning of April 13, 2005.

(g) The next morning, on April 13, 2005, Foreman met with the Human Resources Manager, Tom Barthel.

(h) On May 16, 2005, Foreman called MBCI's employee hotline to complain about the termination of her employment.

(i)     During the investigation, Foreman admitted that she did not notify anyone in management that she was leaving the plant on April 12, 2005.

(j)     Foreman's W-2 income from MBCI for 2002 was $29,044.49 for 2003 was $29,240.30; for 2004 was $34,927.93; and in 2005 was $10,592.95.

(k)     Since the termination of her employment at MBCI, Foreman has worked for Capital Vial of Alabama, Burt Employment Services & Training, Inc., and SCA Inc. Her W-2 income from these other employers in 2005 was $12,028.03.

(l)     In 2006 Foreman's income reported on her U.S. Individual Income Tax Return for 2006 was $21,324.00. The parties will stipulate to Foreman's income year-to-date for 2007 through the date of trial.

(m)     The parties stipulate to the admission of the following documents into evidence at trial of this matter: (1) iSeries Timekeeper: Schrock – Auburn (Plaintiff's time punches for April 12, 2005), MBCI-0046; (2) Memorandum to Plaintiff's personnel file authored by Tom Barthel dated April 13, 2005 regarding Plaintiff's conduct, MBCI-0055; (3) Investigation Call Report completed by Jim Rosalez dated May 18, 2005, MBCI-0140; (4) MasterBrand Cabinets Auburn Hourly Associate Handbook Effective January 2003, MBCI-0456 – MBCI-0513; (5) MasterBrand Cabinets Standards of Business Conduct, May 2004, MBCI-0514 – MBCI-0553; (6) Notice of Charge of Discrimination filed by Plaintiff on June 8, 2005 (EEOC Charge No. 130-2005-04878); (7) Written statement of Anthony Zellars dated June 30, 2005, MBCI-0554; (8) Written statement of Dot Humphries dated June 28, 2005, MBCI-0555; (9) Written statement of Norm Krogh dated June 30, 2005, MBCI-0556; (10) Written statement of Michael Winder dated June 30, 2005, MBCI-0557; (11) Plaintiff's 2005 state and federal tax returns; (12) Plaintiff's 2006 state and federal tax returns;

(13) Plaintiff's 2002, 2003, 2004 and 2005 Form W-2 from MasterBrand Cabinets, Inc.;

(14) Plaintiff's 2005 Form W-2 from Capitol Vial of Alabama; (15) Plaintiff's 2005 Form W-2 from Burt Employment Services & Training, Inc.; (16) Any additional Form W-2's for Plaintiff evidencing income earned between 2005 and the present; (17) Plaintiff's pay stub from SCA, Inc. for pay period 3/15/07 to 3/28/07; (18) Employee Acknowledgement and Receipt, MBCI-0039; (19) Employee Acknowledgement and Receipt, MBCI-0040; (20) Associate Receipt, MBCI-0042; (21) Employee Certification, MBCI-0043; (22) E-mail communication between Paula DeCheck and Jim Rosalez, MBCI-0049; (23) Paycheck Earnings reports for Deborah Paradise, MBCI-0568 – MBCI-0730.