# EXHIBIT D

## Murray, Christopher C.

| | |
|---|---|
| **From:** | Murray, Christopher C. |
| **Sent:** | Friday, August 17, 2007 6:00 PM |
| **To:** | 'propord_thompson@almd.uscourts.gov' |
| **Cc:** | 'dra@arendalllaw.com'; 'ras@arendalllaw.com'; 'ada@arendalllaw.com'; Romaniuk, Mark J. |
| **Subject:** | Foreman v. MasterBrand Cabinets, Inc. CAUSE NO. 3:06-cv-449-MHT |

Please find attached a Joint Proposed Order on Pretrial Hearing for the above-referenced case.

Sincerely,
Christopher C. Murray



MASTERBRAND -
FOREMAN - Joint ...

Christopher C. Murray
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Direct Dial: 317-237-1118
Direct Fax: 317-237-8518

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,   CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### JOINT PROPOSED ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 21, 2007, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   Plaintiff:   Kim Foreman

   Counsel:     David R. Arendall
                Stephanie S. Woodard
                Allen D. Arnold
                Arendall & Associates
                2018 Morris Avenue, Suite 300
                Birmingham, Alabama  35203

   Defendant:   MasterBrand Cabinets, Inc.

   Counsel:     Mark J. Romaniuk, Ind. 15255-49
                Christopher C. Murray, Ind. 26221-49
                (both admitted *pro hac vice*)
                Baker & Daniels LLP

BDDB01 4856334v1

300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

**COUNSEL APPEARING AT PRETRIAL HEARING1:**

For Plaintiff:     Stephanie S. Woodard & Allen D. Arnold

For Defendant:   Christopher C. Murray

2.   **JURISDICTION AND VENUE:**

All actions and events at issue in this suit occurred in Auburn, Lee County, Alabama making venue in this Court appropriate. The suit arises under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e *et seq.*

3.   **PLEADINGS:** The following pleadings and amendments were allowed:

   (a)   Plaintiff's Complaint, May 18, 2006

   (b)   Defendant's Answer, July 13, 2006

---

1   As noted in the parties' Joint Notice of Scheduling Conflict filed on August 13, 2007, lead trial counsel for both Plaintiff and Defendant – David Arendall and Mark Romaniuk, respectively – are scheduled to be in trial in *Giles v. MasterBrand Cabinets, Inc.*, Cause No. 3:06-cv-528-WKW (M.D. Ala.) at the time of the pretrial hearing in this case.

4. **CONTENTIONS OF THE PARTIES**:

(a) The Plaintiff(s)

Plaintiff, Kim Foreman, commenced her employment with the Defendant, Masterbrand Cabinets, Inc., on July 24, 2000. Foreman arrived for her regularly scheduled 7:00 a.m. shift with Defendant on April 12, 2005. Around 9:00 a.m., Foreman began feeling ill due to her monthly menstrual cycle. Foreman went to the restroom and discovered that her outer clothes had been visibly stained. Foreman immediately left work and went home to change her clothes.

After arriving at home, Foreman attempted to call her supervisor several times. Foreman became nauseous and did not return to work until 3:00 p.m. Foreman attempted to contact her supervisors, Norm Krogh, Anthony Zellars, and Buddy Smith upon her return to work, but she was unable to speak with them. Foreman resumed her job duties and completed her shift.

At the end of her shift, Norm Krogh informed Foreman that she was being suspended and that MBCI's Human Resources Manager Tom Barthel ordered her to have a meeting at 7:00 a.m. the next day. On April 13, 2005, Foreman met with Tom Barthel. Foreman was immediately terminated for abandoning her post. Foreman requested that Barthel excuse her absence due to her menstruation problems and because other white males had committed the same infraction of leaving work without permission or notice to their supervisor but were not

terminated. Barthel fired Foreman, despite the fact that Duwayne Nazworth and Thomas "Mike" Clack committed the same infraction, but were not terminated. Defendant's termination of Foreman's employment was discriminatory in nature as white and/or male employees were treated better in similar circumstances.

As a result of Defendant's action, Plaintiff is seeking all available damages provided under Title VII of the Civil Rights Act of 1964, including back pay, front pay, benefits, compensatory damages, punitive damages, and/or nominal damages, attorneys fees and costs, and any equitable relief, including an injunction or declaratory judgment, that the Court deems the Plaintiff may be entitled to in order to make her whole.

(b)   The Defendant:

Plaintiff, Kim Foreman, was employed as an Assembler in the Assembly Department at Master Brand Cabinets, Inc.'s ("MBCI's") Auburn facility. Foreman's primary duty was expediting parts for cabinetry. An expediter locates and obtains replacement parts for missing or damaged components so that cabinet assembly can be completed and the cabinets can be shipped as a complete kitchen. The expediting function involves identifying the part or component that needs to be repaired or replaced and working with the other departments in the production cycle to obtain the item so that a cabinet may be fully assembled and

sent to the Shipping Department. Since MBCI builds a kitchen at a time, the expeditor position is important in fulfilling MBCI's commitment to ship kitchens complete and on time.

Foreman's employment with MBCI was terminated on April 13, 2005. Foreman's employment was terminated when it was determined that on the previous work day she had abandoned her job duties and responsibilities for an extended period of time and was absent from the Auburn facility without notice and without informing any representative of management.

On April 12, 2005, Foreman punched in for her shift at 7:00 a.m. Less than two hours later at 8:54 a.m., she walked off the job and punched out. Foreman did not advise her team leader, Mr. Buddy Smith, prior to leaving work. Foreman also did not advise or seek to advise any member of MBCI's management team that she was leaving her job assignment and leaving the Auburn facility.

More than six hours later, at 3:36 p.m., Foreman returned to the facility and clocked back in to work. After Foreman reappeared, the Plant Manager, Norm Krogh, informed her that she would need to report to Human Resources on the morning of April 13, 2005. Foreman was also placed on suspension pending the outcome of MBCI's investigation of her extended, unauthorized absence from her job and the facility.

The next morning, on April 13, 2005, Foreman met with the Human Resources Manager, Tom Barthel. Foreman admitted that the day before, she had left her job and the facility without informing her supervisor and that she had been missing from the facility for the better part of the workday. Barthel then informed Plaintiff that her employment was terminated because she had left the plant without notifying any member of management, was gone without any valid reason for an excessive amount of time, had a handbook and had reviewed the appropriate policies at the time of her hire, and should have been aware of the consequences of her action.

MBCI's good faith termination of Foreman's employment was the result of Foreman's admittedly leaving her position and the MBCI facility without advising any member of management. Additionally, she was missing from work for an extended period of time. MBCI did not terminate Foreman's employment based on her race or sex.

Foreman is not entitled to any relief under Title VII.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

(a)   MBCI is a covered employer within the meaning of Title VII.

(b)   Foreman's W-2 income from MBCI for 2002 was $29,044.49; for 2003 was $29,240.30; for 2004 was $34,927.93; and for 2005 was $10,592.95.

BDDB01 4856334v1

(c) Since the termination of her employment at MBCI, Foreman has worked for Capital Vial of Alabama, Burt Employment Services & Training, Inc., and SCA Inc. Her W-2 income from these other employers in 2005 was $12,028.03.

(d) In 2006 Foreman's income reported on her U.S. Individual Income Tax Return for 2006 was $21,324.00. The parties will stipulate to Foreman's income year-to-date for 2007 through the date of trial.