UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, | ) |
| | ) |
| Plaintiff, | ) CAUSE NO. 3:06-cv-449-MHT |
| | ) |
| v. | ) |
| | ) |
| MASTERBRAND CABINETS, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION IN LIMINE AND AMENDED MOTION IN LIMINE

Pursuant to this Court's Orders dated August 23, 2007 and August 31, 2007, Defendant MasterBrand Cabinets, Inc. ("MBCI") respectfully submits this brief in opposition to Plaintiff Kim Foreman's ("Plaintiff's") Motion in Limine ("Motion") and her Amended Motion in Limine ("Amended Motion"). In her Motion and Amended Motion, Plaintiff seeks (1) to preclude evidence regarding "any potential affirmative defense" of MBCI, (2) to preclude MBCI from "offering any materials produced outside the applicable discovery period", and (3) to preclude MBCI's "witnesses, counsel, or any other agent, document or exhibit presenting testimony or evidence of her previous misdemeanor conviction." Plaintiff's Motion and Amended Motion are without merit and should be denied for the following reasons:

I.  **Plaintiff's Argument That MBCI Has Waived Its Affirmative Defenses Is Frivolous**

Plaintiff moves to preclude evidence regarding "any potential affirmative defense" of MBCI, contending that MBCI has "not listed any affirmative defenses in its

pretrial position statement and therefore has waived its affirmative defenses for purposes of trial." (Motion at 2.)

As an initial matter, MBCI notes that following Plaintiff's analysis in her Motion, she has waived her own claim under 42 U.S.C. § 1981 since she did not list it in the pretrial submission to the Court.

Irrespective of Plaintiff's self-defeating argument, her motion to exclude MBCI's affirmative defenses is without merit. MBCI's defenses are clearly preserved. First, the Pretrial Order embraces MBCI's Answer, which sets out MBCI's defenses in detail. (*See* Doc. No. 43 ("Joint Proposed Order On Pretrial Hearing") at 2.) Second, MBCI's contentions in the Pretrial Order expressly state:

> MBCI's good faith termination of Foreman's employment was the result of Foreman's admittedly leaving her position and the MBCI facility without advising any member of management. Additionally, she was missing from work for an extended period of time. MBCI did not terminate Foreman's employment based on her race or sex.
>
> Foreman is not entitled to any relief under Title VII.

(Doc. No. 43 at 6.) These contentions constitute MBCI's primary defenses to Plaintiff's sex and race discrimination claims. Finally, the Pretrial Order further addresses MBCI's defenses with respect to offset and mitigation by recording the parties' stipulations relating to these issues, specifically, their stipulations concerning Plaintiff's income from various other jobs between the time her employment with MBCI was terminated and the time of trial. (Doc. No. 43 at 6-7.) These stipulations are relevant *only* to the issues of offset and mitigation.

In sum, the Pretrial Order explicitly refers to MBCI's Answer setting forth MBCI's defenses; MBCI expressly set out its defenses to Plaintiff claim in its contentions in the Pretrial Order; and three of the four stipulations contained in the Pretrial Order relate solely to MBCI's defenses of offset and mitigation. In view of these facts, Plaintiff's assertion MBCI has waived its defenses is baseless.

The two cases cited by Plaintiff further demonstrate the groundlessness of her Motion. Both of these cases held that certain claims were waived where they had not been raised during the litigation and were only sprung on the opposing party well into trial. In *Hodges v. U.S.*, 597 F.2d 1014 (5th Cir. 1979), for example, the defendant IRS failed to raise a particular defense in its answer, in its pretrial correspondence with the opposing party, or in the pretrial order. Only after the trial commenced did the IRS attempt to assert the defense, taking "a position diametrically opposed to that asserted earlier." *Id.* at 1016. The District Court excluded the new defense on the ground it had not been included in the pretrial order, and the Court of Appeals affirmed, explaining that the "underlying purpose of the pretrial procedure [is] to define and limit issues for trial." The Court of Appeals further explained that without such limits, "all litigants would have the burden of anticipating issues whose possible presence in an obfuscated pretrial order is overshadowed by the opposing party's active assertion of totally inconsistent issues." *Id.* at 1017. Accordingly, the Court of Appeals ruled, "courts have usually precluded an offer of proof of a new claim or defense where it is first presented at trial without prior mention of the claim or defense *in either the pleadings or the pretrial order*." *Id.* at 1017-18 (emphasis added).

In the other case cited by Plaintiff, *Morro v. City of Birmingham*, 117 F.3d 508, 512 (11th Cir. 1997), the defendant City conceded its Chief of Police was a final policymaker for purposes of plaintiff's claim under 42 U.S.C. § 1983. Consistent with its concession, the City did not raise the issue in its motions for summary judgment, in the pretrial order, in its motion for certification of an interlocutory appeal, in its arguments at trial, or in its Rule 50(a) motion for judgment as a matter of law. Only at the charge conference did the City first advocate the defense that its Chief was *not* a final policymaker, contrary to its prior position. The District Court refused to give the City's proposed charge relating to the issue on the ground that it was not included in the pretrial order. On appeal, the Eleventh Circuit affirmed, explaining again that such orders are essential to help "narrow and define the issues." *Id.* at 515.

