IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,   CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS & EXHIBIT LIST

COMES NOW the Plaintiff, by and through undersigned counsel, and replies to Defendant's Response to Plaintiff's Objections and Amended Objections to Defendant's Witness and Exhibit List:

1. Plaintiff's objections are based on whether these witnesses and exhibits provide <u>admissible</u> evidence.

2. Defendant cannot point to any communication between its counsel and Plaintiff's counsel where either party conceded admissibility of evidence. In fact, Defendant has rightly pointed to his letters where counsel did not concede to admitting documents.

<u>Exclusion of Witnesses & Exhibits I, J, K, & L</u>:

3. Defendant's claim that Plaintiff waived exclusion of these witnesses by not objecting under Rule 37 is without merit. These discovery items pertaining to these witnesses were produced outside the discovery period, as Defendant intended to use the documents at trial, and after Plaintiff was allowed to file any motion pursuant to Rule 37. Had Plaintiff filed a Rule 37 motion outside the discovery deadline, Defendant certainly would have filed opposition that such further disclosure was outside the discovery period.

4. The witnesses appear to be able to testify to information solely within the emails of a self-serviing investigation, conducted after Plaintiff's termination, that have no relevance to the Defendant's decision-making process that <u>led</u> to the termination of the Plaintiff. As Defendant notes, Mr. Rosalez spoke to Plaintiff <u>after</u> her termination. Mr. Rosalez's "Hotline Call Sheet" (DEF Exh. A) is a recorded recollection created by Rosalez and not an admission made in the form of hearsay. This document should be excluded as its in not admissible. If a plaintiff wrote down a recollection of direct discriminatory evidence in a diary; the diary is certainly not an admission by a party opponent within the hearsay exception.

5. Defendant also notes in its response that its investigation of the termination conducted by Mr. Murray and Mr. Winder occurred <u>after</u> Plaintiff's termination. This is not an investigation of the facts that led to Plaintiff's termination, but an investigation to circle the wagons prior to litigation.

6. Defendant's investigation, conducted <u>after</u> Plaintiff's termination, is not evidence of good faith regarding its termination decision. These post-termination witnesses of Winder, Rosalez, and Murray are due to be excluded as they have no knowledge of good faith regarding the termination decision made in April 2005 by other employees of the Defendant.

7. Defendant's failure to disclose information until after the discovery cut-off is claimed to be due to the fact Defendant "had not anticipated that Mr. Murray or Mr. Winder would be potential witnesses at trial." Defendant's response begs the question of why did it not know of these documents months before? Defendant states the witnesses are only being called to authenticate documents that Plaintiff refused to stipulate during the compilation of the draft Pre-Trial Order. The documents are irrelevant and contain inadmissible hearsay. Defendant is not prejudiced from excluding these witnesses as the witnesses can only authenticate irrelevant documents.

8. Ms. Humphries is due to be excluded pursuant to her own email given in this post-termination investigation. Ms. Humphries had indicated in her email, dated June 28, 2005, that "can not help with this issue more in depth." As Ms. Humphries memory of the termination is lacking within two months of the meeting, her memory should be the same or more hazy during a trial conducted in September 2007. "All [Ms. Humphries] could understand was that [Plaintiff] had

left the plant without letting anyone know." (Def. Ex. B; MBCI 0555). Ms. Humphries cannot offer any important testimony. There is no dispute that Plaintiff left the plant. There is no dispute Plaintiff was terminated. Ms. Humphries cannot offer any probative testimony to disprove or prove a fact at issue in this case. To call Plaintiff's objection extraordinarily frivolous is not well taken in light of the fact Ms. Humphries doesn't offer any information probative of a question of fact.

9.  Plaintiff is prejudiced because the Exhibits I, J, K, & L contain irrelevant information that is offered to prove the truth of the matter asserted. Defendant's argument is that it acted in good faith in making the termination decision. Defendant submitted case law regarding the admission of containing evaluations of the plaintiff's performance. Defendant fails to inform the Court the documents in its cited case are relevant as the items showed good faith decision-making <u>prior</u> to the termination decision. Defendant's proposed exhibits and witnesses regard information that occurred <u>after</u> Plaintiff's termination and are not probative of a good faith defense.

**Defendant's Exhibits H & U:**

10. Defendant points to Plaintiff's Exhibit List having similarity or identical exhibits. Plaintiff does not intend to offer Defendant's Interrogatories, Requests for Production, or Requests for Admission as an admissible exhibit, but lists these documents on its exhibit list in the same manner as a deposition: an item

that may possibly be used to impeach the Defendant's witnesses. If anything, Defendant is on fair warning that such responses were signed under oath and are potentially impeachable material. Plaintiff certainly anticipates Defendant will attempt to use the EEOC charge should the testimony appear inconsistent. However, impeachment material and admissible evidence for the jury to view in its deliberations are separate items. Defendant should not be permitted to offer Plaintiff's written discovery responses or EEOC charge as exhibits for the jury's consideration in the deliberation process.

**Defendant's "may introduce" Exhibits A, B, E. and F.**

11.   Plaintiff has preserved her objections to these documents according to the Scheduling Order. This is a procedural requirement that Plaintiff must comply with, because as noted by Defendant "it is impossible to predict now the circumstances under which those documents might become relevant and necessary during trial. Plaintiff agrees with Defendant's proposition that "the Court can only reasonably make a determination as to the admissibility of these possible exhibits under FRE 401, 402, and 403 as the they are offered." However, Plaintiff does not wish to lose on any ruling due to a failure to comply with procedural prerequisites.

**Defendant's Exhibit D:**

12.   Plaintiff's objection to Exhibit D is identical to Exhibits I, J, K & L. This proposed exhibit is a self-serving document created <u>after</u> the Plaintiff's

termination. The document is not evidence of any "good-faith" decision making process, but rather Defendant's subsequent explanation of its actions to avoid paying unemployment compensation. The document is irrelevant and will confuse the jury, advisory function or not, regarding the awarding of damages. Furthermore, Defendant is attempting to introduce evidence of a good faith belief in the form of inadmissible hearsay. This letter is correspondence that contains Mr. Barthel's unsworn hearsay, not subject to cross-examination. Plaintiff refers the Court to its above argument regarding Defendant's recorded recollection. Defendant's Exhibit D is due to be excluded.

**Defendant's Motion for Attorney's Fees**

13. Defendant's motion for attorneys' fees is not well taken. The Defendant's witnesses and exhibits clearly require an evidentiary ruling by the Court.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests this Court to preclude the testimony of witnesses or admission of exhibits as described herein above.

                                        Respectfully submitted,

                                        /s/ Allen D. Arnold

                                        Allen D. Arnold
                                        Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Mark J. Romaniuk, Esq.
    Christopher C. Murray, Esq.

                                                      /s/ Allen D. Arnold
                                                      Of Counsel