## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

**KIM FOREMAN,**

**PLAINTIFF,**                          **CIVIL ACTION NO. 3:06cv00449 (MHT)**

**V.**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
## TO PLAINTIFF'S MOTION IN LIMINE

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully replies to Defendant's Opposition to Plaintiff's Motion to have this Court preclude the testimony of witnesses or admission of exhibits as described herein above.

### I.   Defendant misses the point of the Motion Regarding the Pre-Trial Order

Plaintiff has a duty to mitigate her damages by virtue of 42 § U.S.C. 2000e-5(g)(1)) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."). Plaintiff and Defendant have stipulated to Plaintiff's statutorily required mitigation. The subject of mitigation is not in dispute as the parties have stipulated to this fact. The mitigation defense is not relevant for cross-examination or argument to the jury during closing. Defendant did not assert the

affirmative defense in its Pre-Trial Position Statement resulting in a waiver of the

defense. Rather Plaintiff is adhering to the information that has been stipulated too

in the Pre-Trial order and therefore not necessary for the Defendant to cover at

trial. Plaintiff is not claiming the defense has been "sprung" on her by the

Defendant. Plaintiff's motion is properly limiting the Court's and jury's time

deciding the issues of this case. Defendant's request for fees is not well taken,

considering Plaintiff's motion is based on Defendant's request for stipulations.

## II.    Defendant's Efforts to Provide discovery after the discovery period are not in Good Faith

As noted in its original motion, the undersigned reconsidered Defendant's

offer to inspect documents as such an action is in violation of the Court's Order.

Defendant attempts to categorize Plaintiff's choice to not engage in further as a

strategic decision instead of following a Court Order. The undersigned admits that

gaining more information appeared to be a good idea at the time; but then until

took into consideration the ramifications of violating the Court's Order, especially

in light of its opposition to extending the discovery deadline. Furthermore, with

the discovery deadline lapsed, Plaintiff had no opportunity to conduct a 30(b)(6)

deposition to test the veracity of the documents submitted after the deadline.

Defendant failed to resolve Plaintiff's discovery disputes during the

discovery period despite repeated attempts by counsel. (See Pl. Ex. 1). Defendant

did not even attempt to resolve any issues with Plaintiff's discovery until after the

discovery deadline. Furthermore, Defendant demanded that such post-deadline discovery of comparative files take place only on the condition that Plaintiff supplement her responses outside the Court ordered discovery period. (See Pl. Ex. 2). Plaintiff anticipates that Defendant will argue that Defendant has provided evidence of mitigation subsequent to the discovery period; however, as noted above, the statute requires the Court and the parties to calculate earnings outside the discovery period. Plaintiff's requests this Court preclude this information provided outside the scope of discovery.

## III.    Plaintiff's conviction[1]

Defendant relies entirely on Federal Rule of Evidence 608(b) in an effort to introduce this irrelevant evidence regarding Plaintiff's alleged false statement to the police. Plaintiff agrees that the appropriate time for the Court to rule on this 608(b) issue will be during trial.

Respectfully submitted,

/s/ Allen D. Arnold

_____

Allen D. Arnold
Counsel for Plaintiff

---

[1] Defendant appears to have conceded that Plaintiff's conviction is not admissible under Federal Rule of Evidence 609. (See Doc 54, pp. 9).

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, the foregoing was filed electronically
with the Clerk of the Court to be served by operation of the Court's electronic
filing system upon the following:

      Mark J. Romaniuk, Esq.
      Christopher C. Murray, Esq.

                        /s/ Allen D. Arnold

                        Of Counsel