# EXHIBIT 1

## TO

## PLAINTIFF'S REPLY

## TO

## DEFENDANT'S RESPONSE

## TO

## PLAINTIFF'S MOTION IN LIMINE

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

CHRISTOPHER C. MURRAY
Attorney at Law
Direct 317.237.1118
Direct Fax 317.237.8518
christopher.murray@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

October 19, 2006

**VIA E-MAIL (dra@arendalllaw.com, ras@arendalllaw.com)**
**And U.S. MAIL**

Mr. David R. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203

    Re:    Kim Foreman v. MasterBrand Cabinets, Inc.
            Cause No. 3:06-cv-449-MHT
            Extension of Time to Respond to Plaintiff's Discovery

Dear Mr. Arendall:

       This is to confirm our conversation earlier today in which you agreed that Defendants may have an additional thirty (30) days to respond to Plaintiff's First Request for Admissions, Interrogatories, and Requests for Production of Documents, served on September 20, 2006.

       Thank you kindly for accommodating our request.

                               Very truly yours,

                               *Christopher C. Murray /kal*

                               Christopher C. Murray

CCM:kal

# ARENDALL & ASSOCIATES
## ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - OFFICE
205.252.1556 - FACSIMILE
www.arendalllaw.com

November 22, 2006

VIA FACISIMILE: (317) 237-1000
Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Christopher:

We propounded Interrogatories and Requests for Production of Documents to you on September 20, 2006. We agreed to a thirty day extension that would have made them due October 20, 2006. It is a month past the thirty day extension we gave you. We need full and complete answers, without objections, by no later than next Friday, December 1, 2006. If you need to talk about it, feel free to call me.

Sincerely,

David R. Arendall
dra@arendalllaw.com

DRA/kt

# ARENDALL & ASSOCIATES

David R. Arendall
Allen D. Arnold
www.@arendalllaw.com

Attorneys at Law
2018 Morris Avenue
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – FAX

## FAX TRANSMITTAL COVER SHEET

TO: Christopher C. Murray, Esq.
FROM: David Arendall
DATE: 11/22/06
FAX #: (317) 237-1000
# PAGES: 1 pg.
RE:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MESSAGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (205) 252-1550 AS SOON AS POSSIBLE.**

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR THE DELIVERY OF IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U. S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU!

MEMORY TRANSMISSION REPORT

```
TIME       : NOV-27-2006  08:19AM
TEL NUMBER : 205-252-1556
NAME       : DAVID R ARENDALL
```

| | | |
|---|---|---|
| FILE NUMBER | : | 267 |
| DATE | : | NOV-27 08:18AM |
| TO | : | 13172371000 |
| DOCUMENT PAGES | : | 002 |
| START TIME | : | NOV-27 08:18AM |
| END TIME | : | NOV-27 08:19AM |
| SENT PAGES | : | 002 |
| STATUS | : | OK |
| FILE NUMBER | : 267 | \*\*\* SUCCESSFUL TX NOTICE \*\*\* |

---

## ARENDALL & ASSOCIATES
### ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - Office
205.252.1556 - Facsimile
www.arendalllaw.com

November 22, 2006

VIA FACSIMILE: (317) 237-1000
Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Christopher:

We propounded Interrogatories and Requests for Production of Documents to you on September 20, 2006. We agreed to a thirty day extension that would have made them due October 20, 2006. It is a month past the thirty day extension we gave you. We need full and complete answers, without objections, by no later than next Friday, December 1, 2006. If you need to talk about it, feel free to call me.

