# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,                          )
                                      )
            Plaintiff,                )        CAUSE NO. 3:06-cv-449-MHT
                                      )
        v.                            )
                                      )
MASTERBRAND CABINETS, INC.,           )
                                      )
            Defendant.                )

## DEFENDANT MASTERBRAND CABINETS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant MasterBrand Cabinets, Inc., ("MBCI"), by counsel, responds to

Plaintiff's First Request for Admissions ("RFAs") as follows:

### GENERAL OBJECTIONS

1.      MBCI objects to Plaintiff's RFA on the basis of the attorney-client

privilege to the extent the RFAs seek disclosure of information constituting, evidencing or

reflecting confidential communications between MBCI and its attorneys or information that is

otherwise protected from disclosure by the attorney-client privilege.

2.      MBCI objects to Plaintiff's RFAs on the basis of the work product

doctrine and/or Rule 26(b)(3) of the Federal Rules of Civil Procedure, to the extent the RFAs

seek the disclosure of information prepared in anticipation of litigation or for trial by or for

MBCI; the disclosure of the mental impressions, conclusions, opinions or legal theories of

MBCI's attorneys or other representatives; or, information that is otherwise protected from

disclosure by the work product doctrine or Rule 26(b)(3) of the Federal Rules of Civil Procedure.

3.      MBCI objects to Plaintiff's RFAs to the extent the RFAs seek the

disclosure of confidential business information that is not related to the subject matter of this

lawsuit on the grounds that the RFAs are overly broad in terms of time and/or scope in that the

RFAs seek information which is neither relevant nor material to the subject matter of this action

and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      MBCI assumes no obligation to supplement these responses except to the

extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.      MBCI objects to the extent "Defendant" refers to any entity other than

MBCI's Auburn, Alabama facility as overly broad, unduly burdensome and not reasonably likely

to lead to the discovery of admissible evidence. All answers below assume "Defendant" or

"MBCI" refers to MBCI's Auburn, Alabama facility.

6.      These General Objections are incorporated by reference, as if fully stated

therein, in each of MBCI's Responses below.

## OBJECTIONS AND ANSWERS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**      Admit that Plaintiff began working
for Defendant on July 24, 2000, as an expeditor.

**ANSWER:**    Denied.  MBCI admits that Plaintiff began working for MBCI on

July 24, 2000.  At all times Plaintiff was employed as an Assembler in the Assembly

Department.  One of the job functions or tasks that may be assigned to an Assembler is that of

expediting.  While Plaintiff's primary assignment was expediting, she could have been

reassigned to a different task within the Assembler job classification based upon the production

requirements of the plant.  The expediting function involves obtaining missing or damaged

components so that the cabinets may be shipped as a complete kitchen.  The expediting function

involves identifying the part or component that needs to be repaired or replaced and working

with the other departments in the production cycle to obtain the item so that the cabinet may be

-2-

fully assembled and sent to the Shipping Department. MBCI denies the remainder of Request

for Admission No. 1.


**REQUEST FOR ADMISSION NO. 2:**    Admit that Plaintiff's job duties
consisted of re-ordering rejected materials and shipping finished cabinets to buyers.

**ANSWER:**    Denied.  See MBCI's response to Request for Admission No. 1.


**REQUEST FOR ADMISSION NO. 3:**    Admit that on April 13, 2005, at
approximately 9 a.m. Plaintiff immediately left work with the knowledge and permission of her
supervisor to go home to change her clothing due to the fact that her clothing was visibly stained
from her monthly menstrual period.

**ANSWER:**    Denied.  MBCI admits that on April 12, 2005 at approximately

8:54 a.m. Plaintiff walked off the job.  Plaintiff did not advise nor seek the permission of her

team leader, Mr. Buddy Smith, prior to leaving work.  To the best of MBCI's knowledge,

Plaintiff did not advise or seek to advise any member of MBCI's management team of her need

to leave work in advance of her departure.  MBCI denies the remainder of Request for

Admission No. 3.


**REQUEST FOR ADMISSION NO. 4:**    Admit that Plaintiff returned to work
on April 13, 2005, at approximately 3 p.m.

**ANSWER:**    Denied.  MBCI admits that Plaintiff clocked back in to work more

than six hours later at 3:36 p.m. on April 12, 2005.  MBCI denies the remainder of Plaintiff's

Request for Admission No. 4.


**REQUEST FOR ADMISSION NO. 5:**    Admit that at approximately 5 p.m.
on April 13, 2005, Plaintiff was suspended by Norm (LNU), the Plant Manager, for leaving
work.

-3-

**ANSWER:**    Denied. MBCI admits that on April 12, 2005, Plaintiff's

employment was suspended pending outcome of MBCI's investigation. MBCI denies the

remainder of Request for Admission No. 5.


