# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 3:06-cv-449-MHT |
| ) | |
| v. ) | |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT MASTERBRAND CABINETS, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), by counsel, responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. MBCI objects to Plaintiff's Interrogatories on the basis of the attorney-client privilege to the extent the Interrogatories seek disclosure of information constituting, evidencing or reflecting confidential communications between MBCI and its attorneys or information that is otherwise protected from disclosure by the attorney-client privilege.

2. MBCI objects to Plaintiff's Interrogatories on the basis of the work product doctrine and/or Rule 26(b)(3) of the Federal Rules of Civil Procedure, to the extent the Interrogatories seek the disclosure of information prepared in anticipation of litigation or for trial by or for MBCI; the disclosure of the mental impressions, conclusions, opinions or legal theories of MBCI's attorneys or other representatives; or, information that is otherwise protected from disclosure by the work product doctrine or Rule 26(b)(3) of the Federal Rules of Civil Procedure.

3. MBCI objects to Plaintiff's Interrogatories to the extent the Interrogatories seek the disclosure of confidential business information that is not related to the subject matter of

this lawsuit on the grounds that the Interrogatories are overly broad in terms of time and/or scope in that the Interrogatories seek information which is neither relevant nor material to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence.

    4.  MBCI assumes no obligation to supplement these responses except to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

    5.  MBCI objects to the extent "Defendant" refers to any operation other than MBCI's Auburn, Alabama operation. All answers below assume "Defendant" or "MBCI" refers to MBCI's Auburn, Alabama operation.

    6.  These General Objections are incorporated by reference, as if fully stated, in each of MBCI's Answers below.

## OBJECTIONS AND ANSWERS TO SPECIFIC REQUESTS FOR ADMISSION

**INTERROGATORY NO. 1:**  If you fail to fully admit any Request for Admission set forth above, explain in detail each and every reason for your failure to admit, identifying all facts and each individual with knowledge of such facts, along with reference to any document(s) supporting such claim.

**ANSWER:**  In addition to its general objections, MBCI objects to this Interrogatory on the basis that it suggests or implies Plaintiff's Request for Admissions contain accurate facts and information, which suggestion or implication is expressly denied. Consequently, there were very good reasons for MBCI's "failure to fully admit" requests that were factually inaccurate or contained incomplete information. Subject to and without waiving its Objections, MBCI states that reasons and facts for MBCI's denials of Plaintiff's Requests for Admission are set forth in MBCI's responses. MBCI further states that the following documents, and, to the best of

MBCI's knowledge, the following individuals have knowledge of, and support MBCI's responses to the Request for Admissions:

With respect to Request for Admission Nos. 1 and 2: Plaintiff, Norm Krogh, Buddy Smith, Tom Barthel, Jerry Rolison, Perry Ezell, and other members of MBCI's management team who from time to time may have served as Plaintiff's supervisor. Plaintiff's personnel file.

With respect to Request for Admission Nos. 3 and 4: Plaintiff, Buddy Smith, Norm Krogh, Anthony Zellars, Tom Barthel and both current and former members of MBCI's Human Resources Department. Plaintiff's personnel file.

With respect to Request for Admission No. 5: Plaintiff, Norm Krogh, Anthony Zellars and Tom Barthel. Plaintiff's personnel file.

With respect to Request for Admission No. 6: Plaintiff and Norm Krogh. Plaintiff's personnel file.

With respect to Request for Admission No. 7: Plaintiff, Tom Barthel and Dot Humphries. Plaintiff's personnel file.

With respect to Request for Admission No. 8: Plaintiff and all individuals who served in the capacity as Human Resources Manager during the time of Plaintiff's employment. Plaintiff's personnel file.

With respect to Request for Admission Nos. 9 and 10: Duwayne Nazworth, Tom Barthel and Perry Ezell. Personnel file of Duwayne Nazworth.

With respect to Request for Admission No. 11: Thomas "Mike" Clack, Buddy Smith, Tom Barthel and Perry Ezell. Personnel file of Thomas Clack.

With respect to Request for Admission No. 12: Jerry Rolison, Tom Barthel and Perry Ezell.

With respect to Request for Admission No. 13: Anthony Zellars, Norm Krogh, Buddy Smith, and Tom Barthel.

