IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**KIM FOREMAN,**

**PLAINTIFF,**          **CIVIL ACTION NO. 3:06cv00449 (MHT)**

**V.**

**MASTERBRAND CABINETS, INC.,**

**DEFENDANT.**

**PLAINTIFF'S BRIEF REGARDING PUNITIVE DAMAGES IN REGARD TO HER CLAIM OF RACE DISCRIMINATION**

COMES NOW the Plaintiff, by and through undersigned counsel, and submits this brief as ordered by the Court on September 6, 2007:

1. Plaintiff has submitted claims of race discrimination and gender discrimination.

2. Plaintiff and Defendant each rested their case on September 6, 2007.

3. Following the close of evidence on September 6, 2007, the Court heard oral argument on Defendant's Rule 50 Motion for Judgment as a Matter of Law.

4. The Court denied Defendant's motion in regard to Plaintiff's gender discrimination claim. The Court withheld ruling in regard to Plaintiff's race discrimination claim and requested both parties brief the Court as to the merits of

1

punitive damages in regard to Plaintiff's race discrimination claim.

5.  A Court uses the same standard to award punitive damages under Title VII as it does under § 1981.  *Miller v. Kenworth of Dothan, Inc.,* 82. F. Supp. 2d 1299, 1306 n.6 (M.D. Ala. 2000) (rev'd on other grounds).  A Court may award punitive damages under § 1981 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless of callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).

6.  The Supreme Court set forth the standard for an employee's entitlement to punitive damages in *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).  Under *Kolstad*, an employee must show that (1) the employer acted with malice or reckless indifference, an inquiry which ultimately focuses on the actor's state of mind; (2) that the employee causing or permitting the unlawful discrimination works in a managerial capacity (3) that the managerial employee was acting within the scope of employment and (4) that the employees managerial employee's unlawful discrimination is not contrary to the good faith efforts to comply with Title VII.  *Id*. at 119 S. Ct 2124, 2128-29.

7.  The Eleventh Circuit has noted that Element (1) of the *Kolstad* analysis requires the employee "support a punitive damages award" with evidence

"that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights." *Ferrill v. The Parker Group*, 168 F. 3d 468, 476 (11th Cir. 1999) (citing *Reynolds v. CSX Transp., Inc.*, 115 F.3d 860, 869 (11th Cir. 1997). "Malice means 'an intent to harm' and recklessness means 'serious disregard for the consequences of one's actions.'" *Ferrill*, 168 F.3d at 476. "An employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." *Kolstad,* 119 S. Ct. at 2125. Mr. Barthel testified he was aware that it is illegal to discriminate on the basis of race and gender. He has attended numerous seminars on the subject of workplace discrimination. He sent a letter to Unemployment Compensation that left out applicable pages of the policy violated for the purposes of misrepresenting the facts to prevent Plaintiff from receiving her unemployment benefits. The evidence before the Court allows a reasonable jury to find that Defendant's decision-maker acted with serious disregard for the consequences of his actions.

8. The Supreme Court in *Kolstad* noted that the person in "managerial capacity" need only be "an employee" that is "important, but perhaps need not be the employer's top management, officers, or directors to be acting in a managerial capacity." *Kolstad*, 119 S. Ct. at 2128. The Eleventh Circuit has held that "a Title VII plaintiff must show that the discriminating employee was high up the corporate hierarchy" <u>or</u> that upper management "countenanced or approved" the conduct.

3

*Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1323 (11th Cir. 1999) (store manager of 2000 locations not high enough up corporate hierarchy to warrant punitive damages). Anthony Zellars, the top management of Defendant's Auburn facility, approved the conduct of Mr. Barthel.

9. The evidence before the Court shows that Mr. Barthel was the Defendant's acting Human Resources Manager. The parties do not dispute that Mr. Barthel is a white male and not a member of the Plaintiff's protected class. Mr. Barthel answered solely to the Plant Manager, Mr. Anthony Zellars. Mr. Barthel was the ultimate decision-maker in Plaintiff's termination. Mr. Zellars, the top management official at the Defendant's plant of 400 employees, testified that he approved the decision of Mr. Barthel <u>after</u> he decided to terminate the Plaintiff. Mr. Barthel testified that he is in charge and managed the Human Resources for Defendant's 400 employees. He supervised a staff in order to conduct his duties. Mr Barthel had the authority to hire and fire employees. (See Pl. Ex. 10: memo admonishing Barthel "to develop individuals not terminate."). Plaintiff has satisfied Element (2) of the *Kolstad* analysis.

10. Plaintiff does not anticipate Defendant will dispute that Element (3) of the *Kolstad* analysis. As Human Resources Manager, Mr. Barthel testified that he was acting within the scope of his employment when he terminated Plaintiff's employment.

11. Mr. Barthel's employment decision lacks the good faith actions to show he adhered to Title VII. Plaintiff anticipates Defendant will argue that its Equal Employment policy is evidence of Mr. Barthel's good faith decision making. (Def. Ex. 9: p. 17). Plaintiff concedes that an employer's use of anti-discrimination policies is an important factor in determining good faith. *Kolstad*, 119 S. Ct. at 2129. "However, a policy alone is not sufficient as a matter of law to establish an employer's good faith." *Miller*, 82 F. Supp. 2d at 1310-11 (citing (*E.E.O.C v. Wal-Mart Stores, Inc.,* 187 F.3d 1241, 1247 (10th Cir. 1999). The Plaintiff, through witnesses Barthel, Murray, and Krogh, has indicated that Mr. Barthel terminated Plaintiff "under the circumstances" that it saw fit to apply portions of its company policy handbook, but directly ignored portions of its company handbook that are directly on point (See Pl. Ex. 1, pg. 21 "leaving without the team leader's approval" and the Absentee Policy on pg. 24). A reasonable jury can decide if Mr. Barthel's application of company policy lacked good faith.

12. Mr. Barthel testified that he reviewed the handbook prior to meeting with the Plaintiff. He then wrote a contemporaneous memorandum following Plaintiff's termination to explain the circumstances of the termination. (See Pl. Ex. 10). Mr. Barthel did not reference any portion of the handbook in this memorandum. (See Pl. Ex. 10). However, when the Defendant was forced to pay

unemployment compensation, Mr. Barthel cited the rules specifically found on pg. 22 and 23 of the handbook. (See Def. Ex. 7). Mr. Barthel did not show the Unemployment Compensation Department the relevant portion of the handbook on pg 21. A reasonable jury could determine that Mr. Barthel lacked good faith if they find that the rules he used did not apply to Plaintiff. The evidence before the Court shows that a reasonable jury can find in favor of Ms. Foreman on Element (4) of the *Kolstad* analysis.

Wherefore, Premises Considered, Plaintiff requests this Court instruct the jury on the subject of punitive damages for Plaintiff's race and gender discrimination claims.

Respectfully submitted,

/s/ Allen D. Arnold
_____
Allen D. Arnold
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office;
205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Mark J. Romaniuk, Esq.
    Christopher C. Murray, Esq.

                                                    /s/ Allen D. Arnold

                                                    _____
                                                    Of Counsel