UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 3:06-cv-449-MHT |
| ) | |
| v. ) | |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RULE 50(a) MOTION**

Defendant, MasterBrand Cabinets, Inc. ("MBCI"), respectfully submits this brief in support of its motion for judgment as a matter of law on the entirety of Plaintiff Kim Foreman's Complaint pursuant to Rule 50(a) of the Federal Rules of Civil Procedure ("Rule 50 Motion").

As requested by the Court, MBCI first addresses the issue of punitive damages. In addition, MBCI respectfully submits additional authority in support of its Rule 50 Motion with respect to Ms. Foreman's race and sex discrimination claims.[1]

**SUMMARY**

In this case, Ms. Foreman alleges that the termination of her employment with MasterBrand Cabinets, Inc. ("MBCI"), involved discrimination on the basis of her

---

[1] MBCI respectfully submits this brief in two parts. Because the Court asked for additional argument and authority concerning punitive damages, MBCI submits that part of the brief first. Because MBCI's counsel experienced travel delays on Friday, it was unable to prepare and submit this section until Saturday morning. MBCI will submit the remainder of the brief afterward.

BDDB01 4876056v1

race and/or sex in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). Ms. Foreman has not presented any evidence of discrimination.

Ms. Foreman's claims fail as a matter of law. At trial, Ms. Foreman failed to present a legally sufficient evidentiary basis for a reasonable jury to infer that either race or sex discrimination motivated her termination. In particular, she failed to present any evidence of an employee outside of her protected classes who engaged in "<u>nearly identical</u>" <u>misconduct</u> but who was treated differently than she was treated.

In addition, Ms. Foreman did not present any legally sufficient evidentiary basis for a reasonable jury to find MBCI's legitimate, non-discriminatory reasons for terminating her employment were pretexts for race or sex discrimination. Indeed, two of the decision makers – Anthony Zellars and Buddy Smith – involved in the decision to terminate Ms. Foreman's employment are, like Ms. Foreman, African-American. Under these circumstances, she bore a particularly heavy burden in showing her termination was the result of discriminatory animus based on her race. There was no such evidence presented at trial. Furthermore, there was absolutely no evidence suggesting that the nature of Ms. Foreman's undisclosed absence, a "female problem," was a factor in the termination of her employment. Rather, the undisputed evidence demonstrated that it was the complete lack of notice of the absence from work as well as the extended time away from work that resulted in the termination of Ms. Foreman's employment. These factors are gender neutral and have no connection to any characteristic unique to women.

Consequently, if this case were to proceed to the jury the only option would be for the jury to second-guess the employment decision. The law clearly provides that

an employer is free to make employment decisions as long as those decisions are not based upon impermissible factors. Ms. Foreman's case in its entirety involved an analysis of – and for lack of a better term, second-guessing of – MBCI's decision based upon its policies. Since the policies clearly provide a basis for MBCI's action and the basis was articulated at the time of termination of employment, the jury is left with no other option but to become MBCI's new human resources department. In the absence of any evidence of impermissible factors, a jury should not be placed in the position of re-evaluating MBCI's employment decision.

Finally, Ms. Foreman did not create any legally sufficient evidentiary basis for a reasonable jury to find she is entitled to punitive damages on either her race or sex discrimination claims. In particular, there was not an iota of evidence presented at trial that any MBCI employee acted with malice or reckless indifference toward Ms. Forman's federally protected rights. Nor was there any evidence that the allegedly discriminating employees were high up the corporate hierarchy or that higher management countenanced or approved any allegedly discriminatory behavior. Finally, the evidence was uncontested that MBCI maintains and implements an antidiscrimination policy and procedure in a good faith effort to comply with federal antidiscrimination laws and to prevent discrimination in the workplace.

Accordingly, judgment of a matter of law is warranted in MBCI's favor on all of Ms. Foreman's claims.

## Ms. Foreman Failed To Offer Any Legally Sufficient Evidentiary Basis
## For Her Punitive Damages Claims

Ms. Foreman has failed to offer any legally sufficient evidence in support of her claim for punitive damages.[2] To obtain punitive damages, it was Ms. Foreman's burden to prove that an MBCI employee "engaged in a discriminatory practice or discriminatory practices <u>with</u> <u>malice</u> <u>or</u> <u>with</u> <u>reckless</u> <u>indifference</u> <u>to</u> <u>[her]</u> <u>federally</u> <u>protected</u> <u>rights</u> . . .." 42 U.S.C. § 1981a(b)(1).

The Supreme Court has made clear that a plaintiff must prove a basis for "imput[ing] liability for punitive damages" to a corporate defendant. *Kolstad v. American Dental Association*, 527 U.S. 526, 539 (1999). In the Eleventh Circuit, to impute liability to a corporate defendant for an individual employee's discriminatory conduct, a plaintiff must prove that the "discriminating employee was high[] up the corporate hierarchy" or that "higher management countenanced or approved [his] behavior." *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1323 (11th Cir. 1999). Furthermore, the Supreme Court has made clear that "an employer may <u>not</u> be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" *Kolstad*, 527 U.S. at 546 (citation omitted; emphasis added).

Here, Ms. Foreman failed to offer any legally sufficient evidence that an MBCI employee acted with malice or with reckless indifference to her federally protected

---

[2] MBCI addresses the issue of punitive damages first in its brief because of the Court's request that the parities focus on this issue. As MBCI demonstrates in the remainder of its brief, Ms. Foreman has failed to offer legally sufficient evidence to show that MBCI is liable to her under Title VII.

