IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

FILED
SEP 10 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv449-MHT |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

## I. INTRODUCTORY INSTRUCTIONS

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. Also, you are not to single out one instruction alone as stating the law but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy or prejudice for, or against, anyone. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice, bias, or sympathy; follow the law as stated by the court; and render a just verdict regardless of the consequences. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion.

The defendant in this lawsuit is a corporation. A corporation is entitled to the same fair and impartial trial at your hands as is a private person. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through its employees and agents; and in general, a corporation is responsible under the law for any of the acts and statements of its employees and agents which are made within the scope of their duties as employees and agents of the corporation.

As I have said, you must consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- that I have admitted in the record. However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

Remember that what the lawyers say is not evidence in the case. The function of the lawyers is to point to those things most significant or most helpful to their side of the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said or any question I may have asked that I have any opinion concerning any of the issues before you in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying

concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the

witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Now, this is a civil case, not a criminal case. Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt." This is not the burden of proof in this case because, as I said, this is a civil case.

In a civil case, it is the responsibility of the party having the burden of proof to satisfy that burden by a "preponderance of the evidence." A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that what is sought to be proved is more likely true than not true. In deciding

6

whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any material part of what is sought to be proved by a preponderance of the evidence, then you must find against the party having the burden of proof.

## II.   DISCUSSION OF CLAIMS

The plaintiff in this lawsuit is Kim Foreman. She is the one who brought this lawsuit. The defendant is Masterbrand Cabinets, Inc. It is the party that Foreman has sued.

Foreman asserts two claims. First, she claims that Masterbrand discriminated against her by terminating her because of her race. Second, she claims that Masterbrand discriminated against her by terminating her because of her sex. Masterbrand denies that it terminated Foreman

because of her race or sex. Masterbrand asserts that Foreman was discharged because she left the plant without notifying any member of management, was gone without any valid reason for the excessive amount of time missed, had a handbook and had reviewed the appropriate policies at the time of her hire, and should have been aware of the consequences of her action.

Federal law prohibits employers from discriminating against their employees on the basis of race or sex. An employee's race and sex are thus what the law refers to as "impermissible factors" in an employer's actions toward its employees.

In considering both of Foreman's discrimination claims, you, the jury, must go through a two-step process. In the first step, you must determine whether Foreman has proved by a preponderance of the evidence that her race and/or sex was a substantial or motivating factor in Masterbrand's decision to terminate her even though other factors may have also motivated Masterbrand.

You must determine whether Masterbrand was motivated by Foreman's race and/or sex. At step one, Foreman does not have to prove that race or sex was the only factor; she must simply prove that it was a substantial or motivating factor. If she has failed to establish, by a preponderance of the evidence, that her race or sex was a substantial or motivating factor for Masterbrand's decision to terminate her, you should find against Foreman and in favor of Masterbrand.

If you find in favor of Foreman at step one, you, the jury, must go to step two. At step two, you must determine whether Masterbrand has proved by a preponderance of the evidence that it would have terminated Foreman even in the absence of any consideration of her race or sex. If Masterbrand has established this fact by a preponderance of the evidence, then you should find in favor of Masterbrand and against Foreman. However, if Masterbrand has failed to establish this fact by a preponderance of the evidence, and if you

9

also found in favor of Foreman at step one, then you should find in favor of Foreman in this case.

Therefore, in order for Foreman to prevail in this case, you must find:

<u>First</u>:   That Foreman has established by a preponderance of the evidence that her race and/or sex was a substantial or motivating factor for the decision by Masterbrand to terminate her, even though other factors also may have motivated Masterbrand; and

<u>Second</u>:  That Masterbrand has failed to establish by a preponderance of the evidence that it would have terminated Foreman even in the absence of any consideration of Foreman's race or sex.

Foreman has the burden of showing that Masterbrand treated her differently from the way it would have treated her if she had not been African-American or had not been a woman, and that the discrimination was intentional rather than accidental. If you do not believe Masterbrand's explanation for why it terminated Foreman, then you may infer, but need not infer, that Masterbrand intentionally discriminated against Foreman because of her race or sex. Intentional discrimination

does not mean that Foreman must prove that Masterbrand disliked African-Americans or women.  It means only that she must prove that either a non-African-American or a man in the same circumstances would have been treated differently than she was, and that this difference in treatment would have resulted from purposeful actions, not accidental ones.  Another way of saying this is that to prevail, Foreman must show that "but for" her race or sex, Masterbrand would not have fired her.

