IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

FILED
SEP 10 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv449-MHT |
| ) | |
| MASTERBRAND CABINETS, INC. ) | |
| ) | |
| Defendant. ) | |

## VERDICT

### Race-Discrimination Claim

1. Has Kim Foreman proved by a preponderance of the evidence that her race was a substantial or motivating factor for the decision by Masterband to terminate her, even though other factors may have also motivated Masterbrand?

Yes _____

No ✓ _____

If the answer to question 1 is "no," then you will have found that Foreman may not recover against Masterbrand on

this claim, and you need not answer question 2, but should go directly to question 3. If the answer to question 1 is "yes," then you need to answer question 2.

2. Has Masterbrand proved by a preponderance of the evidence that it would have taken the same adverse employment action against Foreman even in the absence of the factor of her race?

        Yes _____

        No _____

If the answer to question 1 is "yes" and the answer to question 2 is "no," then you will have found that Foreman may recover against Masterbrand on this claim.

### Sex-Discrimination Claim

3. Has Kim Foreman proved by a preponderance of the evidence that her sex was a substantial or motivating factor for the decision by Masterband to terminate her,

even though other factors may have also motivated Masterbrand?

        Yes  ✓

        No  _____

If the answer to question 3 is "no," then you will have found that Foreman may not recover against Masterbrand on this claim, and you need not answer question 4. If the answer to question 3 is "yes," then you need to answer question 4.

4. Has Masterbrand proved by a preponderance of the evidence that it would have taken the same adverse employment action against Foreman even in the absence of the factor of her sex?

        Yes  _____

        No  ✓

If the answer to question 3 is "yes" and the answer to question 4 is "no," then you will have found that Foreman may recover against Masterbrand on this claim.

### Damages

5. If you find that Foreman may recover on either or both of her claims against Masterbrand, how much may she recover in compensatory damages?

    a. Emotional distress      $ 0

    b. Lost earnings      $ 44,901.48

6. If you find that, according to the court's instructions, Foreman may recover on either or both of her claims against Masterbrand, how much, if anything, may she recover in punitive damages?

$ 55,498.52

SO SAY WE ALL.

DONE, this the 10 day of September, 2007.


FOREPERSON