IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
KIM FOREMAN,                    )
                                )
    Plaintiff,                  )
                                )    CIVIL ACTION NO.
    v.                          )    3:06cv449-MHT
                                )         (WO)
MASTERBRAND CABINETS, INC.,     )
                                )
    Defendant.                  )
```

## JUDGMENT

On the 10th day of September, 2007, after this cause had been submitted to a jury, a verdict was returned as follows:

### Race-Discrimination Claim

1. Has Kim Foreman proved by a preponderance of the evidence that her race was a substantial or motivating factor for the decision by Masterband to terminate her, even though other factors may have also motivated Masterbrand?

```
                    Yes  _____
                    No       X
```

If the answer to question 1 is "no," then you will have found that Foreman may not recover against Masterbrand on this claim, and you need

not answer question 2, but should go directly to question 3. If the answer to question 1 is "yes," then you need to answer question 2.

xxx

Sex-Discrimination Claim

3. Has Kim Foreman proved by a preponderance of the evidence that her sex was a substantial or motivating factor for the decision by Masterband to terminate her, even though other factors may have also motivated Masterbrand?

        Yes    X   
        No        

If the answer to question 3 is "no," then you will have found that Foreman may not recover against Masterbrand on this claim, and you need not answer question 4. If the answer to question 3 is "yes," then you need to answer question 4.

4. Has Masterbrand proved by a preponderance of the evidence that it would have taken the same adverse employment action against Foreman even in the absence of the factor of her sex?

        Yes        
        No    X   

If the answer to question 3 is "yes" and the answer to question 4 is "no," then you will have found that Foreman may recover against Masterbrand on this claim.

<u>Damages</u>

5.  If you find that Foreman may recover on either or both of her claims against Masterbrand, how much may she recover in compensatory damages?

a.  Emotional distress            $ __0__

b.  Lost earnings                 $ _44,901.48_

6.  If you find that, according to the court's instructions, Foreman may recover on either or both of her claims against Masterbrand, how much, if anything, may she recover in punitive damages?

$ _55,498.52_

SO SAY WE ALL.

DONE, this the _10_ day of September, 2007.

            _/s/ W. Wesley Williams_
                 FOREPERSON

It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Judgment is entered in favor of defendant Masterbrand Cabinets, Inc., and against plaintiff Kim Foreman on plaintiff Foreman's race-discrimination claim, with plaintiff Foreman taking nothing by said claim.

(2) Judgment is entered in favor of plaintiff Foreman and against defendant Masterbrand Cabinets, Inc. on plaintiff Foreman's sex-discrimination claim.

(3) Plaintiff Foreman shall have and recover from defendant Masterbrand Cabinets, Inc., the sum of $ 44,901.48 in compensatory damages for lost earnings.

(4) Plaintiff Foreman shall have and recover from defendant Masterbrand Cabinets, Inc., the additional sum of $ 55,498.52 in punitive damages.

It is further ORDERED as follows:

(1) Plaintiff Foreman is allowed until September 21, 2007, to file any motion for reinstatement or other equitable relief.

(2) Plaintiff Foreman is allowed until September 28, 2007, to file any motion for attorneys fees.

It is further ORDERED that costs are taxed against defendant Masterbrand Cabinets, Inc., for which execution may issue.

**The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.**

**DONE, this the 11th day of September, 2007.**

　　　　　　　　　　　　　　　　 /s/  Myron H. Thompson
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**