IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                               CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

**PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**

COMES NOW the Plaintiff, by and through undersigned counsel, and moves this Honorable Court to award equitable relief pursuant to Title VII of the Civil Right Act of 1964 as follows:

I.  **Introduction**

1. Plaintiff filed her Complaint against the Defendant on May 18, 2006. (Doc. 1). Plaintiff made claims for gender and race discrimination. In the "Prayer for Relief" of her complaint, Plaintiff sought the equitable relief of "front pay" and "back pay (plus interest)."

2. Plaintiff reasserted her request for front pay and other equitable relief in this Court's Pre-Trial Order of August 23, 2007. (See Doc. 43).

3. A jury trial was held on September 5, 6, and 10, 2007.

4. On September 10, 2007, the jury rendered a verdict in Plaintiff's

favor on her claim of gender discrimination. (Doc. 66).

5. The Court entered judgment on September 11, 2007. (Doc. 71).

6. Plaintiff now moves this Court to award front-pay and prejudgment interest on her behalf.

II. **Front Pay**

7. "In addition to back pay, prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991). The Eleventh Circuit follows a rule of "presumptive reinstatement in wrongful discharge statements." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338 (11th Cir. 1999). Reinstatement is not always mandatory; some situations have factual circumstances where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1449 (11th Cir. 1985). Therefore, a Court may consider an award of front pay in lieu of reinstatement. *Id.*

Plaintiff's first choice is reinstatement. The parties' counsel have conferred, and have filed a motion to extend this briefing. The Court has not extended this deadline as of the filing of the present motion, and Plaintiff will assume for purposes of this brief that the parties cannot resolve their differences for purposes of reinstatement. (See *E.E.O.C. v. Century Broadcasting Corp.*, 957 F.2d 1446,

1462 (7th Cir. 1992) (antagonism beyond "hostility common to litigation" renders reinstatement inappropriate).

Plaintiff requests the Court award her front pay.  As noted above, the Eleventh Circuit states that "prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991).  Plaintiff is not required to show "egregious circumstances." (See *Tucker v. Hous. Auth. of the Birmingham Dist.*, 2006 U.S. Dist. LEXIS 96727 at [*47] (N.D. Al. 2006) (noting that a plaintiff may be required to show egregious circumstances in ADEA cases to preclude a windfall award; *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312, 1318-19 (S.D. Fla. 2003)).  Like back pay, "[t]he duty to mitigate damages by seeking employment elsewhere will, of course, limit the amount of front pay available." *Castel v. Sangamo Weston Inc.*, 837 F.2d 1550, 1552 (11th Cir. 1988).  Plaintiff is currently employed and mitigation is included her calculations below.

Defendant noted a mathematical error in Plaintiff's back pay damages calculations at trial.  This was brought to the jury's attention during Plaintiff's counsel's closing argument.  The jury awarded the corrected back pay award at the lower amount.  Plaintiff calculated her damages using a weekly average.  The weekly average of Plaintiff's lost wages based on the stipulated W-2's amounts in

the Pre-Trial Order (Doc. 43) shows a front pay rate of $700.32 per week.[1] Plaintiff requests front pay for a period of three years or 156 weeks to allow her time to "catch up" on her hourly rate.[2] Currently, after two and a half years, she is only at 60% of her pay while with Defendant. It is reasonable to believe that it will take at least that much longer to achieve that hourly rate once again. Plaintiff's unmitigated front pay for three years is $109,249.92. Plaintiff's set off through mitigation is $54,600.00.[3] Plaintiff requests this Court award her $54,649.92 in front pay.[4]

## II.   Prejudgment Interest

8.   Plaintiff requests that this Honorable Court award prejudgment interest. The decision to award prejudgment is in the Court's discretion. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000). The "interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961." *Id*. Several courts apply a presumption of entitlement to prejudgment interest on a Title VII back pay award. *Richardson v. Tricom Pictures & Productions, Inc*. 334 F. Supp. 2d 1303, 1317 (S.D. Fla. 2004); *Drews v. Social Dev. Com'n*, 95 F. Supp.

---

[1] 2004 Income $34,927.93 + 2005 Income $10,592.95/65 weeks = $700.32 per week.
[2] See *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312, 1318 (S.D. Fla. 2003).
[3] Plaintiff's current employment provides the following mitigation calculation: $8.75 per hour * 40 hours per week * 156 weeks.
[4] ( ($700.32 *52 weeks) – ($8.75 per hour * 40 hours per week – 52 weeks))  = $18,216.64 per year *

2d 985, 991 (E.D. Wis. 1998); *Robinson v. Southeastern Pa. Transp. Auth.*, 1993 WL 126449, [*2] (E.D. Pa. 1993). "In determining whether to award prejudgment interest, courts take into account both the failure to mitigate damages and whether the back pay amount is easily ascertainable." *Tucker v. Hous. Auth. of the Birmingham Dist.*, 2006 U.S. Dist. LEXIS 96727 at [*65] (N.D. Al. 2006) (internal citations omitted). Plaintiff received the full amount of her back pay at trial. She began work within a month of her termination and the Defendant stipulated to the mitigation dollar figures prior to trial. (See Joint Trial Exhibits. 1-5). Plaintiff's back pay was easily ascertainable and the jury returned the full amount at trial.

9. Plaintiff requests this Honorable award prejudgment interest in the amount of $4,795.02. Plaintiff calculates this award as follows: (($44,901.48 * 1.043% for 2.41 years) - $44,901.48) = $4,795.02.[5] The interest rate is derived from the Federal Reserve Bank for the week ending September 7, 2007. (See Exhibit A).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable Court award the equitable remedy of front pay and pre-judgment interest as described herein.

---

[5] http://www.moneychimp.com/calculator/compound_interest_calculator.htm

Respectfully submitted,

/s/ Allen D. Arnold
_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on September 21, 2007, which will forward a copy to:

Mark J. Romaniuk
Christopher C. Murray

/s/ Allen D. Arnold
_____
Of Counsel