# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,           CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW the Plaintiff, by and through undersigned counsel, and submits this Trial Brief pursuant to this Honorable Court's Pre-Trial Order of August 22, 2007.

**I.    Plaintiff's Burden of Proof**

**A. Introduction**

Plaintiff has asserted a claim of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and a claim of race discrimination pursuant to Title VII and 42 U.S.C. § 1981 (§ 1981) in her Complaint for damages. Generally, the Plaintiff was terminated for allegedly abandoning her job without telling her supervisor. White males committed the same infraction and were not terminated by the same decision maker. As noted at the Pre-Trial conference, Defendant intends to argue that Plaintiff's termination and her comparator's were

1

"If the plaintiff successfully rebuts a presumption of illegal discrimination by establishing a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action." *Evans v. Ala. Dep't of Corrections*, 418 F. Supp. 2d 1271, 1275 (M.D. Ala. 2005). Defendant has met its burden of production under the *McDonnell-Douglas* burden shifting analysis framework. Defendant terminated Plaintiff's employment "because she had left the plant <u>without notifying any member of management,</u> had a handbook and had reviewed the appropriate policies at the time of her hire, and should have been aware of the consequences of her action" (Pl. Ex. 1: RFA No. 7).

### 3. Pretext for Discrimination

"Once the defendant satisfies this burden of production, the plaintiff must set forth evidence that would be sufficient to convince a reasonable fact finder that the reason given by the defendant is pretextual." *Evans v. Ala. Dep't of Corrections*, 418 F. Supp. 2d 1271, 1275 (M.D. Ala. 2005). The Plaintiff "may succeed in [meeting] this [burden] either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 256; 101 S. C.t 1089, 1095, 67 L. Ed. 207, 217 (1981). The Eleventh Circuit has emphasized the *Burdine* decision and noted that a plaintiff may meet her burden "by showing that a discriminatory

reason more likely than not motivated the employer's decision, or by discrediting the employer's proffered explanation." *Clark v. Coats & Clark*, 990 F.2d 1217, 1228 (11th Cir. 1993).

Defendant has relied on Plaintiff's knowledge of the company policies in its legitimate non-discriminatory reason for her termination. (See Pl. Ex. 1: RFA No. 7). An employer's violation of its own procedures can be evidence of pretext. *Bass v. Bd. of County Comm'rs, Orange County*, Fla., 256 F.3d 1095, 1108 (11th Cir. 2001). *See also Rudin v. Lincoln Land Community Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal procedures can constitute evidence of pretext."). "Departures from normal procedures may be suggestive of discrimination." *Brown v. Marriott Int'l, Inc.*, 2006 U.S. Dist. LEXIS 56246 at [*32] (N.D. Ga. 2006) (citing *Morrison v. Booth*, 763 F.2d 1366, 1374 (11th Cir. 1985)). Defendant's termination decision of Plaintiff was made in utter disregard to its internal policies.

## II. Defendant's Affirmative Defenses

While not waiving her motion in limine regarding affirmative defenses, Plaintiff is briefing the Court on Defendant's possible mitigation of damages affirmative defense that may require evidentiary rulings at trial. "While it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy this duty. This may be

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,          CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

**PLAINTIFF'S COURT'S INSTRUCTIONS TO THE JURY**

COMES NOW the Plaintiff, by and through undersigned counsel, and proposes the following instructions for the jury trial in the above captioned civil action:

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

See Eleventh Circuit Pattern Jury Instructions (2005).

## Pretext

An employer's violation of its own procedures can be evidence of pretext.

See *Bass v. Bd. of County Comm'rs, Orange County*, Fla., 256 F.3d 1095, 1108 (11th Cir. 2001). *See also Rudin v. Lincoln Land Community Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal procedures can constitute evidence of pretext.").

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,            CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### PLAINTIFF'S REQUESTED JURY INSTRUCTION

COMES NOW the Plaintiff, by and through undersigned counsel, and request the Court issue the following instruction to the jury:

1. Plaintiff requests the Court issue the following instruction to the jury:

   "You have heard testimony regarding the disciplinary and attendance policies of the Defendant. Under the circumstances of this case, it is for you to decide whether the Defendant followed its policies with respect to the termination of the Plaintiff. A violation of its own policies by a Defendant is a factor which may be considered by you in determining whether the Defendant considered Plaintiff's race or gender was a substantial motivating factor in the Defendant's decision to terminate the Plaintiff."

2. A similar instruction was given by the Court in the case of *Ronnie Giles v. Masterbrand Cabinets, Inc.*, 3:06-cv-00528-WKC-WC (M.D. Ala. August 21, 2007) (Doc. 76, p. 6).

Wherefore, Premises Considered, Plaintiff requests this Court instruct the jury as described herein.

Respectfully submitted,

/s/ Allen D. Arnold

Allen D. Arnold
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office;
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mark J. Romaniuk, Esq.
Christopher C. Murray, Esq.

/s/ Allen D. Arnold

Of Counsel
