IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,   CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

## PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

COMES NOW the Plaintiff, by and through undersigned counsel, and moves this Court to enter an award of attorneys' fees and expenses, pursuant to 42 U.S.C. § 2000e-5 and Federal Rule of Civil Procedure 54(d)(1) & (2), in this matter and states the following in support thereof:

1.   Plaintiff, Kim Foreman, brought this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

2.   On September 10, 2007, a jury verdict was entered in favor of the Plaintiff and against the Defendant in the amount of $100,400.00 in regard to her Title VII gender discrimination claim.  The jury returned a verdict in favor of the Defendant on Plaintiff's Title VII and § 1981 race discrimination claim.  (See Doc. 71).  This was a successful outcome for the plaintiff; the plaintiff was the prevailing party in this action.

3. Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C § 2000e-5(k). See also *Salvatori v. Westinghouse Electric Corp.*, 190 F.3d 1244, 1246 (11th Cir. 1999).

4. This Court's discretion to allow fees is circumscribed by the requirement that fees be granted "absent special circumstances," as to which defendant has the burden of proof." *See New York Club, Inc. V. Carey*, 447 U.S. 54, 100 S. Ct. 2024 (1980); *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985). There are no such "special circumstances" herein. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Steirheim*, 10 F.3d 776 (11th Cir. 1994), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

**Hours Expended by David Arendall**:

5. Attorney David Arendall has incurred 153.3 billable hours through discovery, trial, and conclusion of this matter. The time expended was reasonably necessary for the successful prosecution of the Plaintiff's claims. (See Evidentiary Submissions 1 and 2 filed simultaneously with this Petition.)

**Hours Expended by Allen Arnold:**

6. Allen Arnold has incurred 144 billable hours through the conclusion of this matter. The time expended was reasonably necessary for the successful prosecution of the Plaintiff's claims. (See Evidentiary Submissions 4 and 5 filed simultaneously with this Petition.)

**Hourly Rate for David Arendall:**

7. The hourly rate sought by Attorney David Arendall is $300 per hour for 2005, $350 per hour for 2006, and $400 per hour for 2007. This hourly rate is reasonable and consistent with fee awards for attorneys with similar skills and experience. Total fees for David Arendall are $60,720.00.

**Hourly Rate for Allen Arnold:**

8. The hourly rate sought by Attorney Allen Arnold is $175 per hour for 2005, $200 per hour for 2006, and $235 per hour for 2007. This hourly rate is reasonable and consistent with fee awards for attorneys with similar skills and experience. Total fees for Allen Arnold are $33,664.50.

**Analysis of *Johnson v. Georgia Highway Express***

9. Michael Quinn has submitted an Affidavit in Support of Attorney Fees (Evidentiary Submission 6) and Alicia Haynes has submitted an Affidavit in Support of Attorney Fees (Evidentiary Submission 7).

10. Plaintiff has incurred expenses and costs in this matter, totaling

$1,789.09.  (Evidentiary Submission 3.)

    11.    The Court may also determine the appropriate lodestar by consideration of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  *See Loranger*, 10 F.3d at 781.  Those facts as applied to this case are:

    A.    <u>Time and Labor Involved.</u>  Paragraph 5 and 6 *supra* sets for the time and labor expended by the undersigned and associate counsel.

    B.    <u>The novelty and difficulty of the questions.</u>  Claims brought under Title VII of the Civil Rights Act of 1964 present both difficult and novel questions due to the fact that Supreme Court and Eleventh Circuit case law interpreting its application are frequently changing and because Title VII cases call for fact intensive inquiries.

    C.    <u>Skill required to perform properly the legal services.</u>  The undersigned submits that he has skill and experience in litigating claims in federal court and that such factors justify the hourly rates requested.

    D.    <u>Preclusion of other employment.</u>  The undersigned attorneys were not precluded from accepting other representation because of this case.

    E.    <u>The customary fee.</u>  The fees customarily awarded in this type of case are discussed *supra* in paragraph 9.

F. <u>Whether the fee is fixed or contingent.</u>  The fee arrangement in this case was contingent.

G. <u>Time limitations imposed.</u>  This case went to trial less than two (2) years after it was filed.

H. <u>Results obtained.</u>  The plaintiff prevailed on his legal claim; the result was therefore a good result for both the plaintiff and public interest.

I. <u>Attorney's experience, reputation and ability.</u>  The declarations attached hereto as Exhibits 3-5 set forth the experience, reputation and ability of plaintiff's counsel.

J. <u>"Undesirability" of the case.</u>  Due to the complicated nature of a Title VII case which often involves proving a case when the majority of witnesses and documents remain under the exclusive control of a defendant, many members of the segment of the bar find this type of case to be undesirable.  Due to the fact that the damages under Title VII rarely result in compensation for emotional injuries or punitive damages, the limited nature of awards under Title VII leads many members of the employment bar to find "individual plaintiff" Title VII cases undesirable.  Representing plaintiffs in employment litigation, such as Title VII litigation, is undesirable for several reasons which are applicable to this case: (1) the plaintiffs almost

        always lack the financial resources to pay for even routine expenses and attorney's fees; (2) many cases are lost without compensation or reimbursement for even out-of-pocket expenses; and (3) considerable time can pass before any attorney's fees are even considered. The most undesirable part of an employment case is the attorney fee phase. The plaintiff's attorney is often required to expose to the critical scrutiny of his adversary and the court every aspect of his work in the particular case. The hearing on the fee petition may also requires plaintiff's attorney to call on other attorneys to examine and scrutinize his work. This inspection is highly undesirable.

K. <u>Nature and length of professional relationship with client.</u> The undersigned have no prior professional relationship with this client and expect to have no professional relationship with her in the future.

L. <u>Awards in similar cases.</u> The declarations attached hereto set forth that judges in this district have awarded, or approved, fee awards of $200-$450 per hour depending upon the skill and experience of the attorneys involved.

12. Based on the hours expended in the case, the hourly rates appropriate to the attorney involved, and the application of the standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), *Norman v. Housing*

*Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Pennsylvania v. Delaward Valley Citizens' Council for Clean Air*, 107 S. Ct. 3078 (1987), to the facts of this case, plaintiffs' attorneys requests an award $94,384.50 in attorney's fees. The plaintiff further incurred expenses in the total amount of **$1,789.09** (Evidentiary Submission 3). *See Dowdell v. City of Apopka, Florida*, 698 F.2d 181 (11th Cir. 1983). This amount requested is reasonable considering plaintiff's counsels' skill and reputation and the prevailing rates in the market.

8.  Plaintiff requests to leave to supplement this motion in order to address any issues which may be raised by the Defendant. At present, Plaintiff requests the right to supplement this fee petition as a response to Defendant's current joint Rule 50 & 59 motions are not due before the Court until October 18, 2007.

WHEREFORE, in light of the aforesaid, Plaintiff and his counsel request that the Court enter judgment in favor of the Plaintiff awarding attorneys' free and costs as set herein.

Respectfully submitted,

/s/ David R. Arendall
_____
David R. Arendall

/s/ Allen D. Arnold
_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

    I have filed the foregoing with the Clerk of the Court using the CM/ECF system on September 28, 2007, which will forward a copy to:

    Mark J. Romaniuk
    Christopher C. Murray

                             /s/ David R. Arendall
                            _____
                            Of Counsel