# PLAINTIFF'S EVIDENTIARY SUBMISSION 6 IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                    CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

### AFFIDAVIT OF C. MICHAEL QUINN
### IN SUPPORT OF ATTORNEY'S FEES

C. Michael Quinn, who being first duly sworn, deposes and says as follows:

1. I was admitted to practice in the State of Alabama in 1975. I am a practicing member of the bars of the following Federal courts: Northern, Southern and Middle Districts of Alabama, and Eleventh Circuit Court of Appeals.

2. My practice is almost exclusively devoted to labor and employment law. I have represented both plaintiffs and defendants in scores of employment discrimination cases. I frequently serve as a mediator in employment cases. I have prosecuted I have prosecuted gender and sex discrimination, racial and sexual harassment and retaliation cases,, and I am familiar with the difficulty typically encountered in the presentation and proof of claims such as the one involved in this case.

3. I have spoken to the attorneys about the issues in this case, and I have

examined the application for attorneys' fees and the accompanying documents. I have been asked by plaintiffs attorneys to give an opinion on the reasonableness of their fee request.

4. I am familiar with rates billed and paid in the Birmingham, Montgomery and Opelika area in employment discrimination litigation and similar cases requiring comparable skill, effort and responsibility. In 2006, the prevailing market rate in Alabama for plaintiffs' attorneys in cases such as the current case ranges from $200.00 to $450.00 per hour. The prevailing rate varies within that range, depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, and the attorney's ability to negotiate a compensatory rate.

5. I am familiar with the skill and reputation of the plaintiff's attorneys, David R. Arendall and Allen D. Arnold, and feel that I can evaluate them based on the following factors:

    a. Overall skill in litigation;

    b. Knowledge of trial and appellate practice;

    c. Knowledge of substantive law;

    d. Persuasiveness and advocacy skills; and

    e. Analysis of the case and theories and procedural avenues

available to obtain a satisfactory result for their client.

6.  I have reviewed the hourly rates proposed to be charged by Attorneys David R. Arendall and Allen D. Arnold in this case against the background of the foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1300-1301 (11th Cir. 1988). Based on my knowledge of the prevailing hourly rates charged for similar litigation by attorneys with comparable skill and experience, the hourly rates requested are reasonable and well within the range of appropriate hourly charges in the local market for legal services. Accordingly, I am of the opinion that fees for Attorney David R. Arendall should be established at no less than $400.00 per hour. I am also of the opinion that fees for Attorney Allen D. Arnold should be established at no less than $235.00 per hour.

7.  While my opinion is based to a degree on the experience and reputation of these attorneys in prosecuting cases of this nature, it is also based upon my observation of the skill level of Attorneys David R. Arendall and Allen D. Arnold, as compared to other attorneys prosecuting such cases in this state. In reaching my opinion, I have considered the knowledge of these lawyers and their extensive knowledge of trial practice and the substantive law of employment discrimination. In addition, I have taken into account the skills and efficiency of the attorneys' efforts to seek resolution of disputes without litigation; the attorneys'

ability to make appropriate decisions regarding which legal theories to pursue and which parties to sue; and the attorneys' ability to make an effective and persuasive presentation of their client's best claims and positions.

8. Specifically, my opinion is that the plaintiffs attorneys, David R. Arendall and Allen D. Arnold, have a level of skill commensurate with, or significantly exceeding, their years of experience in handling employment discrimination cases. I have found them to be skillful in facilitating settlements, when appropriate, and in eliminating superfluous legal theories and inappropriate parties when litigation is necessary. They are adept in organizing their thoughts, work and presentation in a logical and orderly way. Finally, I have found them to be capable in presenting their clients' legal positions and claims in a persuasive manner.

9. I have referred clients to David R. Arendall with employment discrimination claims which my firm could not handle because of scheduling conflicts or for other reasons.

10. Also, I have reviewed the hours expended by plaintiffs counsel in this case and, based upon the complexity of the case, the length of time involved in preparation and trial, and the efforts of the opposing parties, the hours expended and the expenses included in the itemization were reasonable and necessary to prosecute the lawsuit.

rosecute the lawsuit.

11.  Based on my experience, cases under Title VII are not as desirable as cases under other Federal Statutes because of the limits upon damages to lost wages, mental anguish, and punitive awards are subject to a statutory cap.  The opportunity for an attorney to recoup his or her financial investment in a case brought under Title VII is very limited.  For this reason, most attorneys who accept plaintiff's Title VII cases do so with the understanding that they should be able to recoup their investment in the case through an award of a reasonable attorney's fee.

12.  Based on my knowledge of Mr. Arendall's and Mr. Arnold's practice and experience, I believe a reasonable hourly rate for her services would be $400 and $235 an hour, respectively.

_____
C. Michael Quinn

State of Alabama         )
County of Jefferson      )

The foregoing instrument was acknowledged before me on this 27th day of September, 2007, by C. Michael Quinn.

_____
Notary Public
My Commission Expires: 9/14/09