# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 3:06-cv-449-MHT |
| ) | |
| v. ) | |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT MASTERBRAND CABINETS, INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, MasterBrand Cabinets, Inc. ("MBCI"), by counsel, supplements its responses to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

MBCI incorporates its "General Objections" set forth in its Answers to Plaintiff's First Set of Interrogatories.

### INTERROGATORIES

**INTERROGATORY NO. 5:** For Norm (LNU), Anthony Zellars, Buddy Smith, and Tom Darknell, state the following:

   a.   Date of hire and date employment with Defendant ended (if applicable);

   b.   Previous or post complaints of discrimination based on race and/or gender by any employees of Defendant or any other company worked for;

   c.   Last known address and telephone number.

**ANSWER:**   MBCI initially responded to this interrogatory by providing information relevant and responsive for the time period encompassing June 2003 through June 2005, which is the two year time period immediately preceding MBCI's decision to terminate the Plaintiff's

BDDB01 4766133v2

It should be noted that the second Disciplinary Action Log does not make use of the general term "misconduct." Presumably, the distinction in the content of the Disciplinary Action Logs referenced above is due to the identity of the Human Resources Manager at the time the log was created and how that particular manager wanted the information characterized.

MBCI will either provide a copy of the written disciplinary action record for the above-referenced employees or make their personnel files available for inspection at the Auburn plant at a time and date that is mutually convenient. With respect to employees disciplined during the time period in which a Disciplinary Action Log was not maintained by the Auburn operation, the only way to obtain the comparator information requested by the Plaintiff would be to review all employee personnel files for active employees during the time period in question.

**INTERROGATORY NO. 14:** Please state the amount of gross compensation, including overtime pay, anticipated raises, commissions, bonuses and other elements of compensation, Plaintiff would have earned through the date you answer these interrogatories had the Plaintiff remained employed with you, and state the basis of your computation.

**ANSWER:** This interrogatory sought exact information pertaining to what income and benefits the plaintiff would have received had she been eligible to maintain her employment relationship with MBCI. Since Plaintiff was an hourly employee working, on occasion, a varied work schedule, MBCI was unable to provide the exact information requested and therefore declined to respond further to this interrogatory. Since the Plaintiff is now willing to accept the best information available, MBCI is willing to supplement its discovery response in a good faith effort to avoid a discovery dispute.

Through investigation, MBCI has been able to determine that Deborah Paradise is the employee who was successfully awarded Plaintiff's position after the Plaintiff's employment ended with

-7-

BDDB01 4766133v2

MBCI. Ms. Paradise has worked in the position in question from essentially April 2005 until the present. Accordingly, MBCI shall produce weekly pay information for Ms. Paradise for the time period encompassing April 2005 through April 2007. These documents have been marked as MBCI-0568 through MBCI-0729 for identification purposes. With respect to benefits, the primary benefits provided by MBCI are medical, dental, vision and 401(k) retirement plan. As for these benefits, MBCI provides the following information:

|   | 2005 Weekly Costs Employee/Employer | 2006 Weekly Costs Employee/Employer | 2007 Weekly Costs Employee/Employer |
|---|---|---|---|
| Medical | $12.02/$80.46 | $27.64/$86.12 | $30.51/$95.07 |
| Dental | $4.08/$4.08 | $3.46/$3.46 | $4.23.$4.23 |
| Vision | $2.97/$0.00 | $2.97/$0.00 | $2.65/$0.00 |
| 401(k) | During the time period in question, MBCI would have matched any contribution up to 3% and would have contributed a 50% match up to 5% of income attributed to the 401(k) retirement plan by an employee. | | |

**INTERROGATORY NO. 15:** Please identify each and every **fact** in support of any affirmative defense which the Defendant has pled in this case together with identification of any and all documents which support each and every defense.

**ANSWER:**    MBCI objects to supplementing its initial response to Interrogatory No. 15 to the extent this interrogatory suggests or implies that MBCI bears the burden of proof on the defenses stated in its Answer which are not "affirmative defenses," which suggestion or implication is expressly denied. Subject to and without waiving its objections, MBCI states that to the extent, if any, that it bears a burden of production with respect to its first defense, MBCI states that Plaintiff's employment was terminated, in good faith and without malice or discriminatory intent, because she admitted that she abandoned her job duties and responsibilities for an extended period of time and was absent from the Auburn facility without notice and without

## AFFIRMATION

I hereby affirm under the penalties of perjury that the foregoing representations are true and accurate to the best of my knowledge.

_____
Perry Ezell, Human Resources Manager
MasterBrand Cabinets, Inc.

AS TO OBJECTIONS ONLY:

Respectfully submitted,

MASTERBRAND CABINETS, INC.

By: _____
Mark J. Romaniuk, (IN Bar #15255-49)
Christopher C. Murray (IL Bar # 6275571)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

Attorneys for Defendant

-10-

BDDB01 4766133v2

## CERTIFICATE OF SERVICE

I hereby certify that on August Z , 2007, I mailed a copy of the foregoing Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories by U.S. Mail, postage paid, to the following:

>David R. Arendall
>Allen D. Arnold
>ARENDALL & ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama 35203
>dra@arendalllaw.com, ras@arendalllaw.com
>ada@arendalllaw.com

>*[signature]*
>Christopher C. Murray
>BAKER & DANIELS LLP
>300 North Meridian Street, Suite 2700
>Indianapolis, Indiana 46204-1782
>Telephone: (317) 237-0300
>Facsimile: (317) 237-1000
>christopher.murray@bakerd.com