# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,

V.                                                    CIVIL ACTION NO. 3:06-cv-449-MHT

MASTERBRAND CABINETS, INC.,

DEFENDANT.

ANSWERS TO FIRST SET OF INTERROGATORIES AND RESPONSES
TO REQUESTS FOR PRODUCTION OF DOCUMENTS FROM
DEFENDANT TO PLAINTIFF

Comes now the Plaintiff, Kim Foreman, and responds to the Defendant's

First Interrogatories and Request for Production of Documents to Plaintiff

("discovery requests") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff objects to each discovery request to the extent that it may be

interpreted to call for the production of documents or information which is

privileged, including the attorney/client privilege and the "work product" privilege.

The only documents which will not be produced for these reasons in response to

Defendant's discovery requests are:

1

explanation of the factual and legal basis for your objection.

**ANSWER:** Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and not calculated to lead to the discovery or relevant information. Plaintiff objects to this Interrogatory as it seeks information that is protected by the attorney/client and work product privileges. Documents withheld under the attorney/client and work product privileges are communications between client and counsel and/or confidential work product wherein describing the document negates the protection provided by the privilege. Without waiving this objection, see Plaintiff's Responses to Requests for Production.

**INTERROGATORY NO. 6:**    With respect to any efforts you made to obtain employment or any employment opportunities presented to you from April 13, 2005, to the present, state:

    (a)    the nature of your efforts;

    (b)    the name of the prospective employer;

    (c)    the nature of the position for which employment was sought;

    (d)    the person(s) with whom you communicated in pursuing the employment opportunity;

    (e)    whether an offer of employment was made to you; and

    (f)    the compensation, benefits and other terms and conditions of any such offer of employment.

**ANSWER:**  Plaintiff refers Defendant to her objections and Answer to Interrogatory No. 7 below.  Additionally, Plaintiff sought employment through Burt Employment Services and Kelly Services.  Burt Employment Services placed her at Capitol Vial.

**INTERROGATORY NO. 7**:    With respect to each job or other employment (including self-employment) that you have had since April 13, 2005, state:

    (a)    the name and location of the employer;

    (b)    the dates on which your employment commenced and, if applicable, terminated;

    (c)    the position or positions held;

    (d)    your beginning and ending salary or wage rate;

    (e)    all employee benefits in which you were entitled to participate, including without limitation group health insurance and retirement or pension plans; and

    (f)    if applicable, the reason for **the** termination of such employment.

**ANSWER**:  Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information.  Without waiving this objection, see the following:

- *Capitol Vial*, Auburn, AL.  May 5, 2005 – February 28, 2006; Mold

7

Operator; started pay: $8.00; ending pay $10.25; left to accept another job offer.

- *WPH-Martex*, Valley, AL; February 28, 2006 – October 30, 2006; Hemmer; Starting pay: $8.00; ending pay $9.11;

- *SCA,* Auburn, AL; October 17, 2006 – present; assembler; Starting pay: $7.50; Current pay $8.00.

**INTERROGATORY NO. 8:**    State your total gross earned income for each **whole and** partial calendar year from 2003 through the present and describe each component of that income ~ how much is attributable to each employer or self-employment and how much is attributable to any ownership interest you may have in any business).

**ANSWER:**  Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant information.  Without waiving this objection, see the following:

2003: cannot determine, but only employment was with Defendant.

2004: Defendant: $35,959.80

2005: Defendant: $10,931.87; Capitol Vial of Alabama $10,448.03; Burt Employment Services $1,580.00).

2006:  Total: $21,324 (A1 Employment: $2,179; Kelly Service, Inc., $2,360; Westpoint Home $12,893; Capitol Vial of Alabama $3,892).