# EXHIBIT 5

# ARENDALL & ASSOCIATES
## ATTORNEYS AT LAW

DAVID R. ARENDALL
ALLEN D. ARNOLD

2018 MORRIS AVENUE
BIRMINGHAM, ALABAMA 35203
205.252.1550 - OFFICE
205.252.1556 - FACSIMILE
www.arendalllaw.com

VIA FACSIMILE TRANSMISSION: 317.237.1000

October 5, 2007

Christopher C. Murray, Esq.
Baker & Daniels, LLP
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Re:   *Kim Foreman v. Masterbrand Cabinets, Inc.*

Dear Chris:

We appreciate your comments regarding our client's demands for reinstatement. However, I think it is unlikely that the two parties will be able to agree on terms that will not result in potential and/or further hostility. A demand for job security is not unrealistic, as Ms. Foreman is seeking reinstatement with a company that has had one layoff this year already, and the housing crisis is not at an end.

At present, Ms. Foreman's current employment is not subject to a reduction in force or closure. Continued employment in this economic climate is much more promising in her current job position. However, we will need more information from your client to make an informed decision such as planned/expected layoffs, financial/labor projections, etc. Ms. Foreman worked as an expeditor, so we would need more information regarding her status compared to other expeditors and who would be laid off in what order should a second or third reduction in force occur. I think it is crucial that we have information regarding where on the list she would fall should MasterBrand chose to conduct a mass layoff based on position or seniority or position and seniority. Additionally, I think that the jury's verdict has

Page Two
Christopher C. Murray, Esq.

October 5, 2007

---

rendered Ms. Foreman's write-up for leaving the worksite null and void. This is also true since time has elapsed. Pursuant to Defendant's company policy, this warning would have been erased and removed from her file at this juncture. While we agree that Ms. Foreman should not be in a better position had she not been terminated, she certainly should not accept reinstatement and inevitably put herself in a worse position. Naturally, all of this is speculative in nature.

Please provide us with extensive information, as set forth above regarding Ms. Foreman's position in terms of a reduction in force and your company's policy as to how that reduction in force is applied to various employees. Additionally, I need to what Mr. Foreman's rate of pay will be in the event she returns. I also would like to add an additional consideration that I neglected to tell you in our short telephone conversation. Ms. Foreman would need a guarantee to return to her position as an expeditor or a more desirable position within the company. Ms. Foreman does not wish to be assigned a position, thus satisfying the reinstatement, where she works the nastiest and/or dirtiest job in the plant. As Norm Krogh testified, building cabinets is hard work. In light of the recent *Burlington* Supreme Court decision, I believe guaranteeing the same position or a better position in terms of desirable jobs is in your client's best interests as well.

I look forward to your response.

Sincerely,

Allen D. Arnold

Allen Arnold
ada@arendalllaw.com
ADA/ras