IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                    CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

PLAINTIFF'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR ATTORNEYS FEES

COMES NOW the Plaintiff, by and through undersigned counsel, and submits this supplemental brief as ordered by the Court on October 3, 2007:

**I.   Reasonable Hourly Rate**

Plaintiff has provided affidavits regarding the reasonable hourly rate. The affidavits of Mike Quinn and Alicia Haynes establish the market rate for attorneys in similar discrimination cases. (See *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1495 (M.D. Ala. 1996) (Thompson, J.) (stating that "the appropriate legal market should be the State of Alabama."). Mr. Quinn and Ms. Haynes practice in the State of Alabama. Both Mr. Quinn and Ms. Haynes have practiced in the Middle District of Alabama. The undersigned notes that this is a unique fee petition in that no fees have been requested for labor by paralegals. The

primary practice of Arendall & Associates is labor and employment law by representing plaintiffs on contingency fee contracts. The hourly rates claimed reflect an incorporation of paralegal work into the attorneys' total hourly rate. Our firm's practice is to have paralegals record time for labor only regarding FLSA collective actions, where often times, the paralegals' billable hours overwhelming exceed the attorneys' billable hours.

## II.     Records in Support of Motion

Plaintiff's counsel has provided time records with this supplemental brief in a reorganized manner. (See Exhibits A-K). The exhibits correspond with the summary provided below that divides the litigation into various stages. Each entry of billable activity notes the attorney performing the work, the client, the project (always labeled as the Defendant); the activity performed; the subproject (often relevant to the stage of the litigation); the fee; and the duration of time for the labor. The line immediately below each entry is a general description of the activity performed.[1]

Plaintiff is unable to separate the claims of race and gender discrimination from the time records; and as practical matter find it unnecessary to do so. The gender and race claims are inseparably intertwined in regard to the prosecution of

---

[1] Plaintiff's counsel has also relabeled Mr. Arendall's time entries regarding the "Activity" and "subproject" headings; the initial submission of time records did not provide such labeling. Unlike the initial submission, both attorneys have separated time entries where multiple descriptions occurred on the same day. For example, on Exhibit G, the submitted time is separated in regard to the travel time and time spent preparing for trial or the trial itself.

the case. Plaintiff's claims relied upon comparative evidence and her comparators, Mr. DuWayne Nazworth and Mr. Thomas Clack, were both white males. While the jury did not find for the Plaintiff on her claim of race discrimination, the comparators were white males throughout the case.

### III. Summary of Fees at Each Stage of Litigation

#### A. 4/19/2005 – 4/18/2006   EEOC Jurisdictional Prerequisites.

Plaintiff's counsel met with the Plaintiff and reviewed the facts of her case. Plaintiff's counsel prepared the Charge of Discrimination for submission to the Equal Employment Opportunity Commission. The period of time that the EEOC investigates is often a waiting period with little activity. Counsel reasonably updated Plaintiff as the status of her charge over the following year. After the 180 day expiration for EEOC investigations, Plaintiff's counsel requested a Notice of Right to Sue and a Freedom of Information Act of the investigative file related to Plaintiff's EEOC Charge. During this prerequisite time, both attorneys kept their respective time to a minimum and did not duplicate hours. (See Exhibit A). Plaintiff's counsel total billable hours for this time period amounted to 3.8 hours.

#### B. 4/19/2006 – 7/28/2006   Complaint & Pre-Discovery

Following the receipt of Notice of Right to Sue, Mr. Arendall drafted Plaintiff's Complaint within a 2.0 hour span. (See *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, (11th Cir. 1999) (stating that 147.88 hours to

3

draft a complaint was excessive)). Following the filing of the Complaint, the Court rendered several notices and Orders that required review by Mr. Arendall. Following the filing of Defendant's Answer, the parties exchanged telephone calls and correspondence until a Report of Parties Planning Meeting was drafted and filed with the Court. Only one of Plaintiff's attorneys performed work on these various matters and no duplicative work occurred. Plaintiff's counsel total billable hours for this time period amounted to 6.0 hours. (See Exhibit B & C).

