# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

**KIM FOREMAN,**

    **PLAINTIFF,**        **CIVIL ACTION NO. 3:06cv00449 (MHT)**

**V.**

**MASTERBRAND CABINETS, INC.,**

    **DEFENDANT.**

### AFFIDAVIT OF HEATHER FISHER LINDSAY

I, Heather Fisher Lindsay, who being first duly sworn, deposes and says as follows:

1.    I am an adult, over age 19, of sound mind and competent to testify as to all matters contained in this affidavit. All matters contained in this affidavit are within my personal knowledge.

2.    I was admitted to practice in the State of Alabama and the State of Florida in 1996. I am a practicing member of the bars of the following Federal courts: Northern and Middle Districts of Alabama, Northern and Middle Districts of Florida, and the Eleventh Circuit Court of Appeals.

3.    I have specialized in employment law since 1996. On behalf of both plaintiffs and defendants, I have experience litigating cases involving allegations of employment discrimination arising under Title VII, the Americans With

1

Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, and 42 U.S.C. Section 1981, as well as other employment-related federal and state statutes. I have frequently litigated cases involving allegations of sex or race discrimination, and I am familiar with the presentation, proof, and defense of claims such as the ones involved in the above-captioned case.

4.     I have spoken with the attorneys representing MasterBrand Cabinets, Inc., about the issues in this case, and I have examined the application for attorneys' fees and the accompanying documents submitted by plaintiff's counsel. I have been asked by MasterBrand's attorneys to provide an opinion regarding the reasonableness of plaintiff's counsel's fee request.

5.     I am familiar with rates billed and paid in various communities in Alabama and Florida in employment discrimination cases, including in Birmingham, Montgomery, and the Opelika area. I do not believe that the same range of prevailing rates is applicable to Birmingham, Montgomery, and the Opelika area because these communities vary substantially in size, are located in different regions of the state, and have distinct legal markets. Birmingham is a larger city, and has a larger business community and legal market, than either Montgomery or Opelika. Indeed, Opelika is a relatively small town that is not part of a major metropolitan area. In my experience, the prevailing rates for legal services in Birmingham are higher than the prevailing rates both in Montgomery and in the area around Opelika. I do not believe that

2

plaintiff's attorneys would ordinarily be able to command rates in Montgomery and the Opelika area that are as high as those he or she might be able to command in Birmingham.

6.    In 2007, the prevailing rates in the area around Opelika for cases such as this one for plaintiff's attorneys with thirty years or more experience range from $175 to $225 per hour and the prevailing rates for plaintiff's attorneys in such cases with three years of experience range from $120 to $125 per hour. The range of rates in Montgomery would be $200 to $250 per hour for plaintiff's attorneys with thirty or more years of experience and $120 to $150 per hour for plaintiff's attorneys with three years of experience. An attorney's rate within these ranges is typically determined for a particular case based on factors such as the level of difficulty of the case, the risk assumed by the plaintiff's attorney of failing to obtain any recovery, and the amount of expertise and effort required to prosecute the claims.

7.    Plaintiff Kim Foreman's claims in this case under Title VII and 42 U.S.C. Section 1981 involved simple allegations of disparate treatment based on the different discipline that was issued to other white male employees whom Ms. Foreman believed were similarly situated to her. Ms. Foreman's sex and race discrimination claims in this case did not require wide-ranging discovery or expert analysis and did not raise any novel legal questions. The claims and issues in this

3

case were neither unusual nor complex.

8.    In my experience, discrimination cases under Title VII and comparable laws such as this one are generally attractive to plaintiff's counsel. Because the costs of defense of such cases can often equal or exceed the damages claimed, such cases are frequently settled by defendants for economic reasons or to avoid the risks of going to trial, even where a plaintiff's claims lack substantial merit. Plaintiff's counsel are thus often able to obtain recoveries in such cases with a minimal investment of time and effort and without facing a significant danger of obtaining no return at all. I believe the high volume of employment discrimination litigation over the past decade attests to the fact that there is no shortage of plaintiff's counsel who are willing to prosecute such cases.

9.    Based on my knowledge of the legal market, I believe that Ms. Foreman likely could have found a general practitioner in the Opelika area who was both willing to take a case such as this one and possessed sufficient skill and experience in Title VII and Section 1981 law to prosecute the case efficiently and effectively. I also believe that if Ms. Foreman specifically desired an attorney who specialized in employment law, she would very likely have been able to find one in Montgomery who was willing to take and capable of handling a case such as this one. In fact, I have litigated as co-counsel or opposing counsel with skilled specialists and generalists who practice employment law on behalf of plaintiffs in

4

the cities of Montgomery, Alexander City, and Andalusia.

10.    I respect the skills and experience of David R. Arendall and Allen
D. Arnold as a result of my having litigated opposite them on a number of
occasions. I respectfully disagree with the hourly rates proposed in the fee
petition. Based on my knowledge of the prevailing hourly rates charged by
attorneys with comparable skill and experience in similar litigation, the hourly
rates requested by Mr. Arendall and Mr. Arnold are excessive and inappropriate
for legal services in the Opelika area or in Montgomery.

11.    I do not believe that there would be any grounds to support a premium
rate for plaintiff's counsel in this case in excess of the prevailing rates for the local
community.    The claims in this case were routine and did not require any
extraordinary expertise, experience, or effort to prosecute, nor did they present any
unusual risks.

12.    Based on my knowledge of Mr. Arendall's and Mr. Arnold's practice and
experience, I believe a reasonable hourly rate for their services in a case such as this one
would be $250 for Mr. Arendall and $125 for Mr. Arnold.


Heather Fisher Lindsay

5

State of Alabama            )

County of Jefferson        )


The foregoing instrument was acknowledged before me on this the 12th day

of November, 2007 by Heather Fisher Lindsay.


Sandra Lee Martin

Notary Public

My Commission Expires:    SANDRA LEE MARTIN
Notary Public, AL State at Large
My Comm. Expires Feb. 28, 2009

6