# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KIM FOREMAN,

      PLAINTIFF,               CAUSE NO. 3:06-cv-00449- MHT

V.

MASTERBRAND CABINETS, INC.,

      DEFENDANT.

## AFFIDAVIT OF WILLIAM H. WEBSTER

I, William H. Webster, declare under penalty of perjury as follows:

1.    I am an adult, over age 18, of sound mind and competent to testify as to all matters contained in this Affidavit. All matters contained in this Affidavit are within my personal knowledge.

2.    I was admitted to practice in the State of Alabama in 1992. I practice in both state and Federal courts in Montgomery, Alabama and the surrounding area. My law firm, Webster, Henry, Lyons & White, P.C., maintains offices in both Montgomery and Auburn, Alabama, where we handle civil litigation in a variety of areas, including employment discrimination claims.

3.    I have spoken with the attorneys representing MasterBrand Cabinets, Inc. about the issues in this case, and I have examined the application for attorneys' fees and the accompanying documents submitted by Plaintiff's counsel. I have been asked by MasterBrand's attorneys to provide an opinion regarding the reasonableness of Plaintiff's counsel's fee request.

4.    I am familiar with rates billed and paid in civil litigation in the Montgomery and

1

Opelika area.

5.    In 2007, the prevailing rates in the Montgomery and Opelika area for cases such as this one for plaintiffs' attorneys with Mr. Arendall's level of experience range from $200 to $250 per hour, and the prevailing rates for plaintiffs' attorneys with Mr. Arnold's level of experience range from $135 to $150 per hour.

6.    Plaintiff Kim Foreman's claims in this case under Title VII and 42 U.S.C. § 1981 involved simple allegations of disparate treatment based on the different discipline that was issued to two white male employees whom Ms. Foreman believed were similarly situated to her. Ms. Foreman's sex and race discrimination claims in this case did not require wide ranging discovery or expert analysis and did not raise any novel legal questions. The claims and issues in this case were neither unusual nor complex.

7.    Based on my knowledge of the legal market, I believe that Ms. Foreman likely could have found an attorney in the Montgomery and Opelika area who was both willing to take a case such as this one and possessed sufficient skill and experience in Title VII and § 1981 law to prosecute the case efficiently and effectively.

8.    Based on my knowledge of the prevailing hourly rates charged by attorneys with comparable skill and experience in similar litigation, the hourly rates requested by David R. Arendall and Allen D. Arnold are excessive and above the range of appropriate hourly charges for legal services in the Montgomery and Opelika area.

9.    I do not believe that there would be any grounds to support a premium rate for Plaintiff's counsel in this case in excess of the prevailing rates for the local community. The claims in this case were routine and did not require any extraordinary expertise, experience, or

2

effort to prosecute, nor did they present any unusual risks.

10.    Based on my knowledge of Mr. Arendall's and Mr. Arnold's practice and experience and the claims involved in this litigation, I believe a reasonable hourly rate for their services would be $225 and $140 an hour, respectively. I find no basis for Mr. Arendall's attorney's fee rates increasing by $50 per hour each year beginning in 2005.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of November, 2007, at _____ *1:06 p.m.* _____.

William H. Webster

Sworn to and subscribed before me, this 12th day of November, 2007.

Notary Public
My commission expires: *9/10/08*
(SEAL)

3