UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIM FOREMAN, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 3:06-CV-449-MHT |
| ) | |
| v. ) | |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF ALICIA HAYNES**

The Defendant, MasterBrand Cabinets, Inc., ("MBCI"), respectfully moves the Court to strike the affidavit of Alicia Haynes ("Haynes") submitted by Plaintiff Kim Foreman in support of Plaintiff's Petition For Attorneys' Fees. (*See* Doc. No. 81, Evidentiary Submission 7.) Ms. Haynes' affidavit is submitted under a caption for and relates to an entirely different case, *Giles v. Masterbrand Cabinets, Inc., 3:06-CV-00528-WKW-VPM*. Ms. Haynes' affidavit fails to demonstrate that Ms. Haynes has personal knowledge of facts of *this* case or that her opinions relating to *Giles* are relevant to this case. Accordingly, her testimony is inadmissible under Rules 401, 402, and 602 of the Federal Rules of Evidence and should be stricken.

In support of its motion, MBCI states the following:

1. Paragraph 1 of Ms. Haynes' affidavit states, "I submit this affidavit in support of Plaintiff's Motion for Attorney Fees in *Giles v. Masterbrand Cabinets, Inc., 3:06-CV-00528-WKW-VPM*," an entirely different case. (Affidavit of Alicia Haynes ("Haynes Aff.") ¶ 1.)

2. Paragraph 4 of Ms. Haynes' affidavit states that she has "spoken to the attorneys about the issues *in this case*..." and "examined the application for attorneys' fees and the accompanying documents" in the *Giles* case. (Haynes Aff. ¶4.) Ms. Haynes' testimony fails,

however, to show that the content of Ms. Haynes' discussions with Plaintiff's counsel regarding a different case bears any relation or relevance to the instant case.

       3.      Paragraph 7 of Ms. Haynes' affidavit states that Ms. Haynes has reviewed "the hourly rates proposed to be charged by Attorneys David R. Arendall ('Arendall') and Allen D. Arnold ('Arnold') *in this case*...," again referring to *Giles*. (Haynes Aff. ¶7.)

       4.      In paragraph 12 of Ms. Haynes' affidavit for the *Giles* case, Ms. Haynes opines that, based on her experience, cases under the Family Medical Leave Act ("FMLA") are not as desirable as cases under Title VII and that "the opportunity for an attorney to recoup his or her financial investment *in a case brought under the FMLA* is very limited." (Haynes Aff. ¶12.) Unlike *Giles,* however, the instant case was brought under Title VII, not the FMLA. Therefore, Ms. Haynes' opinion about the relative desirability of an FMLA case is of no relevance here. Indeed, to the extent that Ms. Haynes' affidavit would support a particular rate for Plaintiffs' counsel in an FMLA case such as *Giles* due to the alleged undesirability of such a case, her affidavit would imply that a <u>lower</u> rate for the same counsel would therefore be appropriate in a Title VII case such as this one.

       5.      Ms. Haynes' opinions about the reasonableness of Plaintiffs' counsels' proposed rates in the *Giles* case are based on her review of the proceedings, pleadings, and issues in that case. This case involves different claims and proceedings, and there is no evidence that Ms. Haynes has reviewed them. Nor is there any evidence that Ms. Haynes' opinions about the reasonableness of Plaintiffs' counsels' proposed rates in the *Giles* case would be the same with respect to their proposed rates in this one. Accordingly, Ms. Haynes' opinions regarding *Giles* are not relevant to this case, lack any factual basis with respect to this case, and must be stricken.

6.     Ms. Haynes' testimony regarding the prevailing rates charged by plaintiffs' attorneys in Alabama should also be stricken and disregarded for another reason. By her own testimony, Ms. Haynes demonstrates that she lacks any factual basis for her opinion that the "prevailing market rates in Alabama for plaintiffs' attorneys in cases such as the current case ranged from $200.00 to $450.00 per hour." (Haynes Aff. ¶5.) In paragraph 3 of her Affidavit, Ms. Haynes avers that she is only familiar with rates charged to clients for non-contingent, litigation related work "ranging between $200 and $350 per hour." (Haynes Aff. ¶3.) Ms. Haynes thus establishes that she does not have personal knowledge of any plaintiffs' attorney who has charged and been paid *over* $350 per hour in Alabama as a whole, let alone in the Opelika area. Her opinion that the prevailing rate for plaintiffs' attorneys in Alabama extends up to $450 per hour therefore lacks any factual foundation and must be stricken and disregarded.

WHEREFORE, MasterBrand Cabinets, Inc., respectfully requests that its Motion to Strike the affidavit of Alicia Haynes be granted and for all other appropriate relief.

                                          Respectfully submitted,

                                          BAKER & DANIELS LLP

                                          By: s/ Mark J. Romaniuk
                                                Mark J. Romaniuk (IN Bar #15255-49)
                                                Christopher C. Murray (IN Bar #26221-49)
                                                 (both admitted *pro hac vice*)

300 North Meridian Street, Suite 2700      Attorneys for MasterBrand Cabinets, Inc.
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

>David R. Arendall
>Allen D. Arnold
>ARENDALL & ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama  35203

>s/ Mark J. Romaniuk
>Mark J. Romaniuk

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
mark.romaniuk@bakerd.com
christopher.murray@bakerd.com