# EXHIBIT B

# TO

# PLAINTIFF'S REPLY BRIEF

# IN RESPONSE TO DEFENDANT'S

# OPPOSITION TO PETITION

# FOR ATTORNEYS' FEES

Case 4:97-cv-01512-JEO   Document 73   Filed 04/28/2000   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HERMAN STIEFEL, )
 )
    Plaintiff, )
 )
vs. ) CV 97-JEO-1512-M
 )
TYSON FOODS, INC., )
 )
    Defendant. )

FILED
00 APR 28 AM 9:28
U.S. ... COURT
N.D. ... ALA

ENTERED
APR 28 2000

## MEMORANDUM OPINION

The plaintiff in the above-referenced action has filed a petition for attorney's fees and costs (doc. 64) and a request for taxation of certain costs to the defendant (doc. 65), following the return of a verdict in his favor under the Age Discrimination in Employment Act in the amount of $203,000. The defendant's post-trial motions challenging the verdict have been denied and the parties have stipulated to equitable "front pay" in the reasonable amount of $40,880.

The motions were set for a hearing before the undersigned on April 27, 2000. Immediately preceding the hearing, the parties informed the court that they had reached stipulations on the issues of attorney's fees and costs. The court hereby adopts the stipulations of the parties as read into the record at the hearing, finding that the attorney's fee and costs stipulations are reasonable and appropriate under the applicable authorities. In adopting the stipulations, the court does not do so blindly. The court has attempted to follow the direction of the Eleventh Circuit Court of Appeals:

> "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37, 103 S. Ct. at 1940-41; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

73

> Although a district court has wide discretion in performing these calculations, Hensley, 461 U.S. at 437, 103 S. Ct. at 1941, "[t]he court's order on attorney's fees must allow meaningful review--the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Norman, 836 F.2d at 1304.
>
> The first step in the computation of the lodestar is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S. Ct. 1541, 1547-48 n. 11, 79 L. Ed. 2d 891 (1984)). The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." Id. By "satisfactory evidence," we mean "more than the affidavit of the attorney performing the work." Id.
>
> . . . .
>
> [Next] the district court will need to decide how many hours were reasonably expended in the conduct of the . . . litigation . . . .

Loranger v. Stierheim, 10 F.3d 776, 781-83 (11th Cir. 1994).

In view of the plaintiff's attorney's legal background and experience, as evidenced by the affidavits of other practitioners appearing before the court and the stipulation of the parties, the court finds that the stipulated rate of $250 per hour is reasonable. This is especially true in light of the difficulty of the case, the contingent nature of the fee, and the results obtained. Further, as delineated by plaintiff's counsel, the rates are consistent with rates deemed reasonable in other actions in federal court.

The court also finds that the number of hours and costs claimed are reasonable. The hours expended are all directed toward the only claim advanced, counsel addressed the issue of redundant hours in his submission, and there do not appear to be any excessive or unnecessary hours. The defense was formidable from the summary judgment stage through the post-trial motions to set aside the verdict. The contested issues were significant.

The court further finds that the expenses claimed are reasonable for litigation of this duration and complexity. By way of example, the court notes that the deposition costs were less than $1,000, which is noteworthy considering the fact-intensive nature of the case.

Accordingly, the plaintiff's petition for attorney's fees (doc. 64) and his request for taxation of costs (doc. 65) are due to be granted. The final judgment entered contemporaneously herewith will so reflect.

**DONE**, this the 28th day of April, 2000.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE