# EXHIBIT C

# TO

# PLAINTIFF'S REPLY BRIEF

# IN RESPONSE TO DEFENDANT'S

# OPPOSITION TO PETITION

# FOR ATTORNEYS' FEES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

KIM FOREMAN,

PLAINTIFF,                    CIVIL ACTION NO. 3:06cv00449 (MHT)

V.

MASTERBRAND CABINETS, INC.,

DEFENDANT.

## DECLARATION OF FRANK S. JAMES
## IN SUPPORT OF ATTORNEY'S FEES

Frank S. James, who being first duly sworn, deposes and says as follows:

1. My name is Frank S. James. I am an attorney admitted to practice law in the State of Alabama. I have been admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Fifth, Eleventh, and D.C. Circuits, and United States District Courts for the Northern, Middle, and Southern Districts of Alabama. I have been licensed in this state since September of 1978. I began my career in 1978 as a clerk for Judge Virgil Pittman and served under him until 1980. I served as an Assistant United States Attorney from 1980 until 1986. I served as a Professor and Assistant Dean at the University of Alabama School of Law from 1986 until 1990. I began working as an attorney with the predecessor firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. in 1990. Since 1990, I have worked in the area of employment litigation and

alternative dispute resolution. My office is located in Birmingham, Alabama, where I have primarily practiced law for over 23 years. I submit this affidavit in support of Plaintiff's Motion for Attorney Fees in *Foreman v. Masterbrand*, 3:06-cv-00449 (MHT).

2.   My practice deals strictly with matters involving civil rights litigation. I have represented employers throughout my practice, and for the past 17 years it has been devoted exclusively to employment discrimination and civil rights litigation and other related employment matters. I have tried 17-20 employment jury cases and many non-jury cases in nearly 30 years of practice. Further, it is my belief that I have personally been involved in approximately 1000+ employment discrimination and civil rights cases at various stages in my practice. I have been regularly referred such cases by attorneys in the State of Alabama and outside the state with respect to these matters. Additionally, I have been retained by other law firms in this state and outside the state to assist as co-counsel in employment matters or to conduct independent investigations of harassment and discrimination. As such, I am generally familiar with the practice of civil rights and employment law in Alabama, and specifically with the lawyers for the plaintiff in the above-styled action.

3.   I have observed lawyers as a member of the American Arbitration Association, both as an arbitrator and mediator. I have mediated over a 100 cases

involving Title VII claims and other discrimination claims.

4. From my own personal experience and from my knowledge of what attorneys charge for federal litigation in civil rights and the employment area, I am familiar with fees normally charged by attorneys within the State of Alabama. I am also familiar with the rates charged by attorneys with over 30 years of experience for non-contingent, litigation-related work at rates ranging between $330 and $375 per hour.

5. I have spoken to David Arendall about the issues in this case and have reviewed his time records and fee petition. I have been asked by Plaintiff's attorney to give an opinion on the reasonableness of his fee request.

6. I am familiar with rates billed and paid in the Birmingham, and in the Montgomery area in employment discrimination litigation and similar cases requiring comparable skill, effort and responsibility. In 2007 the prevailing market rate in Alabama for plaintiffs' attorneys with 30+ years of experience in cases such as the current case ranged from $330.00 to $375.00 per hour. The prevailing rate varies within that range, depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases of this nature, and by his or her reputation derived therefrom), and the sophistication of the client.

7. I regularly represent employers in a defense capacity regarding these

type of cases. I am AV Peer Rated by Martindale Hubbell. I have been recognized as one of America's/Alabama's Best Lawyers. My billing rate is $345.00 per hour.

8. I am familiar with the skill and reputation of David R. Arendall, and believe that I can evaluate him based on the following factors:

   a. Overall skill in litigation;

   b. Knowledge of trial and appellate practice;

   c. Knowledge of substantive law;

   d. Persuasiveness and advocacy skills; and

   e. Analysis of the case and theories and procedural avenues available to obtain a satisfactory result for his client.

9. I have reviewed the hourly rate proposed to be charged by David R. Arendall in this case against the background of the foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1300-1301 (11th Cir. 1988). Based on my knowledge of the prevailing hourly rates charged for similar litigation by attorneys with comparable skill and experience, the hourly rates requested is reasonable. The total fees requested, in light of the potential award to the Plaintiff, in this matter are below the standard 50% contingency fee contract charged by plaintiffs' lawyers in this field. I can attest, as compared to other attorneys, the reasonable fee petition in this case is a result of the efficiency and diligence of Plaintiff's counsel.

10. While my opinion is based to a degree on the experience and reputation of this attorney in prosecuting cases of this nature, it is also based upon my experience of the skill level of David R. Arendall in approximately 10-12 cases, as compared to other attorneys prosecuting such cases in this state. In reaching my opinion, I have considered the knowledge of this lawyer and his extensive knowledge of trial practice and the substantive law of employment discrimination. In addition, I have taken into account the skill and efficiency of the attorney's efforts to seek resolution of disputes without litigation; the attorney's ability to make appropriate decisions regarding which legal theories to pursue and which parties to sue; and the attorney's ability to make an effective and persuasive presentation of his client's best claims and positions.

11. Specifically, my opinion is that the Plaintiff's attorney, David R. Arendall has a level of skill commensurate with his years of experience in handling employment discrimination cases. He is adept in organizing his thoughts, work and presentation in a logical and orderly way. Finally, I have found him to be capable in presenting his clients' legal positions and claims in a persuasive manner.

12. I have referred clients to David R. Arendall with employment discrimination claims for the above stated reasons.

13. Based on my experience, particularly now with recent rulings of the Eleventh Circuit, Title VII cases are not as desirable as cases under other Federal

Statutes because damages relating to lost compensatory and punitive awards are subject to a statutory cap. The opportunity for an attorney to recoup his or her financial investment in a case brought under Title VII is also very limited. For this reason, most attorneys who accept plaintiff's Title VII cases do so with the understanding that they should be able to recoup their investment in the case through an award of a reasonable attorney's fee.

14. Based on my knowledge of the experience, reputation and practice of Mr. Arendall, I believe a reasonable hourly rate for his services would be between $350 and $400.

I declare under penalty of perjury that the above statements are true and accurate to the best of my ability. Signed this 19th day of November, 2007.

Frank S. James