UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:06-CV-449-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MASTERBRAND'S OBJECTION TO PLAINTIFF'S MOTION FOR PRODUCTION OF MASTERBRAND'S TIME AND BILLING RECORDS

Defendant, MasterBrand Cabinets, Inc. ("MasterBrand"), files its Objection to Plaintiff's Motion for Production of MasterBrand's Time and Billing Records and in support therefore states as follows:

1. Plaintiff filed a Petition for Attorneys Fees to which MasterBrand has objected in part. In response to MasterBrand's objection, Plaintiff filed a three paragraph motion requesting a "full and fair review" of defense billing records.

2. Plaintiff's Motion gives neither the grounds for such a request nor indicates in what manner MasterBrand's attorneys' billing records would assist the Court in determining whether the fees requested by Plaintiff's counsel are reasonable.

3. MasterBrand objected to the Fee Petition on multiple grounds including opposing counsels' high hourly rates and $50.00 per hour annual rate increases. Since defense counsel are based in Indianapolis, Indiana, the hourly rates for the undersigned counsel can have no bearing on the reasonable rates for a matter pending in Opelika,

Alabama. As was discussed in the Brief in Opposition to Plaintiff's Petition for Attorneys' Fees, the relevant market for purposes of hourly rates is Opelika, Alabama with a possible extension to include Montgomery, Alabama.

4. MasterBrand also objected to the Fee Petition due to duplicative entries, time spent on frivolous motions and travel time of Plaintiff's attorneys. Such matters may be resolved by the Court through a review of the objectionable entries. MasterBrand cannot imagine nor has Plaintiff articulated in her Motion what information would be contained in the defense billing records that would assist the Court in determining, for example, whether opposing counsel billed twice for the same task. The only potential value to reviewing defense billing records would be to confirm that counsel for MasterBrand does not bill its client for travel time.

5. Moreover, as noted by Plaintiff's counsel, the number of hours and variety of tasks undertaken to defend a matter (including to gather data and personnel information responsive to discovery requests) is significantly different than the number of hours and tasks required to prosecute a case. See, Plaintiff's Reply Brief, page 8. These markedly different tasks and objectives would render a comparison of plaintiff and defense attorney fees unhelpful.

6. These differences are also clearly recognized within the 11th Circuit. See, *Johnson v. University College of the University of Alabama Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983) ("The amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel, since the nature of the work may vary dramatically. The case may have far greater precedental value to one side

than the other."); *Henson v. Columbus Bank and Trust Co.,* 770 F.2d 1566 (11th Cir. 1985) (discussing the relevancy of defense billing records to a ruling on a plaintiff's fee petition recognizing, "the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically.")

7. In those instances where the Court has ordered disclosure of defense fees, the information was necessary because the Plaintiff had inadequate information to support a fee request. See, *Henson v. Columbus Bank and Trust Co.,* 770 F.2d 1566 (11th Cir. 1985) (allowing production of defense bills where litigation stretched for 10 years and the court had insufficient information to determine the accuracy of plaintiff's attorney's fee petition); *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985) (ordering production of defense billing records because of inadequacy of information to support plaintiff's fee petition).

8. This case is more properly analogous to the *Johnson* case wherein the Court declined to order production of defense billing records and noted that the Plaintiff had "many avenues to obtain evidence to support their fee petition." See, *Johnson,* 706 F.2d at 1208. In this instance, Plaintiff has submitted affidavits from other local attorneys as well as their own detailed billing records. Accordingly, this case does not fit within the class of cases where the Plaintiff's attorneys have insufficient information with which to support their fee petition thus warranting the production of defense billing records.

9. If ordered to produce defense billing records, the undersigned anticipates spending a significant amount of time and effort in redacting the bills to ensure

that confidential, privileged information including attorney mental impressions and defense strategy, is not produced. The production of unredacted defense bills could provide opposing counsel with unjustifiable access to MasterBrand's overall defense strategy – this is not the only case currently pending involving the same attorneys and MasterBrand. MasterBrand should not be forced to incur the costs of redaction given the tenuous relevancy of defense billing records to the Fee Petition.

10. MasterBrand believes that production of defense counsel's bills are irrelevant and objects to production of those records to opposing counsel. To the extent the Court believes that production of defense billing records would aid the Court in its ruling on the Fee Petition, MasterBrand suggests the submission of its billing records under seal to the Court for in camera review would be more appropriate.

WHEREFORE, Defendant, MasterBrand Cabinets, Inc. requests that Plaintiff's Motion for Production of MasterBrand's Time and Billing Records be denied and for all other appropriate relief.

Respectfully submitted,

BAKER & DANIELS LLP

By: s/ Mark J. Romaniuk
   Mark J. Romaniuk (IN Bar #15255-49)
   300 North Meridian Street, Suite 2700
   Indianapolis, Indiana 46204-1782
   Telephone: (317) 237-0300
   Facsimile:  (317) 237-1000
   mark.romaniuk@bakerd.com

   (admitted *pro hac vice*)
   Attorneys for MasterBrand Cabinets, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2007, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

>David R. Arendall
>Allen D. Arnold
>Stephanie S. Woodard
>ARENDALL & ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama  35203
>dra@arendalllaw.com
>ada@arendalllaw.com
>ssw@arendalllaw.com

>s/ Mark J. Romaniuk