Here, in contrast to both *Hodges* and *Morro*, Plaintiff does not and cannot contend that MBCI has omitted any defenses from its Answer, its pre-trial discovery, or the pretrial order which are now being sprung upon Plaintiff for the first time late in the course of this litigation. *Cf. Marshall v. Planz*, 145 F. Supp. 2d 1258 (M.D. Ala. 2001) (Thompson, *J.*) (in refusing to find waiver of an issue that had not been raised in the pretrial order, the court noted, in part, that "neither party attempted to sandbag the other by raising it in the eleventh hour"). To the contrary, Plaintiff moves here to have stricken the very defenses that MBCI has advanced from the beginning of this case, as set forth in its Answer, as pursued through discovery, as summarized in its contentions in the pretrial order, and as addressed, in part, in the parties' stipulations. Given the patent frivolousness of Plaintiff's motion, the attorney's fees incurred by MBCI in responding to

4

the motion, and the waste of the Court's time in addressing it, MBCI respectfully submits that sanctions would be appropriate.

II.     **Plaintiff's Argument To Preclude Materials Produced In Supplementary Discovery Responses Is Without Merit**

On August 2, 2007, MBCI supplemented its responses to Plaintiff's interrogatories and requests for production of documents. The supplementation was a result of a good faith exchange between counsel and in an effort to resolve various outstanding discovery disputes without the Court's intervention. In particular, after MBCI served its initial discovery responses, Plaintiff sought additional information about MBCI employees who had engaged in different categories of misconduct described in the employee handbook and who had not been terminated. In addition, Plaintiff demanded certain information from MBCI to allow her to estimate alleged lost wages. The final primary discovery issue related to whether MBCI was obligated to provide documents generated during its internal investigation of Plaintiff's claim that she was subjected to discrimination. With respect to this final issue, MBCI asserted that its investigation file was protected as work-product and under the attorney-client privilege.

In its supplementary interrogatory answers and document production served on August 2, 2007, MBCI attempted to resolve these discovery disputes by identifying employees who had engaged in various categories of misconduct according to its disciplinary records, by producing pay stubs for the employee who had replaced Plaintiff

after Plaintiff's employment was terminated, and by producing individual witness statements contained in its investigation file.[1]

Plaintiff now moves to preclude MBCI from "offering any materials produced outside the applicable discovery period." (Motion at 2-4.) Plaintiff contends that MBCI's supplementation of its discovery responses -- in response to Plaintiff's detailed request for supplementation -- should be precluded because this Court's scheduling order set the close of discovery for May 15, 2007. (Motion at 2.) This argument is baseless for a number of reasons.

First, it should be noted that no discovery requests were made outside the discovery period designated in the Scheduling Order.

In addition, Plaintiff's motion fails to acknowledge that Rule 26(e) of the Federal Rules of Civil Procedure *requires* parties to supplement their discovery responses and that this Rule does not cause that duty to terminate upon the discovery cut-off date in a case. Furthermore, Rule 37(a)(2)(B) generally requires parties to make good faith efforts to resolve discovery disputes, which MBCI has attempted to do.

Plaintiff's assertion in her Motion that the pay records of Plaintiff's replacement are "not relevant" is astonishing. As noted above, these records were produced in response to Plaintiff's discovery request seeking information that would

---

[1] As a compromise, MBCI produced from its internal investigation file statements collected from various witnesses. These included (1) an email from Anthony Zellars to Eugene Murray dated June 30, 2005 (MBCI-0554), (2) an email from Dottie Humphries to Eugene Murray and Michael Winder dated June 28, 2005 (MBCI-0555), (3) an email from Norm Krogh to Eugene Murray dated June 30, 2005 (MBCI-0556), and (4) an email from Michael Winder to Eugene Murray dated June 30, 2005 (MBCI-0557).

6

allow her to calculate her alleged lost wages. In objecting to MBCI's initial discovery response on this issue, Plaintiff's counsel wrote:

> If you cannot calculate the back pay information sought for me, please provide me the information with which to do so. This means that you would provide me all the information regarding benefits costs, whether raises have taken place for individuals in these positions, and . . . any other areas of compensation that my client lost by being terminated.

(Letter from D Arendall to C. Murray, dated January 29, 2007.) As noted above, MBCI then produced the pay records for the employee who replaced Plaintiff (Deborah Paradise), and two weeks later, Plaintiff's counsel wrote:

> Please supplement with Deborah Paradise's pay information through the date of trial. The interrogatory answer indicate your client will argue this dollar-figure as the basis for damages. I have only the amounts through May 4, 2007 . . . .