Sincerely,

David R. Arendall
dra@arendalllaw.com

DRA/kt

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

CHRISTOPHER C. MURRAY
Attorney at Law
Direct 317.237.1118
Direct Fax 317.237.8518
christopher.murray@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

November 28, 2006

**VIA E-MAIL (dra@arendalllaw.com, ras@arendalllaw.com)**
**And U.S. MAIL**

Mr. David R. Arendall
Mr. Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL  35203

Re: Kim Foreman v. MasterBrand Cabinets, Inc.
Cause No. 3:06-cv-449-MHT
Extension of Time to Respond to Plaintiff's Discovery Requests

Dear Counsel:

This letter confirms my conversation yesterday with Mr. Arnold in which he agreed in response to my voicemail message last week that Defendant may have until December 4, 2006 to respond to Plaintiff's First Requests for Admissions, Interrogatories, and Requests for Production of Documents, which were served on September 20, 2006.

Also, as I mentioned yesterday during our conversation, please note that the dates included in Mr. Arendall's letter dated November 22, 2006 are incorrect.

If there is anything in this letter that is inconsistent with your understanding, please let me know. Thank you kindly for accommodating our request.

Very truly yours,

Christopher C. Murray

CCM:kal

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

MARK J. ROMANIUK
Attorney at Law
Direct 317.237.1135
mark.romaniuk@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

December 4, 2006

VIA E-MAIL/DRA@ARENDALLLAW.COM
AND FIRST CLASS MAIL

David R. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203

Re:  Kim Foreman v. MasterBrand Cabinets, Inc.
     Cause No. 3:06-cv-449-MHT

Dear David:

In Chris Murray's absence today, I am forwarding to you MBCI's responses to Ms. Foreman's First Request for Admissions. I trust you will find everything in order with MBCI's responses.

Upon Chris' return to the office, we will be finalizing and submitting MBCI's Responses to Ms. Foreman's Interrogatories and Request for Production of Documents.

Very truly yours,

*Mark Romaniuk*

Mark J. Romaniuk

MJR/ps
Enclosure

BDDB01 4593543v1

# ARENDALL & ASSOCIATES
## ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - OFFICE
205.252.1556 - FACSIMILE
www.arendalllaw.com

December 28, 2006

VIA FACISIMILE: (317) 237-1000
Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Christopher:

All I have received in response to discovery on this case are responses to Request for Admissions. Please let me have your full and complete responses, together with documents by January 15, 2006. If this is going to be a problem, please get back in touch with me.

Sincerely,

David R. Arendall
dra@arendalllaw.com

DRA/kt

MEMORY TRANSMISSION REPORT

```
TIME       : DEC-28-2006  03:31PM
TEL NUMBER : 205-252-1556
NAME       : DAVID R ARENDALL
```

| | |
|---|---|
| FILE NUMBER | : 438 |
| DATE | : DEC-28 03:31PM |
| TO | : 13172371000 |
| DOCUMENT PAGES | : 002 |
| START TIME | : DEC-28 03:31PM |
| END TIME | : DEC-28 03:31PM |
| SENT PAGES | : 002 |
| STATUS | : OK |
| FILE NUMBER  : 438 | \*\*\* SUCCESSFUL TX NOTICE \*\*\* |

# ARENDALL & ASSOCIATES

David R. Arendall
Allen D. Arnold
www.@arendalllaw.com

Attorneys at Law
2018 Morris Avenue
Birmingham, AL 35203
205.252.1550 — Office
205.252.1556 — FAX

## FAX TRANSMITTAL COVER SHEET

TO: Christopher C. Murray, Esq.
FROM: David Arendall
DATE: 12/28/06
FAX #: (317) 637-1000
# PAGES: 1 page
RE:

### MESSAGE

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (205) 252-1550 AS SOON AS POSSIBLE.

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR THE DELIVERY OF IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU!

# ARENDALL & ASSOCIATES
## ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - OFFICE
205.252.1556 - FACSIMILE
www.arendalllaw.com

January 29, 2007

Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Christopher:

I received your responses to discovery and the documents. This is my effort under Rule 37 to work out the differences I have in regard to your responses.