**REQUEST FOR ADMISSION NO. 6:**    Admit that Norm informed Plaintiff
that she would need to speak with Tom Darknell the Human Resources Manager, at 7 a.m. the
next day.

**ANSWER:**    Denied. MBCI admits that the Plant Manager, Norm Krogh,

informed Plaintiff that she would need to report to Human Resources on the morning of April 13,

2005. MBCI denies the remainder of Request for Admission No. 6.


**REQUEST FOR ADMISSION NO. 7:**    Admit that on April 15, 2005,
Plaintiff met with Darknell who informed Plaintiff that she was terminated for abandoning her
job.

**ANSWER:**    MBCI admits that on April 13, 2005, Plaintiff met with the Human

Resources Manager, Tom Barthel, who informed Plaintiff that her employment was terminated

because she had left the plant without notifying any member of management, was gone without

any valid reason for the excessive time missed, had a handbook and had reviewed the appropriate

policies at the time of her hire, and should have been aware of the consequences of her action.


**REQUEST FOR ADMISSION NO. 8:**    Admit that Plaintiff had received no
discipline prior to her termination.

**ANSWER:**    Denied. In February 2001, Plaintiff received a written warning for

absenteeism.


**REQUEST FOR ADMISSION NO. 9:**    Admit that DeWayne Nazareth
(white male) walked off his job and announced that he was quitting, but returned to work the
next day.

-4-

**ANSWER:**    MBCI objects to Plaintiff's Request for Admission No. 9 on the basis that it is vague and ambiguous in that it fails to specify a date or time period in question. Subject to and without waiving its objection, MBCI denies Request for Admission No. 9.  MBCI admits that to the best of its knowledge Mr. Duwayne Nazworth is a white male.  However, the company does not have any verifiable information that Mr. Nazworth has ever walked off the job.  There are no written warnings contained within Mr. Nazworth's personnel file indicating that he has ever been written up for walking off the job.  While there is a document in the personnel file indicating that Mr. Nazworth "walked out" on September 24, 2004, there is also documentation indicating that he had a scheduled doctor's appointment on this date. Mr. Nazworth remains employed with MBCI and as of the date of these responses, he has no active disciplinary action in his personnel file.

**REQUEST FOR ADMISSION NO. 10:**    Admit that Nazareth was written up for the above action, but was not terminated.

**ANSWER:**    Denied.  See MBCI's response to Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 11:**    Admit that Thomas "Mike" Clack (white male) left his shift, packed his company tools, and walked off his post, yet was not terminated.

**ANSWER:**    MBCI objects to Plaintiff's Request for Admission No. 11 on the basis that it is vague and ambiguous in that it fails to specify a date or time period in question. Subject to and without waiving its objection, MBCI denies Request for Admission No. 11. MBCI admits that to the best of its knowledge, Thomas "Mike" Clack is a white male.  However, a review of Mr. Clack's employment history with MBCI revealed the following information. Mr. Clack was employed as a lead person in the role of a Support Tech.  On May 16, 2005,

-5-

Mr. Clack worked the entire scheduled production shift. After scheduled production was completed but before the full duties and responsibilities of the Support Tech position were completed, Mr. Clack clocked out and left work without first notifying his team leader, Mr. Buddy Smith. As a result of this incident, Mr. Clack was issued a written warning and was demoted from the Support Tech lead position.

**REQUEST FOR ADMISSION NO. 12:**    Admit that Caucasian employees in addition to those listed above have abandoned their jobs, but have not been terminated by Defendant.

**ANSWER:**    Denied. MBCI objects to Plaintiff's Request for Admission No. 12 on the basis that it assumes facts not in evidence and fails to define the phrase "abandoned their jobs." Subject to and without waiving its objections, MBCI states that each employee's situation is evaluated based upon the facts presented by the situation and in conjunction with applicable policy. MBCI denies that it has treated any employee differently than it treated Plaintiff for abandoning their position without prior notification for over six hours of a scheduled shift.

**REQUEST FOR ADMISSION NO. 13:**    Admit that Plaintiff was singled out and treated differently because of her gender, female, and her race, black.

**ANSWER:**    Denied.

-6-

Respectfully submitted,

BAKER & DANIELS LLP

By:

Mark J. Romaniuk, (IN Bar #15255-49)
Christopher C. Murray (IL Bar # 6275571)
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

Attorneys for Defendant, MasterBrand
Cabinets, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December *&th* 2006, I mailed a copy of the foregoing Defendant's

Responses to Plaintiff's First Request for Admissions by U.S. Mail, postage paid, to the

following:

David R. Arendall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
dra@arendalllaw.com, ras@arendalllaw.com
ada@arendalllaw.com

Mark J. Romaniuk, (IN Bar #15255-49)
Christopher C. Murray (IL Bar # 6275571)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

-7-