To the extent that Interrogatory No. 1 seeks additional information or documents, MBCI objects on the grounds of the attorney-client privilege and the work-product doctrine.

**INTERROGATORY NO. 2:** Do you contend that Plaintiff was not subjected to race and/or gender discrimination? If your answer is affirmative, either in whole or in part, please state the reason(s) which support your contention; provide the names of the persons who support this contention and any and all documents which support your contention; and describe fully what investigation was performed by the Defendant of Plaintiff's claims.

**ANSWER:** Subject to and without waiving its General Objections, MBCI states that Plaintiff was not subjected to race or gender discrimination and that the termination of her employment was based solely on her conduct and behavior without regard to her race or gender. MBCI does not tolerate the use of race or gender as a factor in employment decisions. Additionally, there is no evidence to suggest that race or gender was a factor in the decision and there were both females and African-American members of the management team who were involved in the decision making process regarding the Plaintiff. To the best of MBCI's knowledge, Tom Barthel, Dot Humphries, Norm Krogh, Buddy Smith, and Anthony Zellars have knowledge relating to the termination of Plaintiff's employment and/or the events leading to it. Plaintiff's personnel file contains documents relating to the reasons for Plaintiff's termination. Information relating to any investigation conducted in connection with Plaintiff's EEOC Charge is protected by the attorney-client privilege, the work-product doctrine and/or Rule 26(b)(3) of the Federal Rules of Civil Procedure. To the extent that Plaintiff's Interrogatory No. 2 seeks additional

information, MBCI objects on the grounds that such information is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** Describe fully the Defendant's policy on race discrimination, gender discrimination, suspension, scheduling, evaluation, discipline, code of conduct; job abandonment; the policy for employees leaving work early; policy used to continue the employment of an employee who leaves work without reporting off; any policy used to discipline Plaintiff, the policy used to terminate Plaintiff (i.e. date of implementation, author, amendments, if any, and date of amendments, etc.; how each is disseminated to employees; how each is set for each employee; how each policy is reviewed to prevent race discrimination and/or age discrimination; how race discrimination and gender discrimination are to be reported; and how each is to be investigated by Defendant.

**ANSWER:** In addition to its General Objections, MBCI objects to this Interrogatory on the basis that it suggests or implies that all terms and rules of employment must be in writing, which suggestion or implication is expressly denied. Many situations need to be addressed on a case-by-case basis in conjunction with the application of policy and practice. Subject to and without waiving its Objections, see documents MBCI produced in response to Plaintiff's Request for Production No. 6. To the extent that Interrogatory No. 3 seeks additional information, MBCI objects on the grounds that such information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:** For Plaintiff, state the following:

   a. Date of hire and date employment with Defendant ended;
   b. Job duties and each job title held with applicable dates;
   c. Date, reason, and nature of any and all disciplinary action(s), if any, taken against Plaintiff;
   d. Rate(s) of pay while employed; together with the dates of any changes; and
   e. Name, race, gender, and job title of any and all person(s) making the decision(s) as to any disciplinary action taken against Plaintiff

**ANSWER:** Subject to and without waiving its General Objections, see the documents produced by MBCI in response to Plaintiff's Request for Production No. 4, Plaintiff's Interrogatory No. 14 and MBCI's responses to Plaintiff's Requests for Admissions Nos. 1 and 8.

-5-

Tom Barthel, Former Human Resources Manager, was the ultimate decision maker with respect to the termination of Plaintiff's employment while working in conjunction with the operations management team. Employment decisions, including disciplinary action, are made through the Human Resources Department. To the best of MBCI's knowledge, Tom Barthel is a Caucasian male. To the extent that Plaintiff's Interrogatory No. 4 seeks additional information, MBCI objects that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** For Norm (LNU), Anthony Zellars, Buddy Smith, and Tom Darknell, state the following:

   a. Date of hire and date employment with Defendant ended (if applicable);
   b. previous or post complaints of discrimination based on race and/or gender by any employees of Defendant or any other company worked for;
   c. Last known address and telephone number.