4

rights.  Examples of conduct that might support an award of punitive damages include "(1) a pattern of discrimination, (2) spite or malevolence, or (3) a blatant disregard for civil obligations."  *Dudley*, 166 F.3d at 1322-23.  Ms. Foreman certainly presented no evidence of a "pattern of discrimination."  Moreover, the four MBCI employees involved in the decision to terminate Ms. Foreman's employment – Mr. Smith, Mr. Krogh, Mr. Barthell, and Mr. Zellars – all testified at trial, and Ms. Foreman's counsel cross-examined all of them.  There was not an iota of evidence presented through this cross-examination or otherwise that any of these individuals acted with spite, malevolence, or a "blatant disregard for civil obligations" in terminating Ms. Foreman's employment.[3]  Indeed, remarkably, three out of the four decision makers – Mr. Zellars, Mr. Krogh, and Mr. Barthell – are no longer employed by MBCI.  Nevertheless, they voluntarily appeared at trial (all reside and work are outside the subpoena power of this Court) in order to defend their conduct and to endure close scrutiny of their decision making regarding Ms. Foreman.  Certainly, their voluntary appearance at trial under these circumstances is entirely consistent with their <u>not</u> having engaged in malicious or recklessly indifferent conduct towards Ms. Foreman.

In addition, Ms. Foreman did not present any evidence that Mr. Zellars, Mr. Barthell, Mr. Krogh, or Mr. Smith was "high[] up the corporate hierarchy" so as to

---

[3] That Mr. Zellars and Mr. Smith – two of the four supervisors involved in the decision to terminate Ms. Foreman's employee – are in the same protected class as Ms. Foreman with respect to race would very strongly weigh against any reasonable finding that they acted with malice on the basis of Ms. Foreman's race or reckless indifference toward her rights.  Moreover, Ms. Foreman spoke directly with Mr. Zellars the day after her termination, and there is no evidence that she raised any concern with him over possible discrimination.

5

impute alleged liability any of their actions to MBCI for purposes of awarding punitive damages. In *Dudley*, for example, the Eleventh Circuit concluded that two head managers at a Wal-Mart store were <u>not</u> sufficiently high up the corporate hierarchy to warrant an award of punitive damages, in part, because they were managers of a single location out of a number of the defendant's locations nationwide. 166 F.3d at 1323. *See also Laughlin v. Pilot Travel Centers, LLC.*, 2007 WL 121344 (M.D. Fla. Jan. 11, 2007) (store manager with authority over only one location not sufficiently high up corporate hierarchy to support punitive damages award).

Here, the highest ranking manager involved in Ms. Foreman's termination was Mr. Zellars, who was the General Manager over only MBCI's Auburn plant. MBCI's corporate headquarters are located in Jasper, Indiana, from which MBCI's corporate management administers the company's operations nationwide. There is no evidence that Mr. Zellars (or any of the three other employees involved in the termination) had any authority outside of the Auburn plant or was involved in MBCI management at a higher level beyond a single MBCI location. In addition, there was no evidence presented at trial that anyone at MBCI's corporate headquarters was on notice of any alleged discriminatory conduct concerning Ms. Foreman and that higher management "countenanced and approved" of such conduct. Ms. Foreman therefore failed to present legally sufficient evidence for imputing any alleged discriminatory conduct by these four managers to MBCI for purposes of punitive damages.

Finally, the evidence presented at trial was undisputed that MBCI maintains an antidiscrimination policy. There was not a scintilla of evidence presented at trial that

MBCI's application of this policy is anything less than a good faith effort to comply with Federal anti-discrimination laws. Ms. Foreman admitted that she received MBCI's antidiscrimination policy, which is contained in MBCI's Standards of Business Conduct. Moreover, there was no evidence presented that Ms. Foreman ever sought to take advantage of this policy by using MBCI internal procedures to complain that she believed she had experienced discrimination. *Cf. Laughlin,* 2007 WL 121344 at *6 (no punitive damages available, in part, because defendant "had a detailed and well-publicized procedure to prohibit and rectify any instances of [discrimination] which complied with the purposes of Title VII – a procedure which [the plaintiff] admit[ted] receiving"). Therefore, even if an MBCI employee had engaged in malicious or reckless conduct with respect to Ms. Foreman's federal rights, such conduct would have been contrary to MBCI's "good-faith efforts to comply with Title VII" and thus MBCI could not be held vicariously liable for such conduct. *See Kolstad*, 527 U.S. at 545; *Laughlin,* 2007 WL 121344 at *6 (even if a manager had threatened unlawful retaliation against plaintiff, such threat would have been "a decision of a managerial agent which was contrary to [the defendant's] good faith efforts to comply with Title VII" and thus not sufficient to create liability for punitive damages against the defendant itself).

7

Ms. Foreman failed to present any legally sufficient evidence for a reasonable jury to find for Ms. Foreman on her claims for punitive damages, either on her sex or her race discrimination claims. Accordingly, MBCI should be granted judgment as a matter of law on Ms. Foreman's claims for punitive damages.

BAKER & DANIELS LLP

By: s/Christopher C. Murray
   Mark J. Romaniuk, (IN Bar #15255-49)
   Christopher C. Murray (IN Bar #26221-49)
      (both admitted *pro hac vice*)
   Attorneys for MasterBrand Cabinets, Inc.

300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

        David R. Arendall
        Allen D. Arnold
        ARENDALL & ASSOCIATES
        2018 Morris Avenue
        Birmingham, Alabama  35203

        s/Christopher C. Murray
        Christopher C. Murray

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com