You are further instructed that an employer has the right to set the fundamental job requirements of an employment position and may decide to fire an employee for a good reason, a bad reason, or no reason, as long as the decision to set the requirements and the decision to fire were not because of the employee's race or sex.  The law only requires that an employer make termination decisions without regard to impermissible factors.  The law does not require an employer to extend any special or favored treatment to an employee because of the

11

employee's race or sex. Therefore, that you might disagree with Masterbrand's decision to fire Foreman would not be a basis, by itself, for finding in favor of Foreman. Instead, in order to find in favor of Foreman, you would have to find that she should prevail under the two-step process described and discussed above.

On the other hand, you may think that Masterbrand <u>could</u> have, or even <u>should</u> have, fired Foreman for reasons unrelated to her race or her sex. But if you find by a preponderance of the evidence that Foreman's race or sex was a substantial or motivating factor in Masterbrand's decision to fire her, and if you do not find by a preponderance of the evidence that Masterbrand actually <u>would</u> have fired her anyway, you must return a verdict in favor of Foreman.

### III. DAMAGES

If you find that Foreman may recover on either of her claims against Masterbrand, then you should find in her

favor and award appropriate damages, if any have been sustained.

Foreman seeks both "compensatory" damages and "punitive" damages. If you find in favor of Foreman on either of her claims, you must determine whether she is entitled to damages and if so, how much. Of course, if you find that Foreman has not succeeded on either of her claims, you need not consider damages at all, and your deliberations are at an end.

If you find that Foreman is entitled to damages, you should award her only such damages as will reasonably compensate her for such injuries and damages as you find, from a preponderance of the evidence in this case, that she has sustained.

### A. Compensatory Damages

Compensatory or actual damages are allowed and should be awarded if a party satisfies you, the jury, by a preponderance of the evidence that the party has been

injured or damaged by the wrongful act or acts of the party charged. The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury actually sustained and proximately caused by the wrongful act or acts of the party charged. By proximate cause, the court means that cause which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury or damage and without which such injury or damage would not have occurred.

First, Foreman seeks compensatory damages from Masterbrand for loss of earnings. It is for you to determine from the evidence the nature, extent, and duration of her loss of earnings. In order to calculate this loss, you determine an amount equal to the pay that Foreman would have received had she not been discriminated against. From this amount, you should subtract the total amount Foreman has earned up to the

date of trial in wages, earnings, or other income and benefits. If Foreman failed to make reasonable efforts to find work you should subtract any amount she should have earned during this period.

Second, Foreman seeks damages for emotional distress. The law has no fixed or monetary standard to compensate for the injury of emotional distress. The element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate Foreman for such emotional distress as you find from the evidence that she suffered. If you are reasonably satisfied from the evidence that Foreman has experienced this injury as a proximate result of Masterbrand's conduct, you should award a sum that will reasonably and fairly compensate her for the emotional distress that she has suffered. If you are satisfied by a preponderance of the evidence that she is reasonably certain to suffer emotional distress in the future as a proximate result of

15

Masterbrand's conduct, you should also compensate her for that injury.

## B. Punitive Damages

As I mentioned before, Foreman is seeking two types of damages. The second type is punitive damages. The purpose of awarding punitive damages is to allow money recovery to the injured party by way of punishment to the wrongdoer, and for the added purpose of protecting the public by deterring the wrongdoer and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury, which means you do not have to award punitive damages unless you feel you should do so. If you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

To be entitled to punitive damages, Foreman must prove by a preponderance of the evidence (1) that, in causing her injuries, Masterbrand acted with malice, willfulness, or callous and reckless indiferrence to her right to be free from discrimination on the basis of race or sex and (2) the discriminating employee was high up in the corporate hierarchy or higher management countenanced or approved his behavior.  Punitive damages may not be awarded, however, if the discriminating act against Foreman was contrary to Masterbrand's good-faith efforts to comply with federal law.  If you find punitive damages are warranted, then you may add to the award of compensatory damages such amounts as you shall unanimously agree to be proper as punitive damages.

An act or failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward Foreman individually, or toward all persons in one or more groups or categories of which Foreman is a member.  "Willfully" means intentionally, knowingly,

and purposefully. Therefore, willfulness is the concious doing of some act or omission of some duty under knowledge of existing conditions coupled with a decision or purpose to inflict injury.

### IV.    FINAL INSTRUCTIONS

You should not interpret the fact that I have given you instructions concerning the issue of damages as an indication that I believe that Foreman should or should not prevail.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the

case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case. When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you

might send, that you should not tell me your numerical division at the time.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.