  C.  7/29/2006-5/15/2007  **Discovery**

The parties engaged in written discovery during the discovery period. Plaintiff's counsel drafted and sent written discovery response to the Defendant and received responses. Counsel for both parties engaged in considerable correspondence in an effort to facilitate discovery. The most valuable time spent by Plaintiff's counsel was the contact and meeting with Thomas Clack in Dadeville, Alabama. Mr. Clack's interview proved to be a very important source of information at trial. Plaintiff's counsel routinely divides the discovery answered by Plaintiff to Mr. Arnold and discovery answered by Defendant to Mr. Arendall in most cases and followed form in this matter. Plaintiff's counsel total billable hours for this time period amounted to 27.9 hours. (See Exhibit D & E).

**D.     5/15/2007 – 9/4/2007        Pre-Trial Preparation**

Following the close of discovery, Plaintiffs counsel engaged in various items necessary for the preparation of trial.  Counsel for both parties engaged in a mandatory settlement conference and drafting of a pre-trial order.  Counsel for parties engaged in a pre-trial hearing involving trial to Montgomery, Alabama.[2] Defendant submitted materials after the close of discovery that required review by Plaintiff's counsel.  The Court's Scheduling Order set out instructions for witness and exhibit lists, jury instructions, proposed voir dire questions, and motions in limine.  Mr. Arnold, at the Court's request, prepared a trial brief.  Plaintiff's counsel also had to file appropriate responses to Defendant's filed materials, some of which called for responses to frivolous accusations about Plaintiff's counsel. Mr. Arnold also prepared a response to Defendant's anticipated Rule 50 motion. All of these pleadings or anticipated evidentiary issues required research prior to filing or in anticipation of the Court's questions.  Some research was not utilized as the Court ruled on the issues without argument; for example, the Court ruled upon Plaintiff's previous conviction without hearing argument.  These pleadings were primarily drafted by Mr. Arnold and reviewed and edited by Mr. Arendall. Throughout the trial preparation process, Plaintiff's counsel and Defendant's

---

[2] Plaintiff's fee petition does not include billable time for Stephanie Smith Woodard.  Ms. Woodard filed a notice of appearance as potential trial counsel and attended the Pre-Trial hearing.  As the trial calendar progressed, Ms. Woodard was no longer needed.

5

counsel were in frequent contact via correspondence or telephone to facilitate the operation of the trial with minimal disruption.

Almost exclusively Mr. Arendall prepared the examination of witnesses. Examinations or cross-examinations were prepared for the Plaintiff, Lorenzo Betties, Thomas Clack, Buddy Smith, Eugene Murray, Anthony Zellars, Norm Krogh, Tom Barthel and Dot Humphries.[3] The examination of these witnesses required the preparation of several demonstrative exhibits which were prepared by Mr. Arnold. Source One Inc. published these exhibits at a reasonable rate.

The Court made available juror information prior to trial consisting of approximately 36 jurors. Plaintiff's counsel divided the jury questionnaires in half in order to maximize their efficiency in evaluating the jury pool. Additionally, Mr. Arendall proposed the opening and closing statements. Plaintiff's counsel total billable hours for this time period amounted to 148.1 hours. (See Exhibit F & G). Plaintiff's expenses during this period are comprised of required travel to Opelika, Alabama; the preparation of trial notebooks for the jury, and meals.

**E.    9/5/2007 – 9/10/2007    Trial**

The trial of this case commenced on September 5, 2007, continued on September 6, 2007, and ended on September 10, 2007. The Court ordered the parties to file briefs during the interim regarding punitive damages. Plaintiff's

---

[3] Ms Humphries was not called as a witness to trial.

expended the minimum travel time and reasonable lodging for the duration of the trial. Plaintiff's counsel total billable hours for this time period amounted to 96.1 hours. (See Exhibit H & I).