(Exh. A -- Letter from A. Arnold to C. Murray, dated August 16, 2007.) Thus, up until very recently, Plaintiff clearly regarded this information as both relevant and as still discoverable.

Finally, Plaintiff's counsel baselessly asserts that MBCI, in identifying additional employees who had engaged in misconduct as requested by Plaintiff, has "attempted to provide handpicked, self-serving comparative evidence." Plaintiff's counsel cannot know whether the information concerning these employees is favorable or unfavorable to either party since Plaintiff has never reviewed the information despite being given an opportunity to do so. Moreover, until very recently, Plaintiff's counsel continued to view this information as discoverable. On August 16, 2007, he wrote:

7

> Additionally, I will need to have someone review the files at MBCI as described in your client's supplemental interrogatories. Please provide me with available dates so I can have someone inspect the documents . . . .

(Exh. A.) At some point between Plaintiff's counsel letter of August 16 and Plaintiff's motion in limine on August 22, Plaintiff's counsel evidently made a strategic decision that they preferred less rather than more discovery. This decision is not a basis for excluding the documents MBCI has produced in supplementing its discovery responses in reply to discovery issues Plaintiff had previously raised. Accordingly, MBCI respectfully requests that Plaintiff's motion to exclude the documents it produced on August 2, 2007, be denied.

### III. **Plaintiff's Argument To Preclude Any Reference To Her Arrest For Giving False Statements Should Be Denied**

In her responses to Plaintiff's discovery requests, Plaintiff indicated that she had been convicted of Theft of Property in the third degree in 2001. MBCI subpoenaed the court records relating to Plaintiff's arrest and conviction, which MBCI produced to Plaintiff in its supplementary discovery responses served on August 2, 2007. (MBCI-0558 through MBCI-0567.) These records include police reports concerning Plaintiff's arrest and conduct that led to Plaintiff being charged with the crime of giving a false name to a police officer.[2]

---

[2] Alabama law provides:

> A person commits the crime of giving a false name or address to a law enforcement officer if the person gives a false name or address to a law enforcement officer in the course of the officer's official duties with intent to mislead the officer.

Ala. Code § 13A-9-18.1(a) (2007).

Plaintiff now "moves to preclude Defendant, its witnesses, counsel, or any other agent, document or exhibit presenting testimony or evidence of her previous misdemeanor conviction." (Pl.'s Motion at 4.)[3]

MBCI does not intend to offer the court records relating to Plaintiff's conviction as a trial exhibit. Accordingly, to the extent that Plaintiff's motion seeks to exclude such an exhibit, Plaintiff's motion is moot.

However, to the extent that Plaintiff's motion seeks to preclude categorically any reference to Plaintiff's conduct relating to her arrest, Plaintiff's motion should be denied. FRE 608(b) provides that specific instances of the conduct of a witness concerning the witness's character for truthfulness or untruthfulness may in the discretion of the court be inquired into on cross-examination of the witness if probative of truthfulness. Should Plaintiff testify as a witness, specific instances of her conduct relating to her character for truthfulness may properly become the subject of cross-examination. MBCI respectfully submits that the appropriate time for the Court to rule on the allowable scope and subject matter of that cross examination will be during the trial based on the testimony given. Accordingly, Plaintiff's motion, to the extent it may seek to exclude specific instances of conduct about which MBCI may cross examine Plaintiff under FRE 608(b), should be denied.

---

[3] In Plaintiff's Amended Motion in Limine, she states that she "anticipates Defendant will argue that the conviction is a crime of dishonesty on the basis of the police incident report. This incident report, which contains inadmissible hearsay, indicated that Plaintiff allegedly gave the police a false name. The State of Alabama did not convict Plaintiff of giving the police a false name. Plaintiff maintains that the previous misdemeanor conviction is not admissible." (Doc. No. 50.) This "Amended Motion" is moot because MBCI does not intend to argue or to attempt to offer evidence that Plaintiff was convicted of a crime of dishonesty.

9

WHEREFORE, MasterBrand Cabinets, Inc. respectfully requests that Plaintiff's Motion in Limine and Amended Motion in Limine be denied. Furthermore, to the extent that Plaintiff's Motion in Limine is without a good faith basis in fact or in law, MBCI respectfully requests that the Court consider whether MBCI is entitled to an award of attorneys fees incurred in responding to the Motion and all other appropriate relief.

Respectfully submitted,
BAKER & DANIELS LLP

By:     s/ Christopher C. Murray
    Mark J. Romaniuk, (IN Bar #15255-49)
    Christopher C. Murray (IN Bar #26221-49)
    (both admitted *pro hac vice*)
    Attorneys for MasterBrand Cabinets, Inc.

300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

>David R. Arendall
>Allen D. Arnold
>ARENDALL & ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama  35203

>         s/ Christopher C. Murray
>        Christopher C. Murray

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com