I.   INTERROGATORIES

5.   Do I take it by your response that there were no other complaints of discrimination other than my client? I was unclear about your answer. Further, while I am willing to limit the time period for this information, the response needs to include at least the start date of my client's employment (July, 2000) to the present. Please supplement. Further, since you have indicated that Tom Barthel ultimately made the decision to terminate my client's employment, this Interrogatory asks for complaints regarding race and/or gender for anybody under his area of responsibility. I gathered that he has at least a regional responsibility, if not a corporate-wide responsibility. Therefore, I ask that you supplement without need to take this matter up with the Court for the period July, 2000 to the present for any areas of responsibility covered by any of the decision makers that you have identified in response to your Interrogatories.

Page 2 of 5
Christopher c. Murray, Esq.
Indianapolis, Indiana

Re: Kim Foreman v. Masterbrand Cabinets, Inc.

---

    7, 8.  You have referred me to documents produced. I have no problem with your response so long as it fully answers the Interrogatory.

    9.  To the extent you seek to later rely on any statements by any witnesses, I ask that you produce those statements. We will object to the use of any statements for any purpose by any witness that has not been produced during the discovery period.

    10.  I take it by your response that the one and only reason for my client's termination were the events of her last day on the job, and that we can eliminate any issues related to performance matters while employed. I also assume that you are not asserting an after-acquired evidence defense, which this Interrogatory is designed to uncover. If I am correct in this, there is no need to further supplement. If I am incorrect and you are asserting either performance problems or an after-acquired evidence defense, you need to supplement with the requested information.

    11.  You have failed to answer this Interrogatory. You have not cited any controlling case law from the Eleventh Circuit. This is a routine Interrogatory (and accompanying request #3) which I ask in every case. I do not recall ever having the Court not provide this to me. You can certainly limit your response to the lawsuits and EEOC charges related to the decision makers in this case, as you have identified them in these Interrogatories.

    12, 13, 16.  These two Interrogatories seek comparative evidence. You have identified one individual, Ms. Camile Hutchinson, but no others, vaguely referring to other employees terminated for insubordinate behavior. While claiming that somebody walking off a job amounts to insubordinate behavior is a stretch to say the least, you are going to need to supplement your responses to fully answer these Interrogatories. You limited responses to some artificial time frame of June 2003 through June 2005. The Interrogatory asks for January 1, 2002 to the present for individuals who were **not terminated**. All you gave me was another individual who was terminated. In the employee handbook is a conduct policy providing for

Page 3 of 5
Christopher c. Murray, Esq.
Indianapolis, Indiana

Re: Kim Foreman v. Masterbrand Cabinets, Inc.

---

progressive discipline for twelve listed items, one of which is "leaving the job without the team leader's approval." The company also has an absentee policy that deals with partial day absences. I want information on individuals who were not terminated for violation of the conduct policy Rule #1, 4, 8, and any other rule that your client is trying to claim was used to terminate Ms. Foreman's employment. This needs to be provided for the time frame requested, January 1, 2002 to the present. With each of these individuals, I want a minimum of the following: application for employment, criminal history background check, personnel status changes, evaluations, disciplinary write-ups, including any investigative notes related to such disciplinary warning, notes of potential disciplinary write-ups, which may not have resulted in any discipline being issued, any records dealing with violations of the absentee policies, and exit interview forms. These Interrogatories are specifically designed to ensure that I give all comparative evidence in order to allow me to conduct proper discovery in this case. It is not for you to determine whether someone is similarly situated based on an advocate's position of trying to defend your client. I have the right pursuant to Federal Rule of Civil Procedure 26 to have all discovery that is relevant or tending to lead to the discovery of relevant information. I have limited my request under these Interrogatories, as amplified by this letter, to only seek such discovery to which I am entitled. I ask that you supplement, which I believe will be substantial based on what you have produced to me so far. This will need to be taken up with the Court if I do not have satisfactory supplementation.