**ANSWER:** In addition to its General Objections, MBCI objects to Plaintiff's Interrogatory No. 5 to the extent that it seeks information about other potential situations that would have no relevance or bearing upon the present dispute. Subject to and without waiving its objections, MBCI answers:

Norm Krogh: employed July 10, 2000 through March 17, 2006

2387 Morgan Dr., Auburn AL 36830 (334-501-7038)

Anthony Zellars: employed November 2002 through July 21, 2006

644 Moores Mill Dr., Auburn, AL 36830 (334-821-3665)

Buddy Smith: employed September 13, 1999 through present

May be contacted through undersign counsel

Tom Barthel: employed June 14, 2004 through June 3, 2005

440 Blake St., Auburn, AL 36830 (334-361-7202)

Also see documents produced by MBCI in response to Plaintiff's Request for Production No. 4. MBCI further states that there are essentially two ways a MBCI employee can complain about race or gender discrimination in accordance with MBCI's EEO policy. A MBCI employee may complain at the local level (Auburn plant) or make a complaint at the corporate level. A review of MBCI's records during the time period encompassing June 2003 to June 2005 revealed only one complaint that could be classified as a complaint of race or gender discrimination. The complaint in question was made by the Plaintiff. To the extent that Plaintiff's Interrogatory No. 5 seeks additional information, MBCI objects that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:** State who had any control over Plaintiff's job assignments, work schedule, pay increases, and/or discipline. Include in your answer the above-referenced individual's race, gender, job title, and what control over Plaintiff said individual(s) had.

**ANSWER:** Subject to and without waiving its General Objections, MBCI states that: Norm Krogh, Senior Manufacturing Manager, was responsible for suspending Plaintiff, and Tom Barthel, Human Resources Manager, ultimately made the decision to terminate Plaintiff's employment. Mr. Krogh was one of Plaintiff's supervisors, and Mr. Barthel had general responsibility for personnel matters in the Auburn plant at the time of the termination of Plaintiff's employment. To the best of MBCI's knowledge, both are Caucasian males. Decisions

made by these individuals were based upon information received from other members of the management team and with the approval of the General Manager of the Operation, Anthony Zellars. To the best of MBCI's knowledge, Mr. Zellars is an African-American male. Any member of MBCI's Auburn management team may have supervisory authority over the Plaintiff from time to time. Additionally, MBCI's corporate human resources team is involved to a limited extent in employment-related decisions. To the extent that Plaintiff's Interrogatory No. 6 seeks additional information, MBCI objects that such information is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:** State in detail each and every reason Plaintiff was terminated, identifying all documents and witnesses who Defendant maintains have knowledge of the facts in support of the decision.

**ANSWER:** Subject to and without waiving its General Objections, see the documents produced by MBCI in response to Plaintiff's Request for Production No. 4, MBCI's response to Plaintiff's Request for Admission No. 7, and MBCI's response to Plaintiff's Interrogatory No. 1

**INTERROGATORY NO. 8:** Do you contend that any of the facts set forth in the Plaintiff's EEOC charges are erroneous, incomplete or false? If your answer is in the affirmative, either in whole or in part, identify each fact alleged in the Plaintiff's EEOC charge which you contend to be erroneous, incomplete or false and state what you contend to be the correct facts.

**ANSWER:** Subject to and without waiving its General Objections, see MBCI's Responses to Plaintiff's Requests for Admission Nos. 1 through 13. To the extent that Plaintiff's Interrogatory No. 8 seeks additional information, MBCI objects on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because it fails to state with specificity the information sought.

**INTERROGATORY NO. 9:** State whether you have taken statements or had any employees fill out either verbally or in writing questionnaires relating to Plaintiff's allegations. If so, state the name, address and home telephone number of each employee.

**ANSWER:** MBCI has no statements other than those protected by the attorney-client privilege, the work-product doctrine and/or Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:** Please state whether **during** and/or **after** Plaintiff's employment with Defendant, you received any complaint(s) relating to Plaintiff's performance. If your answer is in the affirmative, please state the name of the individual who complained about Plaintiff's job performance and the nature of said complaints.

**ANSWER:** In addition to its General Objections, MBCI objects to Plaintiff's Interrogatory No. 10 on the ground that information concerning complaints about Plaintiff's performance are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this question has been asked and answered on at least two separate occasions in responding to this discovery.