### F.  9/11/2007 – 10/29/2007   Post Trial

The majority of the post-trial labor has been performed by the undersigned. Plaintiff's has filed a motion for equitable relief and briefed the Court regarding the Plaintiff's seeking equitable relief. In order to file her equitable relief brief, the undersigned was required research as to the appropriate amount of pre-judgment interest. Plaintiff's counsel invested time on the motion for equitable relief amounts to only 9.0 hours. Plaintiff's counsel has drafted the initial petition for attorneys' fee and this supplemental briefing as well. Plaintiff's counsel has conducted discussions and exchanged correspondence with Defendant's counsel for resolution of the equitable relief issue.

Defendant has also filed several post trial motions requiring a response from Plaintiff's counsel. Defendant filed a very extensive **51** page Rule 50 and Rule 59 motion that required a detailed response.[4] Plaintiff was required to respond to the Defendant's motion for relief from the overall judgment and the jury's award of punitive damages. Plaintiff's counsel believes 16.1 hours exerted on this response to be more than reasonable efficient use of time given the research necessary to

---

[4] Appellate briefs before the United States Court of Appeals for the Eleventh Circuit are limited to thirty pages.

respond and the girth of Defendant's motion. Defendant also filed a Rule 60(a) motion, which would not have required a response from Plaintiff had a telephone call been made by Defendant. Plaintiff's time of 0.3 hours for the Rule 60(a) response is appropriate. Plaintiff has reasonably kept the billable time to a minimum in order to respond to Defendant's expansive motions. (See Exhibit J & K). Plaintiff's counsel total billable hours for this time period amounted 45.5 hours.

## IV.   Expenses

Plaintiff directs the Court to Exhibit L itemizing the various expenses accumulated through trial. Plaintiff's counsel is well aware that there are no guarantees of prevailing at trial and the expenses undertaken are reflective of that risk. Plaintiff's expenses have been kept to an absolute minimum; such a decision inevitably benefits the Defendant.

## V.   Conclusion

Plaintiff's fee petition is more than reasonable given the results at trial. The jury awarded the Plaintiff $100,000.00 in damages. Plaintiff's attorneys' fees of $101,000.00+ are very much in proportion with the time and labor exerted as well as the results obtained. (See Exhibit M). Plaintiff's fee petition also build in paralegal time to its hourly rate. Most telling is that the jury's award of punitive damages was a clear signal that counsel's efforts presented evidence that not only

convinced the jury that Defendant violated the law, but in fact did so willfully. Contrary to public opinion, punitive damages are not awarded in this state on a frequent basis and counsel's invested time in this case should not be overlooked.

Plaintiff's fee petition is also very reasonable given that discovery and preparation for trial occurred without any depositions or discovery disputes resulting in significant savings in costs and attorneys' fees for Defendant. Plaintiff did not incur travel expenses, depositions costs, and billable time for depositions due to efficient use of written discovery. Plaintiff's counsel proceeded with efficiency in bringing this case to trial.

Throughout this case, as well as all other cases, Plaintiff's counsel operates its firm like a true business by minimizing expenses and invested time in order to maximize returns. Contingency fee cases, even resulting in a positive outcome for the plaintiff, often pay a negative return on time for counsel, and sometimes an outright monetary loss. Plaintiff prays this Honorable Court render her counsel full payment of her attorneys' fees and costs.

WHEREFORE Premises Considered, Plaintiff respectfully requests this Honorable Court award the requested attorneys' fees as described herein.

        Respectfully submitted,

        /s/ Allen D. Arnold
        _____
        Allen D. Arnold

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 - Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I have filed the foregoing with the Clerk of the Court using the CM/ECF system on October 29, 2007, which will forward a copy to:

Mark J. Romaniuk
Christopher C. Murray

/s/ Allen D. Arnold
_____
Of Counsel