14. If you cannot calculate the back pay information sought for me, please provide me the information with which to do so. This means that you would provide me all the information regarding benefit costs, whether raises have taken place for individuals in these positions, and whether any other areas of compensation that my client lost by being terminated.

15. I have enclosed an Order that I have obtained from Judge Smith of the Northern District regarding this Interrogatory. In this district, you have to answer this Interrogatory. Please supplement.

Page 4 of 5
Christopher c. Murray, Esq.
Indianapolis, Indiana

Re: Kim Foreman v. Masterbrand Cabinets, Inc.

---

17. The purpose of this Interrogatory and the corresponding Request for Production of Documents (7) are to ensure that there are no surprises during my client's deposition or thereafter. To the extent you have any documents that you think you will be using for possible impeachment purposes they need to be produced before my client's deposition. To the extent you obtain any thereafter, they need to be produced in accord with the Scheduling Order of the Court.

18. My only concern in regards to this Interrogatory and the corresponding Request for Production of Documents (11) is to ensure that I have all emails that deal with my client, comparator, and any non-privilege communication among management or other employees of your client dealing with Plaintiff and/or comparators. As long as I have that, I am satisfied with your response.

II.  REQUESTS FOR PRODUCTION OF DOCUMENTS

2. I assume you have produced everything that you rely upon, if not supplement.

3. See my comments under Interrogatory #11 above.

4. You need to supplement in accord with my comments under Interrogatory 12, 13 and 16.

5. I need the requested information for not only my client, but also for the comparators as I have set forth in regards to Interrogatory 12, 13 and 16.

7. Addressed under Interrogatory 17 above.

Page 5 of 5
Christopher c. Murray, Esq.
Indianapolis, Indiana

Re: Kim Foreman v. Masterbrand Cabinets, Inc.

---

    10.    Supplement as you obtain subpoenaed documents. The privileges that you claim would not apply if you intend to rely on any documents you obtain by subpoena.

    11.    Addressed under Interrogatory 18 above.

I look forward to your extensive supplementation as set forth above.

Sincerely,

*[signature]*

David R. Arendall
dra@arendalllaw.com

DRA/kt

Enclosure

# ARENDALL & ASSOCIATES
## ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - OFFICE
205.252.1556 - FACSIMILE
www.arendalllaw.com

February 23, 2007

Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Chris:

You have never responded to my letter of January 29, 2007. I need your response with the next week.

Sincerely,

David R. Arendall
dra@arendalllaw.com

DRA/kt

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

CHRISTOPHER C. MURRAY
Attorney at Law
Direct 317.237.1118
Direct Fax 317.237.8518
christopher.murray@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

**VIA E-MAIL**

April 12, 2007

Mr. David R. Arendall
Mr. Allen D. Arnold
**ARENDALL & ASSOCIATES**
2018 Morris Avenue
Birmingham, AL  35203

    Re:   Kim Foreman v. MasterBrand Cabinets, Inc.
            Cause No. 3:06-cv-449-MHT

Dear Counsel:

    This letter responds to Allen's call to me on Monday, April 9, 2007, regarding several outstanding discovery issues. My colleague, Mark Romaniuk, has had a number of trials set over the last couple of months that have demanded his attention; however, his trial calendar has now improved significantly. Mark and I are therefore meeting this week to address your discovery issues and will respond by no later than next week.

    If you have any questions, please do not hesitate to contact me.

                                   Very truly yours,

                                   Christopher C. Murray

CCM:nh

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

MARK J. ROMANIUK
Attorney at Law
Direct 317.237.1135
mark.romaniuk@bakerd.com

INDIANA
WASHINGTON, D.C.
CHINA

August 2, 2007

VIA OVERNIGHT MAIL
AND FACSIMILE

David R. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203

Re: Kim Foreman v. MasterBrand Cabinets, Inc.
    Cause No. 3:06-cv-449-MHT

Dear David:

I write to address the issue of written discovery in the above-captioned matter. On behalf of your client, you have taken issue with the scope and sufficiency of MasterBrand Cabinets, Inc.'s ("MBCI") responses to your discovery requests. Upon review, we have identified some issues and potential deficiencies with regard to the scope and sufficiency of your client's responses to our discovery requests. This letter and the enclosed documentation hopefully addresses your concerns. Under separate cover, we will send you an explanation of our concerns relating to the scope and sufficiency of your client's responses.