**INTERROGATORY NO. 11:** Describe in detail any and all lawsuits (including style of the case, case number and resolution of case, if applicable), charges of race discrimination and/or gender discrimination, internal grievances or other complaint(s) which have been filed against Defendant since January 1, 2002.

**ANSWER:** In addition to its General Objections, MBCI objects to Interrogatory No. 11 on the ground that it is overly broad and unduly burdensome, and seeks information that is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Allegations of discrimination by others are not probative of alleged discrimination directed at an individual plaintiff and, therefore, are not properly discoverable in individual discrimination actions. See Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 & n.7 (7th Cir. 1990); White v. Money Store, 1997 WL 126847, at *3 (N.D. Ill. 1997) (holding that whether

-9-

BDDB01 4558054v3

other race discrimination claims had been filed against the defendant was irrelevant with regard to establishing the elements of the plaintiff's discrimination claim); Griffiths v. CIGNA Corp., 1992 WL 13016, at *1-2 & n.2 (E.D. Pa. 1992) (holding that discrimination charges against other employees of the defendant irrelevant and not discoverable); Prouty v. National R.R. Passenger Corp., 99 F.R.D. 551 (D.D.C. 1983) (holding that copies of all claims filed with the EEOC against the employer were not discoverable); Miller v. Doctors General Hosp., 76 F.R.D. 136, 138-39 (W.D. Okla. 1977) (holding that discovery requests seeking information as to discrimination complaints need not be answered).

**INTERROGATORY NO. 12:** Identify each employee who has committed the same or similar infraction as was used to terminate Plaintiff who was **not** terminated since January 1, 2002, by name, race, age, date of hire, any date(s) of discipline; date(s) and reason for all such actions; and the name, race, gender, and job title of each supervisor or other managerial official who made the decision not terminate or discharge said employee.

**ANSWER:** In addition to its general objections, MBCI also objects to Interrogatory Number 12 on the basis that it is overly broad in terms of the time frame identified. MBCI also objects on the basis that the interrogatory suggests or implies that there were similarly situated employees as the plaintiff who were treated differently than the plaintiff, which implication is expressly denied. Subject to and without waiving its objections, MBCI states that during the time period encompassing June 2003 to June 2005 it is not aware of any employee who "committed the same or similar infraction as was used to terminate Plaintiff...." MBCI's investigation into this matter revealed that during the time period referenced above one employee committed a same or similar offense as the plaintiff. On February 16, 2005, Ms. Camil Hutchinson, a third shift employee, walked off the job at approximately 2:42 a.m. without notifying management. Ms. Hutchinson's conduct was investigated and it was determined that her actions warranted the termination of her employment relationship. At the time,

Ms. Hutchinson already had two prior written warnings.

The plaintiff and Ms. Hutchinson's misconduct in walking off the job prior to the end of the shift without notifying management in general terms constitutes insubordination. The magnitude and extent of the insubordinate conduct or behavior determines the level of discipline to be issued. During the time period referenced above, MBCI terminated employees for insubordinate conduct and behavior who did not have two prior written warnings. MBCI has also used progressive discipline with respect to other employees who have engaged in insubordinate conduct and behavior. Once again, the extent of discipline issued was based upon the circumstances (including mitigating and extenuating circumstances) and not by the race and/or gender of the employee involved.

**INTERROGATORY NO. 13:** For each decision maker involved in any discipline against Plaintiff, show the following:

   a. Name, race, gender, and job title;
   b. Name, race, gender, and position held for each individual this person has disciplined or had input into discipline for such person; and
   c. Show the type of discipline and date of discipline implemented.

   Include in your response any individuals accused of the same or similar violations for which Plaintiff was disciplined (including termination), but who did **not** receive any discipline by this decision-maker(s).

**ANSWER:** Subject to and without waiving its General Objections, MBCI states that Tom Barthel, Human Resources Manager, was the ultimate decision maker regarding the termination of Plaintiff's employment. To the best of MBCI's knowledge, Barthel is a Caucasian male. See MBCI's responses to the prior interrogatories for more information about the decision-making process and the individual's involved. At no time would the decision to terminate the employment of an MBCI employee be made unilaterally and without consultation with other representatives of the management team either at the local, regional or corporate level.