In response to your concerns, please find enclosed supplemental responses to certain of Plaintiff's interrogatories and document requests. In conjunction with the supplemental responses, we are producing additional documents relevant and responsive to the requests. By supplementing its discovery responses, MBCI does not waive any of its objections to Plaintiff's discovery requests. Rather, MBCI is providing additional information and documents that you have requested in a good faith effort to avoid any discovery disputes. I have also set forth below a response to several of the points raised by your letter with respect to specific discovery requests where MBCI does not believe it is necessary to supplement its discovery responses.

## I. INTERROGATORIES

**Interrogatories 7 and 8.** Plaintiff's Interrogatory No. 7 asked for the reasons Plaintiff was terminated and the identity of the documents and witnesses who MBCI maintains have knowledge of the facts supporting that decision. Interrogatory No. 8 asked whether MBCI contends any of the facts alleged in Plaintiff's EEOC charge are false and requests that MBCI identify each fact it alleges is false and state what MBCI contends to be the correct facts.

David R. Arendall                                    -2-                                    August 2, 2007

In response to those interrogatories, MBCI referred Plaintiff to its responses to Plaintiff's Requests for Admission ("RFA"), its response to Plaintiff's Interrogatory No. 1, and to the documents that it produced in response to Plaintiff's Request for Production ("Request") No. 4, which included Plaintiff's personnel file.

In your letter, you state, "You have referred me to documents produced. I have no problem with your response so long as it fully answers the Interrogatory [sic]."

We respectfully note that MBCI's responses to these interrogatories – including in particular MBCI's response to Plaintiff's RFA No. 7 and the documents from Plaintiff's personnel file regarding the termination of her employment – fully describe the events leading up to and the reasons for the termination of Plaintiff's employment. The information and documents identified indicate that Plaintiff's employment was terminated because she left her position on April 12, 2005, without informing any management representative and was absent from performing her duties without permission for over six hours. These responses and documents also identify the individuals with knowledge of these facts. We therefore believe that MBCI's prior responses adequately answer Plaintiff's Interrogatory Nos. 7 and 8. If you disagree with our assessment, please advise and we can discuss this matter further.

**Interrogatory No. 10.** This interrogatory asked about complaints concerning Plaintiff's performance during her employment with MBCI. MBCI's response to this interrogatory noted that information concerning complaints about Plaintiff's performance was not relevant and that this question had already been asked and answered on at least two other occasions.

Your letter states that you assume from MBCI's response that the one and only reason for Plaintiff's termination were the events of her last day on the job and that you further assume MBCI is not asserting an after-acquired evidence defense.

You are correct that MBCI's position is that Plaintiff's termination was based on her conduct on April 12, 2005, when she left her position without informing any management representative and was absent from performing her duties without permission for over six hours. MBCI is not relying on any prior discipline that Plaintiff may have received as the basis for her termination. Please note, however, that although MBCI is not currently aware of an after-acquired evidence defense, MBCI does not waive the right to raise such a defense as these proceedings progress should evidence become available that supports the defense.

**Interrogatory No. 18.** This interrogatory asked for detailed information about MBCI's e-mail system and back-up systems and procedures, as well as the identity of "all e-mail . . . that relate to, reference or are relevant to the subject matter of this litigation."