BDDB01 4558054v3

**INTERROGATORY NO. 14:**   Please state the amount of gross compensation, including overtime pay, anticipated raises, commissions, bonuses and other elements of compensation, Plaintiff would have earned through the date you answer these interrogatories had the Plaintiff remained employed with you, and state the basis of your computation.

**ANSWER:**   Subject to and without waiving its General Objections, MBCI states that it does not possess the computation sought by Plaintiff's Interrogatory No. 14.

**INTERROGATORY NO. 15:**   Please identify each and every **fact** in support of any affirmative defense which the Defendant has pled in this case together with identification of any and all documents which support each and every defense.

**ANSWER:**   In addition to its General Objections, MBCI objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome because it fails to state with specificity the information sought and because discovery is still ongoing in this matter.

**INTERROGATORY NO. 16:**   Identify all employees of Defendant since January 1, 2002, who were accused of the same or similar infractions as was Plaintiff, showing the name of the employee, race, age, position with the company, date of each incident, witnesses thereto, discipline imposed, decision-maker, details of incident and why each said employee was or was not disciplined.

**ANSWER:**   See MBCI's response to Plaintiff's Interrogatory No. 12.

**INTERROGATORY NO. 17:**   Identify any documents, facts, people or potential witnesses as defined herein, that may be utilized for impeachment purposes, and arguably an exception to local Rule 26.1.

**ANSWER:**   In addition to its General Objections, MBCI objects to this Interrogatory to the extent that its seeks the discovery of information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving its objections, MBCI states that it has not yet determined which documents, facts, or potential witnesses it may utilize at the trial of this lawsuit for impeachment purposes. MBCI may utilize any documents, facts, or potential witnesses identified in MBCI's Initial Disclosures or in any witness list that MBCI files pursuant

-12-

to any case management plan or other pretrial order entered by the Court. Additionally, MBCI may call as witnesses any individuals identified during discovery proceedings in this action, including any individuals identified in these answers to interrogatories.

**INTERROGATORY NO. 18:** Identify all e-mail systems in use, including but not limited to the following:

   a. List all e-mail software and versions presently and previously used by you and the dates of use;
   b. Identify all e-mail known to you (including creation date, recipient(s) and sender) that relate to, reference or are relevant to the subject matter of this litigation;
   c. All procedure and devices used to back up the software and the data, including but not limited to name(s) of backup software used, the frequency of the backup process, and type of backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stores on each tape;
   d. Describe the tape or backup rotation and explain how backup data is maintained and state whether the backups are full or incremental (attach a copy of all rotation schedules);
   e. State whether backup storage media is kept off-site or on-site. Include the location of such backup and a description of the process for archiving and retrieving on-site media;
   f. Identify and describe all backup tapes in your possession.

**ANSWER:** In addition to its General Objections, MBCI objects to this Interrogatory on the ground that the information sought is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Interrogatory cannot be fully responded to in a written narrative due to the nature and extent of the information requested. To the best of MBCI's knowledge, there were no e-mails that "relate to . . . the subject matter of this litigation" prior to the filing of the charge. E-mails postdating the charge were in anticipation of litigation. Subject to and without waiving its various objections, if Plaintiff and her counsel still feel that the information requested (which is not protected) is relevant to this litigation, MBCI will agree to make Mr. Bill Storey, MBCI's

Information Technology Compliance Officer, available to be deposed so that he can more fully explain the operation of MBCI's network based computer system.

## AFFIRMATION

I hereby affirm under the penalties of perjury that the foregoing representations are true and accurate to the best of my knowledge.

_____
Perry Ezell, Human Resources Manager
MasterBrand Cabinets, Inc.

AS TO OBJECTIONS ONLY:

Respectfully submitted,

MASTERBRAND CABINETS, INC.

By: _____
Mark J. Romaniuk, (IN Bar #15255-49)
Christopher C. Murray (IL Bar # 6275571)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

Attorneys for Defendant

-15-

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I mailed a copy of the foregoing Defendant's Answers to Plaintiff's First Set of Interrogatories by U.S. Mail, postage paid, to the following:

> David R. Arendall
> Allen D. Arnold
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, Alabama 35203
> dra@arendalllaw.com, ras@arendalllaw.com
> ada@arendalllaw.com

*Mark J. Romaniuk/dop*
Christopher C. Murray

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
christopher.murray@bakerd.com