MBCI responded to this interrogatory objecting that it sought information that was not relevant. Subject to its objection, MBCI further stated that there were no e-mails to its knowledge that "related to . . . the subject matter of this litigation" from prior to the filing of Plaintiff's charge and that e-mails post-dating the charge were in anticipation of litigation. MBCI further stated that, subject to its objections, it would also make available its Information Technology

David R. Arendall                    -3-                    August 2, 2007

Compliance Officer for deposition on the working of MBCI's systems, if Plaintiff believed that such information was relevant.

In your letter, you state that your concern is "to ensure that [you] have all emails that deal with [your] client, comparator, and any non-privilege communication among management or other employees of [our] client dealing with Plaintiff and/or comparators." You further state that "As long as I have that, I am satisfied with your response."

MBCI respectfully notes that your interpretation goes beyond the scope of Interrogatory No. 18 and MBCI's response to it. For example, consistent with MBCI's initial response, it is possible there exists e-mail "dealing with Plaintiff and/or comparators" which is not "relate[d] to, reference or . . . relevant to the subject matter of this litigation." MBCI has not represented to the contrary. In addition, we note that you do not identify specific individuals in your letter, but we assume by "comparators" you mean DuWayne Nazworth and Thomas Clack, the two employees identified in Plaintiff's Complaint to whom she compares herself. With this clarification, MBCI states that it does not believe its response to Interrogatory No. 18 requires supplementation.

## II. REQUESTS FOR PRODUCTION

**Request No. 11.** This request sought "[a]ny and all internal documents, including e-mails, (as defined herein) maintained by Defendant relating to the Plaintiff's claims, as alleged in the Complaint in this matter."

MBCI responded to this request by first referring Plaintiff to all of the other documents produced by MBCI in response to Plaintiff's other document requests. In addition, MBCI objected to this request to the extent it sought additional documents because the request is vague, ambiguous, overly broad, and unduly burdensome. MBCI explained, for example, that there could be any number of documents that in some indirect manner "relate to" Plaintiff's claims. Finally, MBCI objected to the extent that this request sought privileged or otherwise protected documents.

In your letter, you state that this request is addressed under Interrogatory No. 18. Although we are not clear exactly what this means, we respectfully refer you to our discussion above concerning Interrogatory No. 18. If you have additional questions about MBCI's response to either that interrogatory or to Request No. 11, please let us know. Otherwise, MBCI states that its response to Request No. 11 does not require supplementation.

Once again, if you would like to discuss these matters further, please do not hesitate to contact me or Chris Murray.

Very truly yours,

Mark J. Romaniuk

Enclosures

BDDB01 4766132v4

# BAKER & DANIELS LLP

EST. 1863

300 North Meridian Street, Suite 2700 • Indianapolis, Indiana 46204
Tel. 317.237.0300 • Fax 317.237.1000
www.bakerdaniels.com

INDIANA
WASHINGTON, D.C.
CHINA

## Facsimile Cover Letter

*RM*

**CONFIDENTIALITY NOTICE:** THE MATERIALS IN THIS FACSIMILE TRANSMISSION ARE PRIVATE AND CONFIDENTIAL AND ARE THE PROPERTY OF THE SENDER. THE INFORMATION CONTAINED IN THE MATERIAL IS PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, BE ADVISED THAT ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS MATERIAL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE FORWARDED DOCUMENTS TO US.

**PLEASE DELIVER THE FOLLOWING PAGE(S) TO:**

| | Name | Company | Fax No. | Phone No. |
|---|---|---|---|---|
| 1. | David R. Arendall | ARENDALL & ASSOCIATES | 205-252-1556 | 205-252-1550 |

**From:** Mark J. Romaniuk

**Date:** August 2, 2007

**Comments:**

**Return To:** Penny Szolis

Total number of pages, including cover letter: 4

A hard copy of this transmission _____ will be sent by regular mail

__X__ will be sent by overnight mail (*with enclosures*)

_____ will not be sent under separate cover

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE FAX DEPARTMENT AT 317.237.1135 AS SOON AS POSSIBLE.**